UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17 CV 8829 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

### FACTUAL BACKGROUND

On April 6, 2018, plaintiff NEXT Payment Solutions, Inc. filed a motion for temporary restraining order. (Dkt. No. 49.) In its motion, NEXT requested that defendant CLEAResult Consulting Inc. be enjoined from "advertising, marketing, and using its DSMTracker software . . . to service new customers . . . ." (Dkt. No. 49-1 at 1.) The materials that CLEAResult must submit in opposition to NEXT's motion necessarily deal with sensitive and confidential commercial information relating to CLEAResult's business, including information relating to CLEAResult's expected revenue, and the particular business it does with particular clients. The materials also include information relating to NEXT's pricing, as well as confidential marketing materials.

### ARGUMENT

Under Fed. R. Civ. P. 26(c)(1)(G), a court may upon good cause enter an order protecting "a trade secret or other confidential research, development, or *commercial information* . . ." (emphasis added). Under LR 26.2, this Court may for good cause enter an order directing that one or more

1

documents be filed under seal. Courts in this circuit have recognized that commercial information may be properly sealed where its public disclosure could put a party at a competitive disadvantage. *See, e.g.*, *F.T.C. v. OSF Healthcare System*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012); *see also SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (noting that where commercial information may give other firms "an unearned competitive advantage," confidentiality is warranted). This can include non-public financial and business information. *See Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 546 (7th Cir. 2002).

Good cause exists here to seal certain portions of the Declaration of Timothy John Mahler in Support of Defendant's Opposition to Plaintiff's Motion For a Temporary Restraining Order, Expedited Discovery and a Preliminary Injunction (the "Mahler Declaration") as well as exhibits thereto.

First, the second sentence in paragraphs 21 of the Mahler Declaration contains information regarding the prices NEXT purports it is owed per user for software licenses. Pricing information may properly be considered confidential commercial information. *See OSF Healthcare System*, 2012 WL 1144620, at *3 (citing *Baxter Int'l*, 297 F.3d at 547 (7th Cir. 2002)). As NEXT has previously filed similar materials under seal, and this Court has already ruled that similar documents containing NEXT's pricing information may be filed under seal, CLEAResult has taken the precaution of doing the same here. (*See* Dkt. No. 40.)

Second, paragraphs 26 and 28 of the Mahler Declaration contain statements of the estimated revenue CLEAResult expects to recognize from outstanding proposals it has submitted to various utilities, as well as the expected revenue from existing clients who expect to implement the DSMTracker system. CLEAResult is a privately held company, which does not publicly reveal financial information, including information regarding its actual or projected revenues. (*See*

Declaration of Stephanie Hines in support of Defendant's Motion for Leave to File Under Seal ¶ 2.) Information regarding CLEAResult's projected revenues could reveal pricing and how CLEAResult values utility contracts. (*Id.* ¶ 3.) Disclosing projected revenue information could allow a competitor to determine CLEAResult's pricing, efficiency, profitability and market position. (*Id.*) CLEAResult routinely protects such information. (*Id.*) This information is accordingly properly filed under seal. *See Jamsport Entm't, LLC v. Paradama Prods., Inc.*, No 02 C 2298, 2005 WL 14917, at *3 (N.D. Ill. Jan. 3, 2005) (acknowledging valid need to protect recent revenue information); *see also OSF Healthcare system*, 2012 WL 1144620, at *3 (citing *Baxter Int'l*, 297 F.3d at 547 (7th Cir. 2002)) (noting need to protect "pricing" and "pricing architecture").

      Third, Exhibit 1 to the Mahler Declaration is an email chain that includes a list of specific rebate programs that CLEAResult implemented for specific clients. Exhibit 1 accordingly reveals those customers for which CLEAResult was performing a specific set of services. Under Illinois law, "customer lists that are not readily ascertainable" qualify as trade secrets. *Allied Waste Services of N. Am., LLC v. Tibble*, 177 F. Supp. 3d 1103, 1112 (N.D. Ill. 2016) (quoting *Mintel Int'l Grp., Ltd. v. Neergheen*, No. 08-CV-3939, 2010 WL 145786, at *11 (N.D. Ill. Jan. 12, 2010); *see also Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2013 WL 2452703, at *2 (E.D. Wis. June 5, 2013) (approving redaction of confidential information concerning "*customer names*, purchase history, sales and pricing, or marketing strategies") (emphasis added).

      Fourth, Exhibit 2 to the Mahler Declaration is an excerpt from marketing materials used by Green Team Energy Services, LLC to describe, among other things, the various functionalities of the DSMTracker software that is at issue in this action prior to CLEAResult's acquisition of the Green Team. Marketing materials may properly be protected from disclosure. *See OSF Healthcare System*, 2012 WL 1144620, at *3 (citing *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995).

Finally, Exhibit 4 to the Mahler Declaration is NEXT's Invoice No. 422. This contains not only NEXT's pricing demands, which CLEAResult understands NEXT believes warrants confidential treatment, but reveals the names of CLEAResult's customers and the precise amount of users (and hence the volume of business) NEXT alleges CLEAResult was conducting for each program. As described above, such information may properly be filed under seal. *See Allied Waste Services*, 177 F. Supp. 3d at 1112; *Formax*, 2013 WL 2452703, at *2. Moreover, this Court has already approved filing of similar materials under seal. (*See* Dkt. No. 40.)

For all the foregoing reasons, CLEAResult requests that the Court grant its request to redact certain confidential commercial information from the Mahler Declaration and its accompanying exhibits. CLEAResult has filed simultaneously with its motion for leave to file under seal a public-record versions of the document that redacts only those portions reflecting confidential commercial information that should be kept under seal.

Dated:  April 13, 2018

                                            Respectfully submitted,

                                            HOLLAND & KNIGHT LLP

                                        By:  *s/ J. Matthew Donohue*
                                                   J. Matthew Donohue (admitted *pro hac vice*)
                                                   Matt.Donohue@hklaw.com
                                                   Shannon Armstrong (admitted *pro hac vice*)
                                                   Shannon.Armstrong@hklaw.com
                                                   2300 U.S. Bancorp Tower
                                                   111 S.W. Fifth Avenue
                                                   Portland, OR 97204
                                                   Tel: (503) 243-2300
                                                   Fax: (503) 241-8014

                                                   Timothy Ray (#6230099)
                                                   Timothy.Ray@hklaw.com
                                                   Rachel Agius (#6322386)
                                                   Rachel.Agius@hklaw.com

                131 South Dearborn Street, 30th Floor
                Chicago, IL 60603
                Tel: (312) 263-3600
                Fax: (312) 587-6666

                Attorneys for Defendant
                CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

      I hereby certify that I caused the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL to be served on the following person[s]:

      Susan Bogart
      Law Offices of Susan Bogart
      70 W. Madison Street
      Suite 1400
      Chicago, IL 60602

by the following indicated method or methods:

X     by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐     by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐     by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐     by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐     by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

      DATED April 13, 2018.

                                                *s/ Shannon Armstrong*
                                                Shannon Armstrong