UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17 CV 8829 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL RESPONSES TO INTERROGATORY NOS. 10, 15, 16, 18, AND 21**

Defendant CLEAResult Consulting Inc., by and through its counsel, submits this memorandum of law pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 37.2 in support of its motion to compel Plaintiff NEXT Payment Solutions, Inc. to answer Interrogatory Nos. 10, 15, 16, 18, and 21 of CLEAResult.

**INTRODUCTION AND STATEMENT PURSUANT TO L.R. 37.2**

With less than two months until trial, NEXT is improperly withholding crucial information at the heart of its misappropriation claim under the Defend Trade Secrets Act ("DTSA"). NEXT alleges that its "NEXT System Back End" constitutes trade secrets under the DTSA, and that CLEAResult "conveyed information about the NEXT System Back End to unauthorized persons" in violation of the DTSA. (*See*, *e.g.* Verified Amended Complaint (Dkt. No. 36) at ¶¶ 196, 199.) CLEAResult served an interrogatory tailored to those allegations:

> **INTERROGATORY NO. 21:**
>
> Identify with precision and specificity each alleged trade secret that NEXT alleges CLEAResult misappropriated from NEXT. NEXT's identification should include an identification of the software architecture of the allegedly misappropriated trade secret, the

1

> software specifications for the allegedly misappropriated trade secret, the structural elements of the allegedly misappropriated trade secret, the design of the allegedly misappropriated trade secret, the specific functionalities of the allegedly misappropriated trade secret, and, to the extent NEXT alleges that its source code was misappropriated, each file and line of code of the allegedly misappropriated trade secret.

(Declaration of Anthony Fuga ("Fuga Decl.")[1], Ex. 1 (CLEAResult's second set of interrogatories) at 2.)

NEXT, however, failed to particularly identify what constitutes NEXT's trade secret, instead pointing to the entire "NEXT System" as a trade secret. (Fuga Decl., Ex. 2 at 2-11.)[2] Worse yet, NEXT never even states what CLEAResult allegedly misappropriated.

NEXT requested this expedited discovery schedule and has no basis for its failure to provide this fundamental information now. NEXT's failure—or inability—to identify its allegedly misappropriated trade secret causes severe prejudice to CLEAResult's ability to prepare for trial. Unless and until NEXT provides a clear and detailed description of the trade secrets CLEAResult allegedly misappropriated, CLEAResult cannot legitimately defend itself against NEXT's allegations.

NEXT also refuses to identify the specific documents that support its responses to Interrogatory Nos. 10, 15, 16, and 18 as required under Rule 33(d). NEXT produced approximately 120,000 pages of documents. (Fuga Decl. ¶ 5.) NEXT attempts to force CLEAResult to wade through hundreds of thousands of pages and guess which documents NEXT intended to include in its

---

[1] This declaration is concurrently being filed with this motion.

[2] NEXT designated its interrogatory response as "Confidential," so CLEAResult submits that response to the Court under seal and provides only vague descriptions of NEXT's substantive response.

2

interrogatory responses to provide the requested information. This violates NEXT's obligations under Rule 33(d).

After exchanging emails regarding NEXT's insufficient response, pursuant to Local Rule 37.2, the parties conferred by telephone in a good-faith attempt to resolve the discovery disputes at issue but were unable to reach an accord. (Fuga Decl. ¶ 6.)

## LEGAL STANDARD

A party may seek an order to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). If the discovery request meets the broad standard of relevance, the burden rests upon the objecting party to show why a particular discovery request is improper. *Peterson v. Union Pac. R.R. Co.*, No. 06-CV-3084, 2008 WL 11366446, at *1 (C.D. Ill. May 29, 2008).

## ARGUMENT

**I.     NEXT failed to describe its trade secrets with the requisite specificity in response to Interrogatory No. 21.**

The identity of which specific NEXT trade secrets CLEAResult allegedly accessed is the crux of this entire claim. NEXT's refusal to provide that information violates its discovery obligations and substantially prejudices CLEAResult's ability to prepare for summary judgment and trial. This Court should compel NEXT to supplement its response to Interrogatory No. 21 immediately so CLEAResult can adequately defend itself against NEXT's misappropriation claim.

**A.     NEXT's response fails to meets its burden of specificity.**

CLEAResult is entitled to specific, detailed descriptions of NEXT's alleged trade secrets—and in particular, identification of the trade secrets that CLEAResult allegedly misappropriated—so that CLEAResult may defend against NEXT's trade secret claim. NEXT's response fails to meet that burden. It is well established that a "trade secret plaintiff must define the allegedly

3

misappropriated secrets with sufficient specificity." *Maxtech Consumer Prods., Ltd. v. Robert Bosch Tool Corp.*, 255 F. Supp. 3d 833, 853 (N.D. Ill. 2017); *see also IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) ("[A] plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition."); *PrimeSource Bldg. Prods., Inc. v. Huttig Bldg. Prods., Inc.*, No. 16 CV 11390, 2017 WL 7795125, at *15 (N.D. Ill. Dec. 9, 2017) ("To prevail on a trade secret claim the plaintiff must do more than produce lists of general information and assert that it contains trade secrets."); *Compuware Corp. v. Health Care Serv. Corp.*, No. 01 C 0873, 2002 WL 485710, at *7 (N.D. Ill. Apr. 1, 2002) ("The Seventh Circuit has clearly stated that a party alleging that its trade secrets have been misappropriated bears the burden of identifying its trade secrets with specificity.").[3]

A plaintiff must identify specific information reflecting its trade secrets and may not "point to broad areas of technology and assert that something there must have been secret and misappropriated." *Maxtech Consumer Prods., Ltd.*, 255 F. Supp. 3d at 854. A plaintiff must delineate its alleged trade secrets from other generic information in its software or other systems. *Id.*; *IDX Sys. Corp.*, 285 F.3d at 583-84 (holding that the plaintiff failed to separate out information "readily ascertainable by proper means" such as screen displays and input and output formats).

If a plaintiff fails to provide the required specificity regarding its allegedly stolen trade secrets, a court should compel a more detailed response. *See, e.g.*, *GlobalTap LLC v. Elkay Mfg. Co.*, No. 13 C 632, 2015 WL 94235, at *6 n.8 (N.D. Ill. Jan. 5, 2015) (noting the court granted the

---

[3] NEXT brings its claims under the federal DTSA, but courts recognize that the DTSA requires proof of the same elements as the Uniform Trade Secrets Act adopted by most states. *See, e.g.*, *PrimeSource Bldg. Prods., Inc.*, 2017 WL 7795125, at *13 (discussing Illinois Trade Secrets Act); *Kuryakyn Holdings, LLC v. Ciro, LLC*, 242 F. Supp. 3d 789, 797 (W.D. Wis. 2017) (noting Wisconsin's Trade Secret Act is "essentially the same" as the DTSA).

4

defendant's motion to compel more specific response identifying the plaintiff's trade secrets); *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, No. 1:12-CV-296, 2013 WL 1332171, at *1 (N.D. Ind. Mar. 29, 2013) (granting the defendant's motion to compel interrogatory response to "state exactly what the trade secret is"); *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2012 WL 2342929, at *5 (D. Nev. June 19, 2012) (granting motion to compel where the plaintiff identified "various concepts, elements or components" that make up its designs, but failed to specifically describe what particular combination of components renders each of its designs novel or unique).

NEXT did not (or could not) identify any specific trade secret that CLEAResult allegedly misappropriated. NEXT's refusal to provide that information is unjustified and improper.

To the extent that NEXT contends that CLEAResult misappropriated all of its purported trade secrets, NEXT's response is implausible, deficient, and internally inconsistent. For example, NEXT refers to its "███████████████" as a trade secret but also notes that ███████████ ████████████████████████████████. (*See* Fuga Decl., Ex. 2 at 4 and 8.) ███████████ ██████████████████████████████████. (*See, e.g.*, Fuga Decl., Ex. 2 at 2-8.) That is inadequate. *See IDX Sys. Corp.*, 285 F.3d at 583 (rejecting assertion "that all information in or about its software is a trade secret"). NEXT's response does nothing more than repeat the vague allegations in its amended complaint. Indeed, NEXT used nearly identical language in describing its alleged trade secrets in its amended complaint, which further demonstrates that its response is inadequate. (Verified Amended Complaint (Dkt. No. 36) at ¶ 2 ("NEXT had developed and created software for automating company workflow (the 'NEXT System') . . . .").

NEXT's 10-page response is nothing more than a list of general types of information, not specific trade secrets. NEXT uses broad language to describe its alleged trade secrets, such as

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬," which does not provide the requisite detail to identify a trade secret. *See IDX Sys. Corp.*, 285 F.3d at 583 (rejecting allegation that "the methods and processes underlying and the inter-relationships among various features making up [its] software package" is a trade secret); *Maxtech Consumer Prods., Ltd.*, 255 F. Supp. 3d at 854 ("[I]t is not enough to point to broad areas of technology and assert that something there must have been secret and misappropriated."); *Scientia Energy, Inc. v. Vinco, Inc.*, No. 11-CV-554 (LIB), 2012 WL 13028233, at *2 (D. Minn. Jan. 3, 2012) (granting motion to compel and noting the plaintiff's "generic response regarding 'intellectual property' does not fully describe the trade secret Plaintiff claims was misappropriated sufficiently to inform Defendant to allow it to prepare to defend against the claim of misappropriation").

At this point, it is unclear if NEXT contends that CLEAResult accessed specific rules, modules, formulas, processes, programs, or codes. If so, NEXT must identify those specific rules, modules, formulas, processes, programs, or codes in its interrogatory response. Although NEXT vaguely refers to its "▬▬▬▬▬▬▬▬," NEXT does not identify the specific code that warrants trade secret protection and whether CLEAResult ever had access to that code. (*See* Fuga Decl., Ex. 2 at 4-8.) NEXT's use of the term "including" to describe the components of its alleged trade secrets further demonstrates that its response fails for vagueness. *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2011 WL 3957434, at *9 (D. Nev. Sept. 7, 2011) (compelling further response where the plaintiff qualified its list of allegedly misappropriated trade secrets with the adjective "including").

Finally, NEXT's response is deficient because it fails to separate out the alleged trade secret components of its software from the generic information. *IDX Sys. Corp.*, 285 F.3d at 584 (rejecting argument that a 43-page description of the plaintiff's software package was specific when it "does

not separate the trade secrets from the other information that goes into any software package"). NEXT does not even attempt to separate out its alleged trade secrets in the NEXT System from the other aspects of its software, and that failure is further evidence that NEXT did not comply with its discovery obligations. Without this information, CLEAResult cannot defend itself—it is impossible to argue that the purported trade secret is not (1) a secret or (2) misappropriated.

      **B.    CLEAResult is prejudiced by NEXT's failure to identify its allegedly misappropriated trade secrets.**

Trial is currently scheduled for September 10. Yet NEXT maintains that it is not required to identify which specific trade secrets that it believes CLEAResult misappropriated. NEXT's refusal to provide such crucial information is prejudicial to CLEAResult.

A defendant is entitled to specific information about a plaintiff's alleged trade secrets to defend itself against a claim of misappropriation. *Lynchval Sys., Inc. v. Chicago Consulting Actuaries, Inc.*, 1996 WL 735586, at *5 (N.D. Ill. Dec. 19, 1996) ("[T]he defendants cannot be expected to prepare its rebuttal to [the plaintiff's] claims without some concrete identification of exactly which aspects of [its] programs they alleged were incorporated into their own program."). Clear identification of the trade secrets also enables a defendant to determine whether the alleged trade secrets are publicly available or otherwise not entitled to protection. *See PrimeSource Bldg. Prods., Inc.*, 2017 WL 7795125, at *13 (holding that alleged trade secrets were stale and publicly available through customs and industry reports); *Kuryakyn Holdings, LLC*, 242 F. Supp. 3d at 800 (holding the plaintiff failed "to rebut the defendants' contention that its designs may be reverse engineered, so it has not met its burden of showing its product designs are trade secrets").

Here, CLEAResult cannot adequately defend itself at trial unless it knows precisely what alleged trade secrets are at issue. CLEAResult is entitled to know what precise aspects of the NEXT System it allegedly misappropriated so CLEAResult can ascertain whether that information is

7

publicly available, not a part of CLEAResult's technology, or capable of reverse engineering through lawful means. Without that specific information, CLEAResult has no ability to defend NEXT's claims. This Court should therefore require NEXT to supplement its response immediately.

II. **NEXT must identify the specific documents responsive to Interrogatory Nos. 10, 15, 16, and 18.**

NEXT failed to meet its discovery obligations under Rule 33 to fully respond to CLEAResult's interrogatories because it did not specify the documents it relied on as part of its responses. Rule 33(d) provides that "[i]f the answer to an interrogatory may be determined" by examining a party's business records, and "if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them." Fed. R. Civ. P. 33(d). To invoke that rule, the responding party must "specify, by category and location, the records from which the answers to the interrogatories can be derived." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005). The responding party may not discharge its obligations by forcing the other party to sift through its document production for the answers. *Id.*; *see also Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992) (affirming discovery sanctions where the plaintiffs "failed to label or organize the heap of nearly 9,000 documents" that could be responsive to the interrogatory); *Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-CV-00991-SEB, 2013 WL 1331002, at *3 (S.D. Ind. Mar. 28, 2013) (requiring the plaintiff to provide specific Bates numbers of the documents that are part of the interrogatory responses).

Here, NEXT has attempted to invoke Rule 33(d) without complying with its requirements. In response to several of CLEAResult's interrogatories, NEXT referenced documents but failed to include a Bates number or other means for CLEAResult to locate those documents. (Fuga Decl., Ex. 3 (NEXT's answers to CLEAResult's first set of interrogatories) at 13, 17–19.) For example, in

8

Interrogatory No. 18, CLEAResult asked NEXT to "[i]dentify the date, time, and location of each login by CLEAResult personnel to the NEXT System or the FAST Tool, from January 1, 2014 through the present." (*Id.* at 19.) NEXT responded: "NEXT will produce a server log from September 2016 to November 31, 2017." (*Id.*) NEXT did not identify which documents comprised that server log, or how CLEAResult could locate that information within NEXT's substantial document production.

Similarly, in response to Interrogatory No. 10 seeking an identification of all non-disclosure agreements entered into by NEXT, NEXT generically refers to NDAs, confidentiality agreements, and written approvals without reference to Bates number or other specificity. (*Id.* at 13.)

NEXT's responses to Interrogatory Nos. 15 and 16 suffer from the same deficiencies. NEXT broadly refers to "documents showing unauthorized penetrations of the NEXT System Back End," and "server logs from Rackspace" without any specificity. (*Id.* at 17-18.) CLEAResult has no means to search through NEXT's entire production and blindly guess which documents NEXT refers to in its responses. Instead, as the responding party, NEXT bears the burden to clearly identify the location of responsive documents to fully comply with Rule 33.

///

///

///

## CONCLUSION

For the foregoing reasons, CLEAResult requests the Court compel NEXT to fully respond to CLEAResult's Interrogatory No. 21 and describe its alleged misappropriated trade secrets with specificity, and compel NEXT to supplement its responses to Interrogatory Nos. 10, 15, 16, and 18 to identify the responsive documents by Bates numbers.

Dated: July 13, 2018

                                                Respectfully submitted,

                                                HOLLAND & KNIGHT LLP

                                    By:  *s/ Anthony J. Fuga*
                                          J. Matthew Donohue (admitted *pro hac vice*)
                                          Matt.Donohue@hklaw.com
                                          Shannon Armstrong (admitted *pro hac vice*)
                                          Shannon.Armstrong@hklaw.com
                                          2300 U.S. Bancorp Tower
                                          111 S.W. Fifth Avenue
                                          Portland, OR 97204
                                          Tel: (503) 243-2300
                                          Fax: (503) 241-8014

                                          Anthony J. Fuga (#6301658)
                                          Anthony.Fuga@hklaw.com
                                          131 South Dearborn Street, 30th Floor
                                          Chicago, IL 60603
                                          Tel: (312) 263-3600
                                          Fax: (312) 578-6666

                                          Attorneys for Defendant
                                          CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

  I hereby certify that I caused the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 10, 15, 16, 18, AND 21 to be served on the following person[s]:

| | |
|---|---|
| Susan Bogart<br>Law Offices of Susan Bogart<br>70 W. Madison Street, Suite 1400<br>Chicago, IL 60602<br>sbogart@susanbogart.com<br><br>Attorney for Plaintiff | Eric C. Cohen<br>Theresa L. Starck<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive, Ste. 3600<br>Chicago, IL 60611<br>eccohen@brinksgilson.com<br>tstarch@brinksgilson.com<br><br>Attorney for Plaintiff |

by the following indicated method or methods:

X  by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐  by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐  by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐  by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐  by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

  DATED July 13, 2018.

                *s/ Anthony J. Fuga*
                Anthony J. Fuga