UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEXT Payment Solutions, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-08829 |
| | ) | |
| vs. | ) | Honorable Ruben Castillo |
| | ) | |
| CLEAResult Consulting, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**NEXT'S RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL MATERIALS
IN OPPOSITION TO CLEARESULT CONSULTING INC.'S
MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE
DESIGNATED EXHIBITS ON THUMB DRIVE ONLY**

Plaintiff NEXT Payment Solutions, Inc. ("NEXT") by and through its attorneys, and pursuant to Local Rule 5.8, renews its motion for leave to file the following documents under seal in opposition to CLEAresult, Inc.'s ("CCI") motion for summary judgment (Dkt. 190) and, pursuant to Local Rule 26.2 (d), for leave to file certain exhibits not electronically and under seal as identified at the end of Plaintiff's Exhibit List. Specifically, NEXT seeks to file **under seal**:

    1. Plaintiff's Unredacted Response to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts in Support of its Amended Motion for Summary Judgment ("SUFR").

    2. Plaintiff's Unredacted Local Rule 56.1(b)(3)(C) Statement of Additional Facts that Require Denial of CCI's Motion for Summary Judgment ("SAF").

    3. Plaintiff Next Payment Solutions, Inc. Unredacted Memorandum in Opposition to CLEAresult Consulting Inc.'s Motion for Summary Judgment ("Memorandum").

    4. Certain of Plaintiff's Exhibits Unredacted listed on the attached *Amended* Exhibit List submitted in support of Plaintiff's Response to Defendant's Local Rule 56.1 statement (item 1, above); in support of Plaintiff's Local Rule 56.1(b)(3)(C) Statement of

Additional Facts (item 2, above) and in support of Plaintiff's memorandum in opposition (item 3, above) ("Plaintiff's Exhibits".)

5. The Exhibits listed at the end of Plaintiff's Exhibit List Not Electronically due to their voluminous nature and/or format (e.g. videos) by thumb drive only, Ex. 1 hereto.

Together, NEXT's opposition papers listed in items 1-4, above, are referred to as "NEXT's Opposition Papers."

In support of its motion, NEXT also submits on a second thumb drive (Ex. 2 hereto), the following:

A. NEXT's Amended Exhibit List, which includes NEXT's explanation for any redactions and/or reasons why complete exhibits should be filed under seal, and a complete set of Plaintiff's Exhibits, which include some exhibits redacted by NEXT ("NEXT's Redacted Exhibits"); and,

B. "CLEAResult Consulting Inc.'s Decisions re Confidentiality of Exhibits Cited in NEXT's Response to CLEAResult Consulting Inc.'s Motion for Summary Judgment" ("CCI's Plaintiff Exhibit List"), which includes CCI's explanation for its redactions or reasons why complete exhibits should be filed under seal, plus a set of Plaintiff's Exhibits, which include redactions proposed by CCI ("CCI's Redacted Exhibits") on thumb drive Ex. 2.

The thumb drives will be hand delivered to this Court on Monday, December 17, 2018 with courtesy copies of this Motion.

I. BACKGROUND

On November 20, 2018, NEXT filed a redacted copy of its Memorandum in Opposition to CCI's Motion for Summary Judgment. (Dkt. 213). Additionally, NEXT served on CCI its unredacted Memorandum in Opposition to Summary Judgment, its Response to CCI's Rule 56.1 Statements of Undisputed Fact, its Rule 56.1 (b) (3) (C) Statements of Additional Fact, and an unredacted copy of Ex. G, Peterson Declaration. On November 21, NEXT served on CCI its unredacted copies of Exhibits in Support of its Opposition to Summary Judgment.

Also, on November 20, 2018, NEXT filed a motion for leave to file its materials in opposition to summary judgment including its exhibits **under seal**. (Dkt. 210).

By Order dated November 21, this Court denied NEXT's motion for leave to file its materials under seal without prejudice because the statutory or other bases for filing under seal under the authority of *Baxter Int'l Inc. v. Abbott,* 297 F.3d 544, 547 (7th Cir. 2002); *Strait v. Belcan Engg Grp., Inc.,* No. 11-CV-1306, 2012 WL 2277903, at * 1 (N.D. Ill. June 18, 2012) was not identified in the motion for leave to file under seal. (Dkt. 214). The Court's Order stated in pertinent part:

> Plaintiffs motion for leave to file under seal (R. 210) is DENIED without prejudice because of Plaintiffs failure to provide any detail or legal citations explaining why each of the hundreds of documents it wishes to file may be filed under seal. *See Baxter Intl, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002); *Strait v. Belcan Engg Grp., Inc.*, No. 11-CV-1306, 2012 WL 2277903, at *1 (N.D. Ill. June 18, 2012). The parties are ORDERED to confer and determine which documents can be redacted instead of being filed entirely under seal.

*Id.*

## II. NEXT'S COMMUNICATIONS WITH CCI REGARDING REDACTIONS

The parties have met and conferred regarding this Court's November 21, 2018 Order. The parties have worked diligently since that date to (1) agree to eliminate exhibits that were not cited in NEXT's Opposition Papers and (2) file redacted exhibits or designate entire exhibits under seal in a manner that each party believes conforms to the Court's Order.

## III. NEXT'S PROPOSED REDACTIONS COMPLY WITH THIS COURT'S ORDER

In the redacted NEXT Opposition Papers, NEXT's redactions are blue boxes. Each of the blue redaction boxes includes the specific basis for each redaction, as follows:

- "Redacted Trade Secrets" – These redactions cover technical information about the NEXT FAST Tool and the NEXT System that NEXT alleges are trade secrets. *See Strait v. Belcan Engineering Group, Inc.,* 2012 WL 2277903, * 1, citing

3

*United States v. Foster,* 564 F.3d 852, 853 (7th Cir. 2009). The exhibits from which NEXT's trade secrets were redacted consist of memoranda, emails, videos and video transcripts, screenshots and other documents that would otherwise reveal, at least in part, the structure, function, features or architecture of NEXT's FAST Tool or the NEXT System. Under 18 U.S.C. § 1839(3), the technical information that NEXT has redacted meets the definition of "trade secret" ("all forms of . . . technical . . . or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes . . ..")

- "Redacted Financial" – These redactions cover financial information, including pricing that NEXT considers to be a trade secret, and which, if disclosed, could harm NEXT in its negotiations with other potential licensees. This information is also defined as a trade secret in 18 U.S.C. § 1839.

- "Redacted Privacy" – This information includes business information, such as the names of NEXT licensees, which falls under the definition of trade secrets as business information. 18 U.S.C. § 1839. It also includes the names and addresses of consumers of CCI's utility customers, which information is protected under the Privacy Act of 1974, 5 U.S.C. § 552 a. This information is not relevant to any issue in this case.

NEXT's redactions comply with *Baxter* and *Strait* because they redact only information that constitutes trade secrets or information protecting the identity of third parties and consumers.

At close of business on December 14, CCI provided NEXT with CCI's Plaintiff Exhibit List, showing CCI's bases for its proposed redactions, which list is included in the folder on thumb

4

drive Ex. 2 with CCI's redactions to NEXT's exhibits. CCI did not incorporate its proposed redactions on the same set of redacted documents that NEXT had provided it. NEXT is compiling the parties' redactions into a single set of redacted documents and will file these compiled exhibits publicly on Wednesday, December 19, 2018. NEXT has not had an opportunity to review those redactions and the claimed bases for them, but is submitting CCI's redacted documents and its chart identifying the bases for its redactions on thumb drive (Ex. 2) being delivered to the court with courtesy copies of this motion. (see Ex. 2).

"There is a strong presumption toward public disclosure of court files and documents." *In re Bank One Secs. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)). The Seventh Circuit teaches that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). "[S]ecrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id*. (internal citations and quotation marks omitted); *see also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."); *Hicklin Eng., L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence.") (citing cases).

In order to show good cause for filing a document under seal, the requesting party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Strait v. Belcan Eng'g Grp., Inc.*, 2012 WL 2277903, at * 1 (N.D. Ill. June 18, 2012). In this case, NEXT has accused CCI of misappropriating NEXT's trade secrets. The efforts that NEXT has taken to maintain the secrecy of the information CCI has misappropriated is discussed in detail in NEXT's opposition to CCI's motion for summary judgment.

Under this standard, NEXT has provided specific information to this Court, justifying the filing of documents that contain NEXT's trade secrets under seal. *NEXT's Local Rule 56.1(b)(3)(C) Statement of Additional Facts that Require Denial of CCI's Motion for Summary Judgment*, ¶¶ 1-33 (NEXT development of its trade secrets); ¶¶ 58-69 (NEXT's reasonable efforts to protect its trade secrets).

CCI has also provided information to this Court to justify the filing of documents that include CCI's confidential information under seal.

## IV. NEXT EXHIBITS SUBMITTED ON THUMB DRIVE ONLY

In its Amended Exhibit List, NEXT identifies specific, limited exhibits that are being provided on a thumb drive only (see Ex. 1) hereto because they are either too voluminous to be filed electronically or are in a format, such as videos, which cannot be filed electronically. Pursuant to Local Rule 26.2 (d), NEXT requests leave to submit these Exhibits by Thumb Drive only, under seal. As set forth in NEXT's list of exhibits, the files on the thumb drive include trade secrets of the parties, as specifically described in NEXT's Amended Exhibit List and CCI's Plaintiff Exhibit List.

## V. CONCLUSION

For the reasons set forth above, NEXT respectfully requests that this renewed motion for leave to file **under seal** its Memorandum in Opposition to Summary Judgment, its Response to

CCI's Rule 56.1 Statements of Undisputed Fact, its Rule 56.1 (b)(3)(C) Statements of Additional Fact and its Exhibit listed on the attached Amended Exhibit List be granted and that, pursuant to LR 26.2 (d) it be permitted to submit limited exhibits identified on its Amended Exhibit List on a thumb drive only and not electronically. Dated: December 14, 2018

        RESPECTFULLY SUBMITTED,
        NEXT PAYMENT SOLUTIONS, INC.

        By: /s/ Susan Bogart
        Law Offices of Susan Bogart
        70 West Madison St., Ste. 1400
        Chicago, IL 60602
        Sbogart514@aol.com
        sbogart@susanbogart.com
        Tele: (312) 214-3271

        Eric C. Cohen
        Brinks Gilson & Lione
        455 N. Cityfront Plaza Drive, Ste 3600
        Chicago, IL 60611
        eccohen@brinksgilson.com
        Tel: (312) 321-4200

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that this instrument was served on December 14, 2018, in accordance with Fed.R.Civ. P. 15, L.R.5.5 and the General Order on Electronic Case Filings (ECF) pursuant to the district court's system as to ECF filers upon Opposing Counsel of Record.

                                              By: /s/ Susan Bogart