IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17 CV 8829 |

**PLAINTIFF NEXT PAYMENT SOLUTION'S MOTION TO COMPEL DEFENDANT, CLEARESULT CONSULTING INC., TO PAY PLAINTIFF'S EXPERTS THEIR REASONABLE FEES FOR TIME SPENT RESPONDING TO DISCOVERY**

Plaintiff, NEXT Payment Solutions, Inc. ("NEXT"), by and through its attorneys, pursuant to F. R. Civ. Pro. 26 (b)(4) (E), moves this Court to Compel Defendant, CLEAResult Consulting, Inc. ("CCI") to Pay Plaintiff's Experts their Reasonable Fees for Time Spent Responding to Discovery and, in support, state as follows.

**I.  INTRODUCTION**

In this breach of contract and misappropriation of trade secrets case, NEXT identified two experts: Dr. Ricardo Valerdi, a technical expert; and, Jeffrey Snell, a damages expert. Both experts produced multiple, lengthy expert reports. CCI produced reports of experts Dr. Shamos (technical expert), Mr. Rubin (technical expert) Mr. Shoettelkotte (damages). NEXT did not depose any of CCI's experts. After CCI noticed the depositions of both of NEXT's experts, NEXT secured a promise from CCI that, as required under Rule 26(b)(4)(E), CCI would pay NEXT's experts a "reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)". (Ex. 3 at 1-2.)[1]

---

[1] The conditions imposed in CCI's email agreeing to pay these expenses recited certain "conditions" which are not contemplated under the Rule and are irrelevant to NEXT's right to seek compensation of their experts. In any event, Dr. Valerdi has itemized his expenses in his billing,

CCI has thus far agreed to pay NEXT's expert fees for the actual time spent deposing the experts and for Dr. Valerdi's related travel expenses. NEXT files this motion because CCI refuses, contrary to F.R. Civ. P. 26(b)(4)(E), to pay the experts' reasonable fees for preparing for their depositions and Dr. Valerdi's standard hourly rate for preparation time on the weekends.

Under guidelines established in this District, CCI should pay the experts' preparation time so long as it does not exceed three times the length of the deposition. *See Se-Kur Controls, Inc. v. Vanguard Prods. Grp., Inc.,* 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012) (finding a preparation to deposition ratio of 3 to 1 reasonable in a patent case). NEXT thus demands that CCI pay $5,560 for Dr. Valerdi's preparation time of [redacted], and $9,375 for [redacted] of Mr. Snell's preparation time, plus $2,500 for Mr. Snell to review his 302-page transcript.

Thus, NEXT seeks an order that CCI pay the amounts NEXT's experts invoiced for (1) time spent testifying at their depositions, (2) reasonable time preparing for their depositions ($5,560 for Dr. Valerdi and $9,375 for Mr. Snell), (3) time spent reviewing their deposition transcripts ($2,500 for Mr. Snell), and (4) related travel expenses for Dr. Valerdi for a total of $9,714.29 to Dr. Valerdi and $ 15,000 to Mr. Snell.

**II. BACKGROUND**

This action commenced on December 7, 2018. (Dkt. 1.) Expedited discovery commenced on April 17, 2018, with a discovery cut-off date of July 31, 22018. (Dkt. 65.) After the parties negotiated an agreement regarding electronic discovery, NEXT produced nearly 27,000 documents and CCI produced over 140,000 documents. This Court ordered NEXT to produce opening expert reports on July 16, 2018. (Dkt. 78.)

---

as CCI requested, and NEXT does intend to call both Dr. Valerdi and Mr. Snell at trial. NEXT did not take the deposition of CCI expert, Mr. Schoettelkotte.

### A. Reports of NEXT's Technical Expert, Dr. Ricardo Valerdi

Dr. Valerdi produced three expert reports. His first report, dated July 16, 2018, which ran 34 pages and included a 51-page chart as an attachment, was based on his investigation of the NEXT FAST Tool and on his review of a substantial number of documents that CCI had produced as of that date. (Ex. 13, **Under Seal**.) In his opening report, Dr. Valerdi explained how CCI had misused login credentials to obtain trade secrets from the FAST Tool. In the 51-page Chart, Attachment D, Dr. Valerdi further identified NEXT's trade secrets and demonstrated that trade secrets in certain parts of NEXT's FAST Tool were added to DSM Tracker after CCI's misuse of login credentials to study the NEXT FAST Tool. (*Id.*) At the time he filed his first expert report, however, Dr. Valerdi had not had sufficient time to review all of the evidence of CCI's misappropriation, most of which was produced en mass in July 2018, and much of which was improperly marked attorneys' eyes only (Dkt. 125 at 31-33), depriving Dr. Valerdi of the assistance of NEXT's CEO Matt Peterson in locating important evidence.

After CCI was ordered to make its DSMTracker software available to Dr. Valerdi (Dkt. 131), and after reviewing a limited "sandbox" mode of the then current version of DSMTracker, on August 20, 2018, Dr. Valerdi submitted a 39-page supplemental report. (Ex. 14 **Under Seal.**)

On September 18, 2018, Dr. Valerdi submitted an 11-page report rebutting the 225-page expert report of CCI's technical expert, Dr. Shamos, which cited over 100 articles, and over approximately 20 videos. (Ex. 15, **Under Seal**).

### B. Reports of NEXT's Damages Expert, Mr. Jeffrey Snell

Jeffrey Snell submitted a 24-page expert report on July 16, 2018, in which he provided opinions relating to NEXT's actual damages resulting from CCI's conduct at issue in this case. (Ex. 18, **Under Seal**). On August 20, 2018, he provided an 11-page rebuttal report in which he

supplemented his opinions based on CCI's August 15, 2018 production of documents. (Ex. 19, **Under Seal,** p. 1). He reviewed voluminous documents in connection with the preparation of his reports and opinions. (*Id.*, Tab 3).

### C. CCI's Refusal to Pay Reasonable Fees for Experts' Preparation for Depositions

After promising to pay the reasonable fees and expenses of NEXT's experts CCI deposed, (Ex. 3 at 1-2), CCI deposed Dr. Valerdi on September 25, 2018, beginning at 9:40 am and ending at 6:24 pm (Ex. 16 (274 page transcript) **Under Seal**). CCI deposed Mr. Snell on September 27, 2018, beginning at 9:26 am and ending at 5:35 pm (Ex. 20 (302-page transcript) **Under Seal**).

On October 16, 2018, NEXT forwarded the experts' invoices to CCI. (Group Ex. 4). CCI did not respond. On November 29, 2018, NEXT forwarded to CCI an additional invoice from Mr. Snell and inquired when CCI would be paying the compensation of NEXT's experts. (Ex. 5).

On December 10, 2018, CCI sent a proposal for payment of NEXT's experts, agreeing to pay only a small part of the expert's invoices. (Ex. 7). CCI offered to pay for the experts' attendance at the depositions, but only for a small part of Dr. Valerdi's preparation time and did not agree to pay any preparation time for Mr. Snell. (*Id.*) On December 12, 2018, NEXT responded to CCI's proposal, disagreeing with CCI's arguments and providing authorities supporting NEXT's position. (Ex. 8.) CCI did not respond.

On January 3, 2019, NEXT emailed CCI asking if the parties were at an impasse. (Ex. 9.) CCI responded, incorrectly asserting that NEXT had not addressed each of its positions and rearguing its position. (EX. 10). On January 4, 2018, NEXT advised CCI that the parties were at an impasse. (Ex. 11.) On January 4, 2019, NEXT also advised CCI that its experts would be providing declarations supporting their claimed time and agreed to CCI's request that NEXT

4

provide these declarations to CCI prior to filing this motion, in the event CCI wanted to alter its positions. (Ex. 12.)

### III. ARGUMENT

    **A. Federal Rule 26 (b) (4) (E) requires Defendant to pay Plaintiff's Experts a Reasonable Fees for Time Spent in Responding to Discovery and Reasonable Expenses.**

CCI refuses to pay for the reasonable amounts of the time that NEXT's experts spent preparing for their depositions. Fed. R. Civ. P. 26 (b) (4) (E) requires in relevant part that the party seeking discovery of experts who *may* testify at trial "(i) pay the expert a reasonable fee for time spent responding to discovery under Rule 26 (b) (4) (A) . . . ."

Courts in this District have held that compensation for "time spent in responding to discovery," under Rule 26(b)(4)(E) includes time spent by an expert preparing for his or her deposition. *Profile Products v. Soil Management Technologies,* 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001), citing *Collins v. Village of Woodridge,* 197 F.R.D. 354 (N.D. Ill. 1999). The Rule also requires that CCI pay for reasonable and substantially documented travel time expenses. *LG Electronics U.S.A., Inc. v. Whirlpool Corp.,* No. 08-c-0242, 2011 WL 5008425 at * 5 (N.D. Ill. Oct. 20, 2011).

CCI is obligated to pay these fees and expenses, even if the expert is not called to testify at the trial or if the expert's testimony is excluded. *See e.g. Cunningham Charter Corp. v. Learjet, Inc.,* No. 07-cv-0233, 2011 WL 1549214 (S.D. Ill. Apr. 22, 2011) (reasoning that experts' costs would be granted even though expert's testimony was excluded); *Brown v. Butler,* 30 F. App'x 870, 876 (10th Cir. 2002) (recognizing that the choice not to call an expert witness at trial does not preclude an award of expert discovery costs); *Ndubizu v. Drexel University,* No. 07-3068, 2011

WL 6046816, at *5 (E.D. Pa. Nov. 16, 2011) (requiring payment for deposition of experts who did not testify at trial or testify in accordance with their reports based on a plain reading of the Rules).

### B. Plaintiff's Experts' Fees and Expenses Are Reasonable.

The reasonableness of the fees claimed by the experts is assessed according to several factors: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the local cost of living in the particular geographic area; (6) the fee being charged by the expert to the party who retained him; (7) fees traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance in balancing the interests implicated by Rule 26. *McClain v. Owens-Corning Fiberglass Corp.,* No. 89 C 6226, 1996 WL 650524, at * 3 (N.D.Ill. Nov. 7, 1996) (citing cases).

### 1. Plaintiff's Experts' Hourly Rates are Reasonable

In the instant case, the evidence submitted establishes that Plaintiff's experts' hourly rates are reasonable. Indeed, in the Rule 37.2 exchange between counsel, CCI has not challenged the hourly rates of either Dr. Valerdi or Mr. Snell. CCI did not challenge Dr. Valerdi's ▇▇▇ hourly rate for time spent on the weekend preparing for his deposition, although it did not offer to pay it. (Ex. 7)

#### a. Dr. Valerdi's Hourly Rates

CCI has not argued that Dr. Valerdi's rates are unreasonable, given his experience. Dr. Valerdi charges ▇▇▇ an hour for weekdays, and ▇▇▇ an hour for working weekends. (Ex. 17, ¶ 7.) Indeed, CCI's technical expert, Dr. Shamos, who rebutted Dr. Valerdi's expert report charges ▇▇▇ per hour. (*See* Dkt. 250, Declaration of Dr. Shamos and Ex. 1 (his Rebuttal Report) ¶ 13 .)

6

Dr. Valerdi's education, training and area of expertise is included in his 33-page Curriculum Vitae, (Ex. 13, Attachment A and in his September 25 deposition. (Ex. 16, Tr. 9-46). (1).[2] Evidence that the rates of comparably respected available experts in Dr. Valerdi's area of expertise are at or greater than ▮▮▮▮▮ per hour as is reflected in Ex. 17, Declaration of Valerdi ¶ 8.

### b. Mr. Snell's Hourly Rates

Mr. Snell's education, training and areas of expertise are included in his July 16 Report at p. 1 of his Report (Ex. 18) and at TAB 1. Mr. Snell charges ▮▮▮ per hour. (Exs. 4 (a), 18; Ex. 21 ¶ 10.) Evidence that the rates of comparably respected available experts in Mr. Snell's area of expertise are at or greater than ▮▮▮ per hour as is reflected in Ex. 21¶ 11. Mr. Schoettelkotte, CCI's rebuttal expert who submitted a rebuttal report to Mr. Snell's report, charges ▮▮▮▮ per hour for comparable experience. (Ex. 22, **Under Seal**)

Under these circumstances, Plaintiff's experts' hourly rates charged in their invoices in connection with seeking compensation from Defendant for their preparation for their depositions, for the time they were deposed and for their time in responding to discovery sought by Defendant from them are reasonable.

### 2. Plaintiff's Experts' Time Spent in Preparing for their Depositions Was Reasonable.

The time Plaintiff's experts spent in preparing for their depositions was reasonable. The preparation time that NEXT seeks compensation for both of its experts is less than the 3:1 ratio deemed reasonable in complex cases involving intellectual property issues. *Se-Kur Controls* 873 F. Supp. 2d at 956 (preparation to deposition ratio of 3 to 1 reasonable in a patent case).

---

[2] Defendant moved to strike Dr. Valerdi's Opinions under *Daubert*. (Dkt. 230, 231 (Under Seal)). Plaintiff responded at Dkt. 265. This fact is not relevant to CCI's obligation to compensate Plaintiff's experts.

a. *Dr. Valerdi's Time.*

Dr. Valerdi, who works through Quandary Peak Research, Inc., submitted an invoice in the amount of $9,714.29 comprised of $1,034.29 in travel related expenses to and from Chicago, Illinois. He reflected ▬▬ of deposition attendance and preparation time, ▬▬ at his weekday rate ▬▬ per hour, and ▬▬ at his weekend rate of ▬▬ per hour. (Ex. 4 (b)). Dr. Valerdi detailed the work he performed in preparation in his invoice. (*Id.*) None of it included time spent with NEXT's counsel or CEO. ▬▬ of the ▬▬ hours (Ex. 4 (b)) was time Dr. Valerdi spent testifying at his deposition. CCI does not dispute that it must pay for the time Dr. Valerdi spent at his deposition.[3]

Additionally, Dr. Valerdi's invoice includes ▬▬ hours that was spent preparing for his deposition, which included reviewing his three expert reports (opening report, supplemental report and rebuttal report) totaling over 135 pages with attachments, and reviewing the 225-page expert report of Dr. Shamos. (*Id.*) Of this ▬▬ hours (9/22 and 9/23) were on weekends at Dr. Valerdi's ▬▬ hourly rate, and 8.2 hours were during the week at Dr. Valerdi's ▬▬/hourly rate. The ratio of time Dr. Valerdi spent preparing for his deposition ▬▬ to the time he spent testifying ▬▬ is a ratio of less than 3:1, a ratio deemed reasonable in complex cases involving intellectual property issues *Se-Kur Controls,* 873 F. Supp. 2d at 956.

CCI has argued that compensation to Dr. Valerdi for his preparation time should be limited to 5 hours at ▬▬. CCI's argument is not based on Dr. Valerdi's actual invoice. Rather, CCI bases its argument on Dr. Valerdi's response to a question at his deposition, when Dr. Valerdi did not have access to his billing records. Dr. Valerdi responded to the question by giving an estimate,

---

[3] It is beyond dispute that time spent by an expert testifying at his or her deposition must be compensated. *See Waters v. City of Chicago,* 526 F. Supp. 2d 899, 900-01 (N.D. Ill. 2007); *Profile Prod. v. Soil Mgmt. Tech., Inc.,* 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001).

8

but his estimate was not accurate. (Ex. 16, Tr. 74:22-75:7) (Ex. 9.) CCI's argument should be rejected.

CCI has agreed to pay Dr. Valerdi's travel expenses in the amount of $1,034.29 for roundtrip airline travel, his hotel stay and his transportation costs to and from the airports. (Ex. 4 (b) p. 2; Ex. 17 ¶ 11.) These expenses are reasonable and documented. *LG Electronics U.S.A., Inc. v. Whirlpool Corp.,* No. 08-c-0242, 2011 WL 5008425 at *5 (N.D. Ill. Oct. 20, 2011).

This Court should order CCI to compensate Dr. Valerdi in the total amount of his October 15, 2019 invoice of $9,714.29.

    b.  *Mr. Snell's Time*

Mr. Snell's invoices include a total of ▇▇▇▇▇ comprised of ▇▇ hours in testimony at this deposition, ▇▇ hours in preparation for his deposition (Ex. 4 (a)) and 5 hours in reviewing his deposition and preparing an errata sheet. (Ex. 5). CCI should compensate Mr. Snell for the ▇▇ hours of his deposition testimony, which is compensable (*See Waters v. City of Chicago supra* above); at least ▇▇▇▇▇ of his time preparing for his deposition (3:1 ratio) (*See Se-Kur Controls, Inc. v. Vanguard Prods. Grp., Inc., supra*) and the ▇ hours he spent reviewing the 302 pages of his deposition transcript in connection with providing an errata sheet and certifying to the accuracy of the transcript, which courts in this district award. *See e.g. Fox v. Will County,* No. 04 C 7309, 2009 WL 723385, at * 4 (N.D. Ill. March 11, 2009); *LG Electronics USA v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, *5 (N. D. Ill. Oct. 20, 2011). CCI's attempt to deny Mr. Snell compensation for his time preparing for his deposition based upon its mischaracterization of his deposition testimony is without merit and contrary to Mr. Snell's deposition and declaration (Ex. 21 ¶¶ 12, 13). CCI asserts that Mr. Snell "did not keep track of the hours spent preparing for his deposition" citing Ex. 20, Tr. 38:7-18. Rather, Mr. Snell testified that "I don't know the exact

9

number of hours I spent [preparing for his deposition], no." (Ex. 20, Tr. 38:17-18). His testimony that he did not keep track of certain time was that he did not keep track of his hours in blocks or by task, such as conversations and conversations with counsel in preparation for his deposition (*Id.,* Tr. 37: 21-38:10), he did not testify that he did not keep track of his time spent in preparing for his deposition. (Ex. 21, ¶ 13.)

There is no merit to CCI's argument that Mr. Snell should be compensated one hour, not the 5 hours he billed, for time he spent reviewing the transcript of his deposition and preparing errata sheets should also be rejected. (Ex. 7). The substance of Mr. Snell's expert damages analyses and deposition testimony was highly technical. One hour to read over 300 pages is reading 5 pages a minute, in other words, speed reading, not reading for the accuracy of highly technical information. 5 hours is a page a minute, not an unreasonable amount of time for reading for accuracy.

This Court should order CCI to compensate Mr. Snell in the amount of at least $15,000 for his deposition testimony, preparation and review of his deposition.

### IV. RULE 37.2 COMPLIANCE

As is reflected in Exhibits 3-12, the parties' reached an agreement that CCI would compensate NEXT's experts that CCI deposed pursuant to F.R.C. P. 26 (b)(4) (E). After CCI completed the depositions of NEXT's two experts, NEXT forwarded invoices to CCI reflecting the experts' time being deposed, which CCI agreed with, time preparing for their depositions, which CCI disputes, Dr. Valerdi's expenses, which CCI has not disputed as being reasonable, and Mr. Snell's time reviewing his deposition for accuracy and completion of an errata sheet, which CCI disputes. CCI's dispute about the experts' preparation time is unreasonable, ignores the experts' invoices and declarations attesting to the accuracy of the invoices and is based on CCI's

mischaracterization of the experts' deposition testimony. NEXT's attempt to resolve these disputes was unsuccessful. Similarly, CCI's assertion that Mr. Snell should only receive compensation for 1 hour in reviewing his deposition transcript is unreasonable and was rejected by NEXT. This dispute likewise has not been resolved. NEXT provided the declarations of Dr. Valerdi (Ex. 17) and Mr. Snell (Ex. 21) to CCI on January 15, 2019. CCI advised it would not be able to respond until an unspecified date "next week", meaning the week of January 21. Because of the uncertainty created by a possible shut down of the Court system after January 25, 2019, NEXT has filed the motion at this time and will withdraw it should the parties' reach an agreement.

V.       CONCLUSION

For the reasons set forth above and pursuant to F.R.Civ. P. 26 (b) (4) (E), Plaintiff NEXT respectfully requests that this Court order Defendant CCI to compensate: 1) Dr. Valerdi the $9,714.29 in time associated with preparing for and attending his deposition and documented travel expenses and Mr. Snell $15,000 in time spent preparing for and attending his deposition and in reviewing his deposition for accuracy.

                              RESPECTFULLY SUBMITTED,
                              PLAINTIFF NEXT PAYMENT SOLUTIONS, INC.,

January 18, 2019       BY:    /s/ Susan Bogart
                                        Susan Bogart
                                        Law Offices of Susan Bogart
                                        111 W. Jackson St., Suite 1700
                                        Chicago, Illinois 60602
                                        Sbogart514@aol.com
                                        sbogart@susanbogart.com
                                        Tel: 312-214-3271

                                        Eric C. Cohen
                                        Brinks Gilson & Lione
                                        455 N. Cityfront Plaza Drive Suite 3600
                                        Chicago, IL 60611
                                        eccohen@brinksgilson.com
                                        Tel: (312) 321-4200

**Exhibit List**

| Exhibit | Description |
|---|---|
| 1 | Deposition Notice for Ricardo Valerdi |
| 2 | Deposition Notice for Jeffrey Snell |
| 3 | Email correspondence 9/17 and 9/18 between counsel re CCI agreement to pay expert fees |
| 4 | NEXT's correspondence dated 10/16/18 forwarding Invoices of Ricardo Valerdi and Jeffrey Snell |
| 4 (a) | Global Economics 10/9/18 correspondence forwarding Snell invoice for deposition preparation **Under Seal** |
| 4 (b) | Quandary Peak 10/15/18 Invoice for Valerdi's time preparing for his deposition **Under Seal** |
| 5 | NEXT's counsel's 11/29/18 email to CCI requesting a status on paying expert compensation and forwarding Snell's invoice for reviewing his transcript for accuracy and preparing errata sheet (**Invoice Under Seal**) |
| 6 | CCI's 12/7/18 email stating they will respond to NEXT's correspondence relating to CCI's compensation of NEXT's experts |
| 7 | CCI's 12/10/18 Proposal for paying NEXT's experts' compensation relating to their depositions |
| 8 | NEXT's 12/12/18 Response to CCI's Proposal |
| 9 | NEXT's 1/3/19 email to CCI inquiring about CCI's lack of a response and whether the parties' were at an impasse |
| 10 | CCI's 1/4/19 Response |
| 11 | NEXT's 1/4/19 Response rejecting CCI's proposal |
| 12 | CCI's 1/4/19 Reply requesting to review expert's declaration before NEXT file its motion |
| 13 | Valerdi 7/16/18 Opening Report **Under Seal** |
| 14 | Valerdi 8/20/18 Supplemental Report **Under Seal** |
| 15 | Valerdi 9/18/18 Rebuttal Report **Under Seal** |
| 16 | Valerdi 9/25/18 Deposition Transcript **Under Seal** |
| 17 | Valerdi Declaration **Under Seal** |
| 18 | Snell 7/16/18 Opening Report **Under Seal** |
| 19 | Snell 8/20/18 Supplemental Report **Under Seal** |
| 20 | Snell 9/27/18 Deposition Transcript **Under Seal** |
| 21 | Snell Declaration **Under Seal** |
| 22 | Shoettelkotte Expert Report **Under Seal** |