UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc.,<br><br>    Plaintiff,<br><br>  v.<br><br>CLEAResult Consulting, Inc.,<br><br>    Defendant. | Case No. 17 CV 8829 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF CERTAIN EXPERT FEES**

**REDACTED VERSION**

NEXT Payment Solutions, Inc.'s motion for CLEAResult Consulting Inc. to pay NEXT's expert witness fees pursuant to Rule 26(b)(4)(E) (Dkt. No. 271) should be denied because NEXT's motion is premature and its requested fees are unreasonable. NEXT's requested fees are unreasonable because they are (1) not supported by the underlying factual record; (2) include excessive rates and time under the circumstances; and (3) include fees for irrelevant tasks.

## ARGUMENT

**I.  NEXT's motion is premature in light of CLEAResult's pending motions to exclude NEXT's expert and for summary judgment.**

NEXT is not entitled to any of its requested expert fees until the related pending motions are decided by the Court. Rule 26(b)(4)(E) provides that an expert's deposition fees and expenses are not recoverable if payment would result in "manifest injustice." Fed. R. Civ. P. 26(b)(4)(E). Here, the Court cannot determine whether payment for NEXT's expert fees and expenses would result in manifest injustice given that there is an outstanding dispositive motion and motion to exclude the testimony of one of NEXT's experts. (*See* Dkt. Nos. 190 and 230.)

Numerous courts have adopted the wait-and-see approach. For example, in *Rogers v. Penland* the court held that "[t]o require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust." *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005); *Lynn v. Maryland*, 295 F. Supp. 2d 594, 599 (D. Md. 2003) (denying post-trial request for expert fees where court had granted motion *in limine* precluding expert testimony); *Studio A Entertainment, Inc. v. Action DVD*, Case No. 1:05 CV 1196, 2007 WL 4790788, at *3 (N.D. Ohio Sept. 30, 2007) ("Because the court has found, after a *Daubert* hearing, that [an expert's] entire report should be stricken, the court finds that it would be manifestly unjust to require Plaintiff to pay [the expert's] total fees for attending the deposition.").

1

NEXT Payment Solutions, Inc.'s motion for CLEAResult Consulting Inc. to pay NEXT's expert witness fees pursuant to Rule 26(b)(4)(E) (Dkt. No. 271) should be denied because NEXT's motion is premature and its requested fees are unreasonable. NEXT's requested fees are unreasonable because they are (1) not supported by the underlying factual record; (2) include excessive rates and time under the circumstances; and (3) include fees for irrelevant tasks.

## ARGUMENT

**I.    NEXT's motion is premature in light of CLEAResult's pending motions to exclude NEXT's expert and for summary judgment.**

NEXT is not entitled to any of its requested expert fees until the related pending motions are decided by the Court. Rule 26(b)(4)(E) provides that an expert's deposition fees and expenses are not recoverable if payment would result in "manifest injustice." Fed. R. Civ. P. 26(b)(4)(E). Here, the Court cannot determine whether payment for NEXT's expert fees and expenses would result in manifest injustice given that there is an outstanding dispositive motion and motion to exclude the testimony of one of NEXT's experts. (*See* Dkt. Nos. 190 and 230.)

Numerous courts have adopted the wait-and-see approach. For example, in *Rogers v. Penland* the court held that "[t]o require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust." *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005); *Lynn v. Maryland*, 295 F. Supp. 2d 594, 599 (D. Md. 2003) (denying post-trial request for expert fees where court had granted motion *in limine* precluding expert testimony); *Studio A Entertainment, Inc. v. Action DVD*, Case No. 1:05 CV 1196, 2007 WL 4790788, at *3 (N.D. Ohio Sept. 30, 2007) ("Because the court has found, after a *Daubert* hearing, that [an expert's] entire report should be stricken, the court finds that it would be manifestly unjust to require Plaintiff to pay [the expert's] total fees for attending the deposition.").

1

NEXT has failed to identify any Seventh Circuit authority for its argument that fees and costs are recoverable when an expert does not testify at trial or is struck on a *Daubert* motion. NEXT instead cites a number of out of district opinions in support of its position that expert fees are obligated to be paid under Fed. R. Civ. P. 26 even if the expert is not called to testify at trial or the testimony is excluded. (Br. at 5-6.)

Here, the Court should reserve ruling on the payment of reasonable expert fees until the conclusion of the case. CLEAResult's dispositive motion and motion to strike expert testimony are fully briefed. Until decisions on those motions and the completion of trial, if necessary, this Court cannot fully and fairly assess whether grounds for manifest injustice, including litigation misconduct or traditional notions of trial court discretion, may justify a denial of the requested expert fees.

**II.    NEXT's requested fees are unreasonable.**

NEXT's requested fees are unreasonable because they are excessive, not supported by the underlying record, unjustifiably seek to recover higher rates for weekend work, and request fees for time spent on unnecessary tasks. It is NEXT's burden to demonstrate its claimed entitlement to the requested expert fees. "The party seeking reimbursement of their expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable." *Se-Kure Controls, Inc. v. Vanguard Products Grp., Inc.*, 873 F. Supp. 2d 939, 954-56 (N.D. Ill. 2012); *see also Gwin v. American River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007) (noting that rule's mandatory language is tempered by the limitation to payment of reasonable fees).

NEXT's requested fees and costs fall into three categories: (1) fees and costs for time NEXT's experts spent in deposition (totaling $6,959.29); (2) fees for time NEXT's experts spent preparing for deposition (totaling at least $15,255); and (3) fees for time NEXT's experts spent reviewing their deposition transcripts (totaling $2,500). CLEAResult objects to NEXT's requested

2

fees and costs for deposition preparation and reviewing deposition transcripts. CLEAResult does not dispute – and has agreed to pay – NEXT's requested fees and costs for in-deposition time and related costs.

### A. NEXT should not recover more than $6,300 for its experts' deposition preparation.

NEXT's experts' deposition preparation time is both unreasonable and not adequately supported. "It should normally be the case… that [Rule 26] does not permit recovery for time spent 'preparing' for a deposition." *E.E.O.C. v. Sears, Roebuck & Co.,* 138 F.R.D. 523, 526 (N.D. Ill. 1991). Courts have recognized an exception to that general rule for complex cases where an expert's deposition has been repeatedly postponed over long period of time. *Id.* To determine whether an expert's preparation time was reasonable, courts in this district have looked "to the preparation time in relation to the deposition time, and the nature or complexity of the case, to establish a reasonable ratio of preparation time to actual deposition time for the case." *Se-Kure Controls*, 873 F. Supp. 2d at 956. As the *Collins* court put it, "[i]t is not our intention to allow the experts to seek compensation for reinventing the wheel," but rather to require the deposing party to bear the cost of the time reasonably necessary for the expert to refresh his recollection. *Collins v. Village of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999).

#### 1. At most, NEXT is not entitled to more than a 1:1 ratio for deposition preparation time.

NEXT requests the maximum 3:1 ratio of deposition preparation time (totaling at least $15,255) even though their experts' depositions were only a little more than a month after they authored their reports. Courts, however have only approved of a 3:1 ratio when it is justified considering the nature of the required document review, breadth of the expert's involvement, and the passage of time between authoring the report and the deposition. *See Collins*, 197 F.R.D. at 356-57;

3

*Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, at *6 (N.D. Ill. Aug. 23, 2013). And in some circumstances, "the 'reasonable' compensation for deposition preparation time [may] be zero or a nominal amount." *Collins*, 197 F.R.D. at 358.

Here, there was only a short period of time between NEXT's expert reports (served on August 20, 2018) and the depositions of Dr. Valerdi and Mr. Snell (conducted on September 25 and 27, respectively). NEXT's requested expert preparation fees are not justified due to this limited period time between finalizing expert reports and testifying at deposition. For example, in *Collins,* the court rejected a 3:1 ratio, but approved a 1.5:1 ratio in a case that had an "unusually extensive" amount of material experts reviewed in preparation for deposition and three to five months of time between reports and depositions. *Collins*, 197 F.R.D. at 355-58. The facts relating to NEXT's experts' preparation do not even comport with those of *Collins* requiring only a 1.5:1 ratio. Even assuming there was an unusually extensive amount of documents to be reviewed, NEXT's experts were deposed just over a month after the submissions of their final expert reports.

Here, each expert deposition was less than seven hours, but NEXT requests fees for ▮ hours of time for Dr. Valerdi and, inexplicably, ▮ hours for Snell. NEXT should be limited to no more than seven hours of preparation time for each witness, totaling $6,300.

### 2. NEXT's supporting invoices provide insufficient detail to determine reasonableness, further undermining NEXT's requested 3:1 ratio.

The invoices of NEXT's experts (along with their post deposition affidavits) are insufficient to determine the reasonableness of the experts preparation fees. "In general, where the parties offer little evidence to support their positions, the court may use its discretion in determining the reasonableness of the charged fee." *Se-Kure Controls*, 873 F. Supp. 2d at 957; *see also SP Techs., LLC v. Garmin Int'l Inc.*, No. 08 CV 3248, 2014 WL 300987, at *8 (N.D. Ill. Jan. 10, 2014) ("In the

4

absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation," the court may deny reimbursement).

Here, NEXT's experts offered little to no detail to describe how they spent their preparation time. NEXT's damages expert, Jeffrey Snell, provided the *exact same time entry for each of the six days leading up to his deposition*:



(Dkt. No. 277-1, Ex. 4(a).) The identical time entries add up to ▮ hours of deposition preparation.[1] In an attempt to address the failures of his invoice, NEXT submitted a declaration from Mr. Snell in connection with its motion. (*See* Dkt. No. 277-12, Ex. 21.) However, the declaration adds no further information about his preparation efforts. Instead it simply confirms that he worked the number of hours each day and that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In addition, in preparation for his expert deposition, Mr. Snell reviewed a number of documents that he did not rely upon in connection with the authoring of his expert reports: for example, deposition testimony of David Steiner, Paul Johns, Jill Staszak, and the Second Amended

---

[1] These entries align with his deposition testimony that he did not track his preparation time.

5

Complaint.[2] The review of these documents is unreasonable considering he did not find them necessary to be reviewed in connection with authoring his reports. This issue is compounded based on Mr. Snell's vague billing practices. In reviewing Mr. Snell's invoice, one cannot discern how much time he spent reviewing these irrelevant documents. As a result, NEXT cannot meet its burden and the Court should deny reimbursement of the requested "at least $15,000." (Br. at 10.)

NEXT's other expert, Dr. Valerdi, also submitted an invoice with generic time entries, e.g.

████████████████████████████████████████████████████████

███ Much like Snell, Dr. Valerdi's post deposition affidavit adds no further information about his preparation efforts. As a result, the Court should deny the requested 3:1 preparation fees based upon NEXT's failure to demonstrate the reasonableness of the time spent through the underlying invoices.

**B.     Dr. Valerdi's "weekend" hourly rate is unreasonable.**

NEXT should not recover for work Dr. Valerdi completed at his inflated "weekend" rate. NEXT seeks reimbursement for Dr. Valerdi's time at two different rates - ███ or ███ - depending upon when his preparation was completed. (Br. at 8.) In particular, NEXT seeks reimbursement of ███ hours at an elevated rate of ███ (his "weekend" rate), resulting in a total increase of $760 over his standard rate. This $760 up-charge, based solely on the fact that Dr. Valerdi completed the work on the weekend, is unreasonable and CLEAResult should not be responsible for those fees. Further, any preparation time the Court determines to be reasonable should be at Dr. Valerdi's standard rate of ███ identified in his expert report. Valerdi Opening Report (Dkt. No. 277-4, Ex. 13 at ¶ 2(C)) ("My rate of compensation for my work in this case is ███ per hour plus any direct expenses incurred.").

---

[2] NEXT was not granted leave to file the Second Amended Complaint. (Dkt. No. 186.)

### C. Snell's ▮ hours spent reviewing his deposition transcript is unreasonable.

NEXT should not recover the $2,500 it seeks for Snell reviewing his own deposition testimony after the deposition. Despite being deposed for less than seven hours on one day, NEXT seeks reimbursement of an invoice for the ▮ hours of time Mr. Snell reviewed his deposition transcript over the course of three days. (Br. at 10 and Dkt. No. 277-3, Ex. 5(a).)

It is unclear what legitimate purpose was served by Snell reviewing his deposition transcription – let alone for ▮ hours – considering that NEXT never even served an errata sheet for his deposition on CLEAResult. And NEXT provides no credible basis for Snell spending ▮ hours reviewing his deposition testimony for a deposition that didn't even take seven hours. NEXT's request for reimbursement of the $2,500 of expenses associated with Mr. Snell's ▮ hour transcript review should be denied.

## CONCLUSION

For the reasons stated above, NEXT's motion to compel the payment of expert fees should be denied in its entirety. Alternatively, this Court should reserve ruling on NEXT's motion until after the Court's decision on CLEAResult's summary judgment motion or the end of trial. Finally, if this Court does believe that CLEAResult is obligated at this time to pay such expert fees, CLEAResult respectfully requests that the fees and costs awarded do not exceed $13,259.29.

Dated: January 29, 2019

    Respectfully submitted,

    HOLLAND & KNIGHT LLP

    By: *s/ Shannon Armstrong*
        J. Matthew Donohue (admitted *pro hac vice*)
        Matt.Donohue@hklaw.com
        Shannon Armstrong (admitted *pro hac vice*)
        Shannon.Armstrong@hklaw.com

7

2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014

Anthony Fuga (#6301658)
Anthony.Fuga@hklaw.com
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

Attorneys for Defendant
CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PAYMENT OF CERTAIN EXPERT FEES to be served on the following person[s]:

| | |
|---|---|
| Susan Bogart<br>Law Offices of Susan Bogart<br>111 W. Jackson Blvd., Suite 1700<br>Chicago, IL 60604<br>sbogart@susanbogart.com<br><br>Attorney for Plaintiff | Eric C. Cohen<br>Theresa L. Starck<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive<br>Ste. 3600<br>Chicago, IL 60611<br>eccohen@brinksgilson.com<br>tstarck@brinksgilson.com<br><br>Attorneys for Plaintiff |

by the following indicated method or methods:

X      by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐      by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐      by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐      by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐      by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED January 29, 2019.

*s/ Shannon Armstrong*
Shannon Armstrong

1