IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEXT Payment Solutions, Inc.,

              Plaintiff,

        v.

CLEAResult Consulting, Inc.,

              Defendant.

Case No. 17 CV 8829

**PLAINTIFF NEXT PAYMENT SOLUTION'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT, CLEARESULT CONSULTING INC., TO PAY PLAINTIFF'S EXPERTS THEIR REASONABLE FEES FOR TIME SPENT RESPONDING TO <u>DISCOVERY</u>**

Plaintiff, NEXT Payment Solutions, Inc. ("NEXT"), by and through its attorneys, pursuant to F. R. Civ. Pro. 26 (b)(4) (E), submits this Reply in Support of its motion to compel this Court to Compel Defendant, CLEAResult Consulting, Inc. ("CCI") to Pay Plaintiff's Experts their Reasonable Fees for Time Spent Responding to Discovery and, in support, state as follows.

## I. Introduction

Prior to deposing NEXT's experts, CCI agreed to pay for reasonable fees and expenses as a condition to taking the depositions of NEXT's experts. CCI then refused to pay the reasonable fees for the experts to prepare for their depositions. Contrary to the agreement it made, and contrary to the weight of authority, CCI now refuses to pay these fees and expenses. Further, CCI requests this Court defer ruling until it rules on CCI's *Daubert* motion seeking largely to strike the answers NEXT's expert Dr. Valerdi gave to questions CCI asked him at his deposition. Given CCI's agreement prior to taking NEXT's experts' depositions, it would be manifest injustice to force NEXT to incur the expense of the depositions of its experts.

1

NEXT's request for compensation of its experts under Rule 26 (b)(4) (E) is timely, its experts' fees and expenses associated with preparing for and attending their depositions noticed by CCI reasonable, and these fees and expenses are sufficiently supported by the experts' time records as reflected in their invoices.

## II. The Motion is Not Premature.

NEXT's motion is not premature as CCI argues. In its opposition, CCI admits that it "does not dispute—and has agreed to pay—NEXT's requested fees and costs for *in-deposition* time and related costs," which according to CCI, total $6,959.29. (Dkt. 278 at 2.) It ignores that it agreed to pay for the preparation time and travel expenses of NEXT's expert. Despite its concession and agreement, however, it seeks to have this Court interpose a delay in CCI's obligation to make good on its promise because it has filed a *Daubert* motion as to one of these experts. CCI's attempt avoid its agreement and delay its obligation to pay agreed upon fees and expenses is not supported by applicable law and does not constitute "manifest injustice".

On September 17, 2018, prior to the depositions, counsel for NEXT sent an email to counsel for CCI, citing Rule 26(b)(4)(E) and demanding "that CCI confirm by close of business tomorrow that it will pay the expert fees of Dr. Valerdi and Mr. Snell at their hourly rates for preparing for and attending the depositions that CCI has noticed, including Dr. Valerdi's travel expenses." (Dkt.271-3). The next day, counsel for CCI responded, agreeing to NEXT's demand:

> *CLEAResult will reimburse Dr. Valerdi and Mr. Snell for their hourly rates for reasonable preparation and deposition time, including Dr. Valerdi's expenses*, provided that
>
> * NEXT confirms that it is going to rely upon Dr. Valerdi's reports dated July 16, 2018 and August 20, 2018 at trial; [and]
>
> * NEXT agrees to provide an itemized list of costs sought for reimbursement (e.g. hours for preparation, travel costs) . . . .

2

(*Id.*, page 1, emphasis added.) CCI did not condition is agreement on the outcome of a *Daubert*, nor does Rule 26(b)(4)(E) provide for such an exception. Although not required, NEXT agreed to all of CCI's conditions and produced itemized lists of costs. CCI's agreement was not conditioned on this Court denying a motion to exclude expert testimony.

The cases cited by CCI on page 1 of its brief in support of its contention that its *Daubert* motion should excuse it from meeting its agreement and the obligations under Rule 26(b)(4)(E) are distinguishable. First, none of them involved an explicit agreement to pay expert expenses as a condition precedent to deposing the expert. Second, none of them stand for the proposition that a ruling on a motion for fees under Fed. R. Civ. P. 26 (b)(4)(C) should be delayed pending a *Daubert* motion. Third, CCI's cases are distinguishable on their facts. In *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005), the district court noted that it was "the implied understanding between the parties in this case [that each side would bear their own experts costs], as neither made a request for fees under Fed. R. Civ. P. 26(b)(4)(C) until after the jury verdict was returned and the Final Judgment was entered." The Court also observed that unlike in this case, the fee requests did not clearly delineate compensable from non-compensable time. As to the expert whose fees the court did not award, the Plaintiff did not call that or any of its experts at trial and, as to this one expert, his testimony went beyond pretrial rulings the court had explicitly made and, therefore, the court struck his report in its entirety and did not require opposing counsel to pay his fees and costs associated with his deposition. Here, CCI has not moved to strike Dr. Valerdi's report in its entirety but, rather, select portions of a report and answers Dr. Valerdi gave to CCI's questions at his deposition. Further, Dr. Valerdi's expert testimony identifying NEXT's trade secrets and CCI's actions in misappropriating NEXT's trade secrets goes to the heart of the issues in this case and not to some issue this Court has ruled off limits.

*Lynn v. Maryland*, 295 F. Supp. 2d 594 (D. Md. 2003) did not involve a request for fees under Rule 26(b)(4)(E), nor an agreement to pay expert deposition fees and costs. Rather, it involved a post trial motion for costs under Rule 54. In *Studio A. Entertainment, Inc. v. Action DVD*, 2007 U.S. Dist. LEXIS 102260, 2007 WL 4790788 (N.D. Ohio 2007), there was no agreement to pay for the expert's fees and expenses prior to the deposition. Even though the court refused to permit the expert to testify, it did award fees for part of the expert's deposition. Thus, the cases CCI cites do not support a contention that a pending *Daubert* to strike deposition testimony and part of an expert report constitutes a basis to excuse CCI's agreement nor does it constitute "manifest injustice" under Rule 26(b)(4)(E).

On the other hand, the cases NEXT cited squarely stand for the proposition that Rule 26(b)(4)(E) requires payment of expert fees and costs even if the expert does not testify or if the expert's testimony is excluded. *Cunningham Charter Corp. v. Learjet, Inc.* 2011 U.S. Dist. LEXIS 43779, 2011 WL 1549214 (S.D. Ill., April 22, 2011) (granting motion to strike expert opinion but denied request to avoid payment of expert fees under Rule 26(b)(4)(E)); *Charter Corp. v. Learjet, Inc.,* No. 07-cv-0233, 2011 WL 1549214 (S.D. Ill. Apr. 22, 2011) (reasoning that experts' costs would be granted even though expert's testimony was excluded); *Brown v. Butler,* 30 F. App'x 870, 876 (10th Cir. 2002) (recognizing that the choice not to call an expert witness at trial does not preclude an award of expert discovery costs); *Ndubizu v. Drexel University,* No. 07-3068, 2011 WL 6046816, at *5 (E.D. Pa. Nov. 16, 2011) (requiring payment for deposition of experts who did not testify at trial or testify in accordance with their reports based on a plain reading of the Rules). Those cases are on point and well-reasoned. CCI's sole response to these cases is that they are not Seventh Circuit decisions but CCI does not identify a Seventh Circuit authority supporting its

position nor explain why its reliance on decisions from other courts should prevail. CCI's attempt to excuse its agreement should be rejected.

### III. NEXT's Requested Fees Are Reasonable.

CCI's reliance on one sentence from the 1991 decision, *E.E.O.C. v. Sears, Roebuck & Co.*, 135 F.R.D. 523, 526 (N.D. Ill. 1991), for its assertion that Rule 26 does not permit recovery for time spent preparing for depositions (Mot. at 3) has been squarely rejected since the case was a 1991 decision that predated the 1993 amendments to Rule 26 providing that experts' time spent responding to discovery is compensable. *See Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999). The 1993 amendment to Rule 26 required the submission of expert reports for the first time, and was a significant change that the drafters hoped would reduce the need for expert depositions. According to the drafters, "concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." *Collins*, 197 F.R.D. at 357, quoting Advisory Committee Notes. Thus, Judge Kennelly ordered that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert under Rule 26(b)(4)(C)(i), the predecessor section number to Rule 26 (b) (4) (E). *Id.* at 357. Finally, in spite of the statement CCI relies on, the Court in *E.E.O.C.* held that expert fees should be awarded in that case under the former version of Rule 26(b)(4) because that case, like this one, was complex. 135 F.R.D. at 526-527.

### A. NEXT's Experts' Hourly Rates Are Reasonable.

CCI agreed to Dr. Valerdi's week day rate and the rate of Mr. Snell. (Ex. 5, Dkt. 271-7). Further, it did not object to Dr. Valerdi's weekend rate. (*Id.*). CCI's belated objection to Dr. Valerdi's weekend rate as "inflated" (Dkt. 278 at p. 6) is entirely without merit and should be rejected particularly where, as here, it is the same as Dr. Shamos' full time rate, Defendant's expert

hired to rebut Dr. Valerdi (Ex. 17 Dr. Valerdi Decl. ¶ 8 and Dkt. 250-1 (Dr. Shamos' Report)) and

Dr. Sam Malek a comparable expert. (*Id.*) Similarly, CCI agreed to and did not object to Mr. Snell's

hourly rate. (Ex. 5, Dkt. 271-7). Indeed, again, their rebuttal damages expert, Mr. Schoettelkotte

charges more than Mr. Snell. (Ex. 21, Decl. of Snell, ¶ 11; Ex. 22).

### B. The Time NEXT's Experts' Spent Preparing for Which NEXT seeks compensation is Reasonable.

CCI argues that the 3:1 ratio identified by the court in *Se-Kure Controls, Inc. v. Vanguard*

*Products Grp., Inc.,* 873 F. Supp. 2d 939, 954 (N.D. Ill. 2012) should not apply because the

experts' preparation time was excessive and not sufficiently detailed. (Dkt. 278, pp. 2-6).

As part of this argument, CCI argues there was a short time between the experts' report

and the experts' depositions. CCI tells this Court that the relevant date of the experts' reports was

August 20, 2018, the date that NEXT's experts served Supplemental reports (Dkt. 278, Mot. at 4),

CCI argues that the one month that elapsed between that date and the date of the experts'

depositions on September 25, and September 27 should reduce the applicable ratio of preparation

time to deposition time to 1:1, citing *Collins v. Village of Woodbridge,* 197 F.R.D. 354, 358 (N.D.

Ill. 1999). (Mot. at 3-4).[1]  However, the actual passage of time was from the experts' initial reports

(July 16) to their depositions (September 25 and 27) was in fact over two months, a month longer

than CCI argues. Further, CCI ignores that NEXT's experts prepared more than one report (Dr.

Valerdi prepared three; Mr. Snell prepared two). CCI also ignores that as part of their preparation,

NEXT's experts reviewed their rebuttal reports which summarized their review of CCI's rebuttal

experts' reports: Dr. Shamos' rebuttal report to Dr. Valerdi's expert report was over 225 pages and

---

[1] *Collins*, however, does not support CCI's argument.  In *Collins*, the "defendants requested the depositions promptly after receiving the experts' reports and did not inordinately delay scheduling the depositions.  There, the court ordered that 1 ½  preparation time should be awarded in the gender discrimination case before it.

included 100s of articles and numerous videos that were several hours long.  Mr. Schottelkotte's

rebuttal report to Mr. Snell's damages report totaled 98 pages with 24 additional pages of detailed

financial calculations and charts. Dr. Valerdi's reports totaled 87 pages not including his 51 page

chart to his first report and Mr. Snell's reports totaled 35 pages, along with 25 pages of technical

detailed charts supporting his financial calculations. Here, as CCI acknowledges is the case, NEXT

has demonstrated the nature and complexity of the case warrant the 3:1 ration it has proposed.

Indeed, the *Collins* court noted that it is the materials the experts relied on in their reports and had

to review in connection with preparing for their deposition that should control in addition to the

nature of the case. There was no indication in *Collins* that the experts were addressing the amount

of discovery in this case, including the issues presented by CCI's dilatory conduct, nor that the

experts filed multiple reports as a result.

Second, the detail in Mr. Snell's invoice is more than sufficient to support his review time,

even though NEXT is not seeking to have CCI compensate Mr. Snell for all of the time he invoiced

for preparing for his deposition but, rather, 18.75 hours of the 33 hours invoiced. (Mot. at 9).

Contrary to CCI's objections (Mot. at 5-6), Mr. Snell did review materials related to David Steiner,

Paul Johns, Jill Staszak and the Second Amended Complaint in his reports. However, the

deposition transcripts for the three individuals did not become available until after Mr. Snell's

reports. For instance, Mr. Snell refers to David Steiner and documents involving him at least 11

times in his 7/16/18 report (Ex. 18 ¶¶ 10, 58-61, 63, 78, 79, 82, 83 and 105), but Mr. Steiner's

deposition was not held until July 25, 2018 (See Ex. 23 hereto). Mr. Johns is referenced at least 2

times in Mr. Snell's 7/16/18 Report but his deposition was not held until August 16, 2018. (See

Ex. 24 hereto). Additionally, NEXT's invoicing which underlie NEXT's breach of contract claims

are referenced at least 6 times in Mr. Snell's Opening Report (Ex. 18 ¶¶ 34, 35, 80, 85, 87, Ex. 2)

and Jill Staszak, 51% owner of NEXT handled NEXT's invoicing (*See* Ex. H ¶¶ 4-16 (Decl. of Staszak in Support of Summary Judgment). Staszak was not deposed until July 24, 2018 (Ex. 25), after Mr. Snell's opening report. As to NEXT's Second Amended Complaint, it had been filed on 9/18/18 (Dkt. 171) shortly before Mr. Snell's deposition on September 27, 2018 and was the subject of questioning by CCI at Mr. Snell's deposition. (Ex. 20 Tr. 288:4-19). CCI's objections to Mr. Snell's review of these depositions and documents is without merit.

CCI identifies no entry in Dr. Valerdi's invoices to which it objects. (Mot. at 6) Rather, it describes the entries as "generic time entries". CCI does not identify what "generic time entries" are nor what is wrong with Dr. Valerdi's time entries. In any event, a review of NEXT's experts' invoices make clear that they have itemized time spent and tasks involved in preparing for their deposition, time spent attending their deposition and, in the case of Dr. Valerdi, he sufficiently itemized his travel costs sufficient to support NEXT's motion to compel CCI to compensate its experts.

## IV.  CONCLUSION

For the reasons set forth in NEXT's Motion to Compel CCI to compensate its experts and set forth above, and pursuant to F.R.Civ. P. 26 (b) (4) (E), Plaintiff NEXT respectfully requests that this Court overrule CCI's objections to NEXT"s motion and order Defendant CCI to compensate: 1) Dr. Valerdi the $9,714.29 in time associated with preparing for and attending his deposition and documented travel expenses and Mr. Snell $15,000 in time spent preparing for and attending his deposition and in reviewing his deposition for accuracy.

RESPECTFULLY SUBMITTED,
PLAINTIFF NEXT PAYMENT SOLUTIONS, INC.,

February 1, 2019             BY:    /s/ Susan Bogart
                                    Susan Bogart

Law Offices of Susan Bogart
111 W. Jackson St., Suite 1700
Chicago, Illinois 60602
Sbogart514@aol.com
sbogart@susanbogart.com
Tel: 312-214-3271

Eric C. Cohen
Brinks Gilson & Lione
455 N. Cityfront Plaza Drive Suite 3600
Chicago, IL 60611
eccohen@brinksgilson.com
Tel: (312) 321-4200

**Exhibit List**

| Exhibit | Description |
|---|---|
| 1 | Deposition Notice for Ricardo Valerdi |
| 2 | Deposition Notice for Jeffrey Snell |
| 3 | Email correspondence 9/17 and 9/18 between counsel re CCI agreement to pay expert fees |
| 4 | NEXT's correspondence dated 10/16/18 forwarding Invoices of Ricardo Valerdi and Jeffrey Snell |
| 4 (a) | Global Economics 10/9/18 correspondence forwarding Snell invoice for deposition preparation **Under Seal** |
| 4 (b) | Quandary Peak 10/15/18 Invoice for Valerdi's time preparing for his deposition **Under Seal** |
| 5 | NEXT's counsel's 11/29/18 email to CCI requesting a status on paying expert compensation and forwarding Snell's invoice for reviewing his transcript for accuracy and preparing errata sheet (**Invoice Under Seal**) |
| 6 | CCI's 12/7/18 email stating they will respond to NEXT's correspondence relating to CCI's compensation of NEXT's experts |
| 7 | CCI's 12/10/18 Proposal for paying NEXT's experts' compensation relating to their depositions |
| 8 | NEXT's 12/12/18 Response to CCI's Proposal |
| 9 | NEXT's 1/3/19 email to CCI inquiring about CCI's lack of a response and whether the parties' were at an impasse |
| 10 | CCI's 1/4/19 Response |
| 11 | NEXT's 1/4/19 Response rejecting CCI's proposal |
| 12 | CCI's 1/4/19 Reply requesting to review expert's declaration before NEXT file its motion |
| 13 | Valerdi 7/16/18 Opening Report **Under Seal** |
| 14 | Valerdi 8/20/18 Supplemental Report **Under Seal** |
| 15 | Valerdi 9/18/18 Rebuttal Report **Under Seal** |
| 16 | Valerdi 9/25/18 Deposition Transcript **Under Seal** |
| 17 | Valerdi Declaration **Under Seal** |
| 18 | Snell 7/16/18 Opening Report **Under Seal** |
| 19 | Snell 8/20/18 Supplemental Report **Under Seal** |
| 20 | Snell 9/27/18 Deposition Transcript **Under Seal** |
| 21 | Snell Declaration **Under Seal** |
| 22 | Shoettelkotte Expert Report **Under Seal** |
| **23** | **Cover of David Steiner Deposition** |
| **24** | **Cover of Paul Johns Deposition** |
| **25** | **Cover of Jill Staszak Deposition** |