UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17 CV 8829 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S IDENTIFICATION OF ALLEGED TRADE SECRETS FOR TRIAL**

Defendant CLEAResult Consulting Inc. submits this memorandum of law in support of its Motion to Compel Plaintiff's Identification of Alleged Trade Secrets for Trial, and states as follows:[1]

With only two months until trial, CLEAResult moves to compel NEXT to amend its interrogatory responses to—finally—identify with specificity the alleged trade secrets it asserts CLEAResult misappropriated. This Court already found that NEXT's alleged trade secrets as presently identified in its interrogatory responses are insufficient as a matter of law. And while the Court left open the possibility that NEXT *could* identify a set of trade secrets with sufficient particularity, NEXT has yet to do so.

Specifically, CLEAResult requests that the Court compel NEXT to identify the particular trade secrets it intends to pursue at trial, including: (1) the precise software feature(s) at issue, including what these features do, and where specifically in the software they are located; (2) NEXT's basis for contending that each such feature is a trade secret as defined by the Defend Trade

---

[1] Pursuant to Local Rule 37.2, CLEAResult made a good-faith attempt to resolve this dispute but was unable to reach an accord. (Fuga Decl. ¶ 2.)

1

Secrets Act ("DTSA"), including what steps NEXT has taken to keep the feature confidential and why the feature was not readily ascertainable to CLEAResult before it transitioned from the FAST Tool to DSMTracker; (3) the point in time at which the FAST Tool had those specific features; (4) NEXT's basis for contending that the DSMTracker software lacked such features at the time CLEAResult acquired it; and (5) where in the DSMTracker software such features now appear or have appeared. Without full disclosure of this information now, CLEAResult will be required to prepare its pretrial motions, exhibits, and witness list without knowing what NEXT claims are trade secrets, and defend against NEXT's trade secret allegations that will be articulated, for the first time, in front of the jury.

## LEGAL STANDARD

A party may seek an order to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The liberal discovery rules are intended to assist in the preparation for trial, and the district court has broad discretion to fashion a ruling appropriate for the circumstances of the case. *Zaborowski v. Sheriff of Cook Cty.*, No. 08 C 06946, 2011 WL 247289, at *1 (N.D. Ill. Jan. 26, 2011); *see Dyson, Inc. v. Sharkninja Operating LLC*, No. 1:14-CV-0779, 2016 WL 5404605, at *4 (N.D. Ill. Sept. 28, 2016) (granting defendant's motion to compel more complete interrogatory responses after court denied its motion for summary judgment). Thus, if a plaintiff fails to provide the required specificity regarding its allegedly stolen trade secrets, a court should compel a more detailed response. *See, e.g., GlobalTap LLC v. Elkay Mfg. Co.*, No. 13 C 632, 2015 WL 94235, at *6 n.8 (N.D. Ill. Jan. 5, 2015) (noting the court granted the defendant's motion to compel more specific response identifying the plaintiff's trade secrets).

# ARGUMENT

**I.     In its Order on summary judgment, the Court found that NEXT's trade secrets had not been identified sufficiently as a matter of law.**

On summary judgment, this Court held that NEXT's trade secret description "is too broad and generalized, and it is not evidence of a concrete secret or other information that would allow the Court or a fact finder to assess whether such information was kept secret or derives economic value." (Opinion, Dkt. No. 285, at p. 51.) The Court specifically noted that NEXT's description of its alleged trade secrets in its revised interrogatory responses "does nothing to separate genuine trade secrets from generic features that are part of every software program such as '[a]lgorithms and rules to automate certain tasks.'" (*Id.*); *see also IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) ("[A] plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition."). The Court further explained that NEXT's "description of its trade secret in response to [CLEAResult's] interrogatory No. 21 is even more broad and consists of more than five pages of jargon describing all of Plaintiff's software, including aspects of its software that are unrelated to Plaintiff's DTSA claim." (Opinion at p. 51, n.15.) The Court ultimately concluded that "none of this information can form the basis of Plaintiff's DTSA claim for the simple reason that Plaintiff <u>fails to come forward with any evidence showing that these broad categories of information are the information that [CLEAResult] allegedly misappropriated</u>." (*Id.* at pp. 51–52.) (emphasis added). The Court thus granted summary judgment in CLEAResult's favor "on any DTSA claim based on the broad categories of information referenced above that merely describe Plaintiff's software in broad and generalized terms." (*Id.* at p. 52.)

3

**II.     The Court outlined strict parameters for what NEXT could present as a trade secret.**

The Court provided NEXT with little leeway to go forward on its trade secret claim: only NEXT's alleged trade secrets that were "features of the FAST Tool that were not part of DSMTracker before [CLEAResult] transitioned from the FAST Tool to DSMTracker" remain triable issues in this case. (*Id.*) For instance, the Court found that NEXT put forth sufficient evidence to survive summary judgment that "online scheduling and inventory management" are "software features . . . added to DSMTracker after [CLEAResult] accessed the Next System Back End." (*Id.* at p. 53.) But the Court specified that NEXT could go forward on its DTSA claim only "to the extent those claims are based on the unique features of the FAST Tool that were not part of DSMTracker until after [CLEAResult] accessed the NEXT System Back End."  (*Id.*)

**III.    On the eve of trial, NEXT's interrogatory responses remain fundamentally incomplete.**

NEXT has not supplemented its interrogatory responses consistent with the Court's Order. Trial is currently scheduled to start May 20, 2019, with a Final Pretrial Order due on April 15, 2019 requiring the disclosure of all witnesses, exhibits, and deposition testimony. (Dkt. No. 287.) As it stands, the Court has rejected NEXT's own articulation of its trade secrets as overbroad and legally insufficient. NEXT should be required to concretely describe its alleged trade secrets so CLEAResult can adequately prepare for trial.

A defendant is entitled to specific information about a plaintiff's alleged trade secrets to defend itself against a claim of misappropriation. *Lynchval Sys., Inc. v. Chi. Consulting Actuaries, Inc.*, No. CIV.A. 95 C 1490, 1996 WL 735586, at *5 (N.D. Ill. Dec. 19, 1996) ("[T]he defendants cannot be expected to prepare [their] rebuttal to [the plaintiff's] claims without some concrete identification of exactly which aspects of [its] programs they alleged were incorporated into their own program."). As such, courts require a plaintiff proceeding to trial on a trade secret claim to

provide "specific, clear, detailed, and precise" identification of its alleged trade secrets in its pre-trial disclosures. *See CardioVention, Inc. v. Medtronic, Inc.,* 483 F. Supp. 2d 830, 844 (D. Minn. 2007) (requiring trade secret plaintiff to provide detailed list of its trade secrets so the court can "proceed with trial and . . . correctly instruct the jury").

Here, despite the Court's conclusion that NEXT failed to sufficiently identify its trade secrets, NEXT has not supplemented its interrogatory responses to identify "specific, clear, detailed, and precise" trade secrets. CLEAResult will be significantly prejudiced if NEXT does not fully explain which trade secrets can proceed to trial under the narrow framework described in the Court's summary judgment Order. Specifically, because this Court held that NEXT's DTSA claim is limited to the FAST Tool's "unique features that did not exist" in DSMTracker and are not readily ascertainable in the software industry, CLEAResult is entitled to know what those specific features are. (*See* Opinion at p. 55.) CLEAResult should not have to guess what NEXT will assert at trial as its trade secrets. Instead, NEXT should be compelled to revise its interrogatory responses now to specify the precise software features at issue, what those features do, where they are located, when the FAST Tool had such features, and other crucial factual issues for trial.

///

///

///

///

///

///

///

And even for the narrow trade secrets that the Court identified as being potentially sufficient, i.e. the "online scheduling" and "inventory management" features of the FAST Tool that did not exist in DSMTracker, NEXT has never provided the parameters or details of those alleged trade secrets. For example, the phrase "online scheduling" does not even appear in NEXT's response to Interrogatory No. 21. (Sealed Ex., Dkt. No. 200.[2]) Similarly, NEXT broadly references "inventory management," but never describes what inventory management is, how it is a trade secret, or what features are secret beyond the abstract idea of inventory management. (*Id*. at 3.) NEXT merely states that the "NEXT FAST TOOL included a processing engine, rules software and administrative modules designed to provide appointment, scheduling and inventory management." (*Id*.) As this Court already held, that level of detail is insufficient at this stage of the case. *See also IDX Sys. Corp.*, 285 F.3d at 584. This Court should therefore compel NEXT to provide a concrete identification of the trade secrets it intends to pursue at trial to enable CLEAResult to defend itself, and provide a more efficient trial process for the parties, the Court, and the jury.

## CONCLUSION

In light of the Court's Opinion, NEXT's deficient identification of its alleged trade secrets, and the upcoming trial, CLEAResult requests that the Court compel NEXT to identify the particular trade secrets it intends to pursue at trial including: (1) the precise software feature(s) at issue, including what these features do, and where in the software they are located; (2) NEXT's basis for contending each such feature is a trade secret as defined by the DTSA, including what steps NEXT

---

[2] Dkt. No. 200 is Plaintiff NEXT Payment Solutions, Inc.'s Verified Second Revised Confidential Answers to CLEAResult Consulting, Inc.'s Second Set of Interrogatories, which NEXT previously directed CLEAResult to file under seal, but this Court later determined was too broad and generalized to be filed under seal. (*See* Opinion at p. 51, n. 15.) CLEAResult will provide a courtesy copy of that exhibit to the Court and NEXT's counsel along with this filing.

has taken to keep the feature confidential and why the feature was not readily ascertainable to CLEAResult before it transitioned from the FAST Tool to DSMTracker; (3) the point in time at which the FAST Tool had such features; (4) NEXT's basis for contending that the DSMT software lacked such features at the time CLEAResult acquired it; and (5) where in the DSMT software such features now appear or have appeared.

Dated: March 21, 2019

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *s/ Shannon Armstrong*
J. Matthew Donohue (admitted *pro hac vice*)
Matt.Donohue@hklaw.com
Shannon Armstrong (admitted *pro hac vice*)
Shannon.Armstrong@hklaw.com
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014

Anthony J. Fuga (#6301658)
Anthony.Fuga@hklaw.com
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

Attorneys for Defendant
CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

      I hereby certify that I caused the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S IDENTIFICATION OF ALLEGED TRADE SECRETS FOR TRIAL to be served on the following person[s]:

| | |
|---|---|
| Susan Bogart<br>Law Offices of Susan Bogart<br>111 W. Jackson Blvd., Suite 1700<br>Chicago, IL 60604<br>sbogart@susanbogart.com<br><br>Attorney for Plaintiff | Eric C. Cohen<br>Theresa L. Starck<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Drive, Ste. 3600<br>Chicago, IL 60611<br>eccohen@brinksgilson.com<br>tstarch@brinksgilson.com<br><br>Attorney for Plaintiff |

by the following indicated method or methods:

X     by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐     by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐     by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐     by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐     by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

    DATED March 21, 2019.

                                          *s/ Shannon Armstrong*
                                          Shannon Armstrong