UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., | ) |
| Plaintiff, | ) Case No. 1:17-cv-08829 |
| v. | ) Honorable Rubén Castillo |
| CLEAResult Consulting, Inc., | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEADLINES RELATED TO PRETRIAL ORDER, MOTIONS *IN LIMINE* AND PRETRIAL CONFERENCE AND REQUEST THAT THE COURT ENTER A BRIEFING SCHEDULE TO DEFENDANT'S MOTION TO TRIFURCATE THE TRIAL**

**I.  Introduction**

This brief is filed in opposition to Defendant's motion (Dkt. 319) to vacate the dates for the pretrial order, the pretrial conference, and the trial, which this Court set by order dated April 29, 2019. ( Dkt. 305.)

***Plaintiff requests that this Court deny Defendant's motion to vacate and that this Court strike the motion hearing Defendant noticed for May 8, 2019 for two motions (Dkt. 316 and Dkt. 319)*** so that counsel may concentrate on the preparation of the pretrial order.  Plaintiff further requests that this Court set the same briefing schedule for CCI's motion to trifurcate (Dkt. 316) as it set for Defendant's motion for discovery sanctions (Dkt. 309).  *See* Dkt. 315, setting May 10, 2019 as the date for Plaintiff's response and May 15, 2019 as the date for Defendant's reply.

Since this Court set the date for filing the Pretrial Order and motions *in limine* for May 10, 2019 (Dkt. 305) (the second such order entered by the Court (*see* Dkt. 287), CCI has filed three separate motions: 1) the motion for sanctions for a nonexistent discovery violation (Dkt. 309); 2) a motion to trifurcate the trial. (Dkt. 316); and 3) a motion to set aside the pretrial order date, the

motions *in limine* date, and the pretrial conference date (Dkt. 319). CCI has noticed all of these motions for May 8, 2019. As to the first motion, this Court struck the May 8 hearing date and directed NEXT to file its response to the Motion for Sanctions by May 10. (Dkt. 315).

## II.      Procedural History – CCI's Multiple Attempts to Avoid A Trial

Plaintiff opposes CCI's motion to set aside the dates for the pretrial order and motions *in limine* to be filed and its motion to vacate the Pretrial Conference date. As is set forth in detail below, CCI is quite clearly attempting to delay their day of reckoning when a jury evaluates the evidence in this case as to NEXT's 39 trade secrets and CCI's 10-month enterprise focused on stealing these trade secrets and copying them into DSMTracker. Indeed, CCI assigned approximately 169 employees who spent over 26,000 hours investigating, documenting, and copying each of the modules of NEXT's FAST Tool. Following their theft, CCI abruptly terminated its relationship with NEXT resulting in its near demise.

NEXT's motion for preliminary injunction has been pending for over a year (Dkt. 49) and this Court first set a hearing on that motion combined with a trial on the merits over a year ago, on April 17, 2018 (Dkt. 65). Since that time, CCI has orally moved to continue the trial date (Dkt. 81), filed a written motion to continue the trial date (Dkt. 85), orally moved again to vacate the trial date (Dkt. 151), moved for summary judgment (Dkt. 154), withdrawn and filed an amended motion for summary judgment (Dkt. 186, 187), moved to vacate the April 15, 2019 pretrial order date this Court set at the March 13, 2019 status as part of a request that NEXT further identify its trade secrets for trial (Dkt. 287). There is no question that the flurry of activity on CCI's part is directed at two goals: having this Court vacate the May 20, 2019 trial date and interfere with NEXT's preparation of the Pretrial Order and for trial. There is also no doubt that CCI's attempts at delay prejudice NEXT. "An unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation." *Real v. Bunn-O-Matic,* 195 F.R.D. 618, 624 (N.D. Ill. 2000).

Plaintiff requests that this Court deny with prejudice CCI's motion to vacate the pretrial order, motions *in limine* and pretrial conference dates and vacate the May 8, 2019 motion call noticed by Defendant's counsel for presentment. (*See* Dkt. 318 (noticing Dkt. 316 for presentment at 9:45 am on May 8, 2019) and Dkt. 320 (noticing Dkt. 319 for presentment at 9:45 am on May 8, 2019).)

CCI's delay tactic is self-evident. NEXT moved on April 19, 2018 for this Court to set the date for submission of a pretrial order, the same day NEXT served its identification of trade secrets for trial. CCI neither filed a written response nor did it advise NEXT that there was anything wrong with NEXT's identification of its trade secrets. Ten days later, on April 29, 2019, this Court set May 10, 2019 as the date for filing the pretrial order, and May 15, 2019 for the date of the pretrial conference. The parties have exchanged trial exhibit lists, copies of exhibits marked for trial, witness lists, deposition designations and NEXT's itemization of damages. The parties are working to complete the pretrial order.

Neither of Defendant's pending motions (Dkt. 309 or Dkt. 316) provide any basis for delaying the trial. Under the schedule set by this Court (Dkt. 315), Plaintiff must respond on May 10, 2019 (the date the pretrial order must be filed) to Defendant's Motion for Discovery Sanctions Excluding Trade Secrets at Trial (Dkt. 309, 310). NEXT submits that CCI's motion to trifurcate should be briefed on the same schedule.

CCI's delay tactics are self-evident. On April 29, 2019, without any written response from Defendant, this Court granted Plaintiff's motion and set May 10, 2019 as the date for the filing of the pretrial order and May 15, 2019, as the date for the pretrial conference. (Dkt. 305.) Thereafter, Defendant filed three motions in which they propose one or more means for delaying the trial:

    a. Defendant's motion for discovery sanctions excluding trade secret evidence at trial (Dkt. 309);

    b. Defendant's motion to "trifurcate" the trial (Dkt. 316); and

    **c.** Defendant's motion to vacate the date for filing the pretrial order, the date for the pretrial conference and the trial. (Dkt. 319.)

**III. Defendant's Motion for Discovery Sanctions Excluding Trade Secrets (Dkt. 309, 310) Does Not Support Defendant's Motion to Vacate the Dates for the Pretrial Conference and Trial (Dkt. 319)**

    NEXT will respond in full to Defendant's motion for discovery sanctions (Dkt. 309) on May 10, the date set by this Court, which is the same date the pretrial order is due. (Dkt. 315.) Without going into the full bases for denying the motion, CCI's motion is without merit because, among other things, there has been no discovery violation that would support the discovery sanctions CCI requests, among the other relief set forth in that motion. Defendant's reply is due on the date of the pretrial conference, May 15, 2019. (*Id.*) The motion seeks other relief, most notably an additional thirty days of discovery, which would delay the trial. The request for additional discovery is self-contrived, given that it was CCI who demanded a further identification of trade secrets for trial. Now that NEXT has provided the clarification CCI requested, CCI is using that clarification as an excuse for further delay and further expense.

    In granting CCI's motion that NEXT provide further identification of its trade secrets, this Court made clear it was for purposes of trial and for the jury's benefit, not discovery. Further, NEXT's identification makes clear where in DSMTracker NEXT's trade secrets are located based on discovery produced by CCI. Indeed, in its motion to compel identification of trade secrets *for trial* (Dkt. 289), CCI argued

> CLEAResult will be significantly prejudiced if NEXT does not fully explain which trade secrets can proceed to trial under the narrow framework described in the Court's summary judgment Order. Specifically, because this

4

> Court held that NEXT's DTSA claim is limited to the FAST Tool's "unique features that did not exist" in DSMTracker and are not readily ascertainable in the software industry, CLEAResult is entitled to know what those specific features are. (See Opinion at p. 55.) CLEAResult should not have to guess what NEXT will assert at trial as its trade secrets. Instead, NEXT should be compelled to revise its interrogatory responses now to specify the precise software features at issue, what those features do, where they are located, when the FAST Tool had such features, and other crucial factual issues for trial.

(Dkt. 289 at 5.) NEXT did *exactly* what CCI requested NEXT do and what this Court ordered NEXT to do (*See* Dkt. 307), and CCI did not contest NEXT's identification of trade secrets until after this Court had set the date for the pretrial conference. (*See* Dkt. 305 (setting date for pretrial conference); Dkt. 309-310 (requesting that trial be postponed for 30 days to allow CCI to reopen discovery); Dkt. 319 (seeking to vacate the trial date).)

Previously, this Court denied Defendant's discovery motions requesting further identification of the trade secrets for trial on July 31, 2018, the date discovery closed. (Dkt. 125 at 34-35.) It defies reason that Plaintiff should be sanctioned for an alleged insufficient identification of its trade secrets during discovery, when this Court denied Defendant's motion for a more specific definition. Moreover, despite numerous opportunities to discover NEXT's trade secrets in discovery, CCI put its head in the sand and chose not to do so despite deposing Matt Peterson, NEXT's CEO for two days, and NEXT's technical expert for a full day.

Judge Posner once explained, "The ostrich is a noble animal, but not a proper model for an appellate advocate." *Gonzalez-Servin v. Ford Motor Company,* 662 F.3d 931, 934 (7th Cir. 2011). Neither is it a model for trial counsel that engages in the "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist" – a tactic deemed unprofessional as it is pointless. *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir.1989), quoting *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir.1987).

5

CCI cannot now complain that its strategic decisions should be ignored and it be granted a third opportunity to delay the trial in this case.

### IV. CONCLUSION

Wherefore, for the reasons set forth above, NEXT respectfully requests that:

1) Defendant's motion to vacate the schedule for filing the pretrial order, the pretrial conference and the trial should be denied with prejudice;

2) a briefing schedule be set for NEXT to respond by May 10, 2019 to Defendant's motion to trifurcate the trial; and

3) the hearing date of May 8 for presentment of Defendant's motions be stricken.


Dated: May 6, 2019

NEXT PAYMENT SOLUTIONS, INC.

By: /s/ Susan Bogart
Law Offices of Susan Bogart
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
sbogart@susanbogart.com
Tele: (312) 214-3271

Eric C. Cohen
Brinks Gilson & Lione
455 N. Cityfront Plaza Drive, Ste 3600
Chicago, Illinois 60611
eccohen@brinksgilson.com
Tel: (312) 321-4200

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEADLINES RELATED TO PRETRIAL ORDER, MOTIONS *IN LIMINE* AND PRETRIAL CONFERENCE AND REQUEST THAT THE COURT ENTER A BRIEFING SCHEDULE TO DEFENDANT'S MOTION TO TRIFURCATE THE TRIAL was served on May 6, 2019, in accordance with Fed.R.Civ. P. 5, L.R.5.5 and the General Order on Electronic Case Filings (ECF) pursuant to the District Court's system as to ECF filers upon Opposing Counsel of Record.

                                                    By: /s/ Eric C. Cohen