UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT PAYMENT SOLUTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 8829 ) ) Chief Judge Rubén Castillo |
| CLEARESULT CONSULTING, INC., | ) ) |
| Defendant. | ) |

## ORDER

CLEAResult Consulting, Inc. ("Defendant") moves to exclude NEXT Payment Solutions, Inc.'s ("Plaintiff") evidence of alleged trade secrets at trial as a discovery sanction pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to obey the Court's order compelling Plaintiff to identify its trade secrets with more particularity. (R. 296, Min. Entry; R. 309, Mot. at 1; R. 310, Mem. at 2.) This Court has "wide latitude in fashioning appropriate sanctions" and may sanction Plaintiff for failing to comply with its discovery orders. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). The Court concludes that Plaintiff has supplemented its identification of the trade secrets at issue and complied with the Court's orders. (*See* R. 307-2, Identification of Trade Secrets.) Defendant argues that the supplemental identification is not enough for Plaintiff to maintain its trade secret claims, but that argument goes to the merits and is an issue properly raised in a dispositive motion or at trial instead of a discovery motion. *See Hubbell Indus. Controls, Inc. v. Electro Power Sys. of Utah, Inc.*, No. 12-CV-8609, 2013 WL 5676916, at *4 (N.D. Ill. Oct. 17, 2013) (denying motion to compel and observing that "[a]rguments . . . about the functionality or distinctiveness of [a party's] trade dress go to the merits . . . , not to the sufficiency of [a party's] response to [discovery]"); *Stereo*

*Optical Co. v. Judy*, No. 08 C 2512, 2009 WL 1360871, at *2 (N.D. Ill. May 14, 2009) ("To the extent that VAC argues that none of the documents supplied by Stereo are sufficient to support a trade secret claim, that is a matter to be determined on the merits . . . and not on a discovery motion."). Accordingly, the Court denies Defendant's motion for sanctions. *See* FED. R. CIV. P. 37(b)(2)(A) (allowing courts to issue sanctions if a party "fails to obey an order").

The Court, however, shares Defendant's concern that the parties are not prepared to try this complex case in light of Plaintiff's recently-filed document identifying 34 different software features as claimed trade secrets. (*See* R. 310-1, Tr. at 4; R. 307-2, Identification of Trade Secrets; R. 319, Mot. at 1.) Plaintiff asks the Court to retain the current trial schedule and argues that Defendant has attempted to "avoid" trial. (R. 321, Resp. at 2-6.) The Court disagrees. Rather, the trial has been delayed for a number of reasons, which include Plaintiff's decisions to seek extensions, amend its complaint, disclose its asserted trade secrets late in the case, and pursue broad theories of recovery that lack merit. (*See, e.g.*, R. 36, Am. Compl.; R. 125, Order; R. 207, Mot. for Extension; R. 261, Mot. for Extension; R. 285, Order; R. 307-2, Identification of Trade Secrets.) In the interests of justice and in light of Plaintiff's recent disclosure of 34 claimed trade secrets, the Court grants Defendant's request to re-open expert discovery for 30 days to allow Defendant to supplement its expert report. *See Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019) ("A district court . . . must have a wide berth to manage caseloads and dockets and therefore a district court's exercise of its discretion in scheduling trials and granting or denying continuances is almost standardless." (internal quotations and alteration omitted)); *Noble Roman's Inc. v. B & MP, LLC*, No. 15 CV 9446, 2017 WL 1163866, at *8-9 (N.D. Ill. Mar. 29, 2017) (granting motion to reopen limited discovery into relevant information). The Court also grants Defendant's request for leave to file a motion for summary judgment on

the narrow issue of whether Plaintiff has sufficiently identified any trade secrets. Defendant may file such a motion within 45 days of the date of this order. Plaintiff shall respond within 14 days, and a reply, if any, is due ten days after Plaintiff files its response. The Court will rule by mail.

To accommodate this briefing schedule, the Court reschedules the deadline for the pretrial order and the date for the pretrial conference to July 9, 2019, and July 10, 2019, respectively. The trial previously scheduled for May 20, 2019, is rescheduled to August 8, 2019. Defendant's motion to "trifurcate" the trial is denied without prejudice to its renewal after the Court rules on Defendant's narrow motion for summary judgment.

Accordingly, for the reasons stated herein, Defendant's motion for sanctions (R. 309; R. 310) is GRANTED only as to Defendant's request for leave to file a motion for summary judgment and supplement its expert report within 30 days of the date of this order. The motion is DENIED in all other respects. Defendant's motion to "trifurcate" the trial (R. 316) is DENIED without prejudice, and Defendant's motion to set aside the deadline for the pretrial order and the date for the pretrial conference (R. 319) is GRANTED as set forth herein. The pretrial order is due on or before July 9, 2019, and the pretrial conference is rescheduled to July 10, 2019. The trial is rescheduled to August 8, 2019. The parties are DIRECTED to reevaluate their settlement positions in light of this order and exhaust all settlement possibilities.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: May 8, 2019**

3