UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17 CV 8829 |

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant CLEAResult Consulting Inc., by and through its counsel, submits this statement of undisputed material facts pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(3) in support of its motion for partial summary judgment.

**I.      PARTIES, VENUE, AND JURISDICTION**

1.      Defendant CLEAResult Consulting Inc. ("CLEAResult") is a Texas corporation with its principal place of business in Texas. CLEAResult implements residential energy efficiency programs for utilities, among other things.

Support: Pl.'s Resp. to Def.'s Local Rule 56.1 Statement of Undisputed Facts, Dkt. No. 243-1 at 2.[1]

2.      Plaintiff NEXT Payment Solutions, Inc. ("NEXT") is an Illinois corporation with its principal place of business in Illinois. NEXT was a CLEAResult vendor, providing software development services and exclusive licensing rights for a rebate incentive processing portal.

Support: Dkt. No. 243-1 at 2.

3.      Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1).

Support: Dkt. No. 243-1 at 2.

---

[1] To avoid filing additional material under seal, CLEAResult cites to documents already in the record.

1

4.	Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(c)(2).

Support: Dkt. No. 243-1 at 3.

## II.	NEXT'S DESCRIPTION OF ITS ALLEGED TRADE SECRETS

5.	On June 8, 2018, CLEAResult served on NEXT Interrogatory No. 21, which asked NEXT to "[i]dentify with precision and specificity each alleged trade secret that NEXT alleges CLEAResult misappropriated from NEXT. NEXT's identification should include an identification of the software architecture of the allegedly misappropriated trade secret, the software specifications for the allegedly misappropriated trade secret, the structural elements of the allegedly misappropriated trade secret, the design of the allegedly misappropriated trade secret, and, to the extent NEXT alleges that its source code was misappropriated, each file and line of code of the allegedly misappropriated trade secret."

Support: Dkt. No. 106-1; Dkt. No. 243-1 at 20.

6.	In July 2018, NEXT served its response to Interrogatory No. 21, which is filed in the record as Dkt. No. 106-2.

Support: Dkt. No. 106-2; Dkt. No. 110; Dkt. No. 243-1 at 20.

7.	On July 13, 2018, CLEAResult moved to compel NEXT to supplement its description of its trade secrets in response to Interrogatory No. 21.

Support: Dkt. No. 243-1 at 22; Dkt. No. 104; Dkt. No 105.

8.	The Court denied CLEAResult's motion to compel and stated that the adequacy of NEXT's alleged trade secrets should be determined at summary judgment.

Support: Dkt. No. 125 at p. 35.

9.	On February 27, 2019, the Court issued its decision on summary judgment and stated that NEXT's trade secret description "is too broad and generalized, and it is not evidence of a concrete secret or other information that would allow the Court or a fact finder to assess whether such information was kept secret or derives economic value." The Court granted summary judgment "as to all the information that [NEXT] claims is a trade secret except for those parts of the FAST Tool that were not present in DSMTracker before [CLEAResult] transitioned from the FAST Tool to DSMTracker."

Support: Dkt. No. 285 at pp. 50-51.

10.	On March 21, 2019, CLEAResult moved to compel NEXT to supplement its description of its trade secrets in accordance with the Court's order because NEXT rejected CLEAResult's request for that information. The motion asked NEXT to identify: (1) the precise software feature(s) at issue, including what these features do, and where in the software they are located; (2) NEXT's basis for contending each such feature is a trade secret as defined by the

DTSA, including what steps NEXT has taken to keep the feature confidential and why the feature was not readily ascertainable to CLEAResult before it transitioned from the FAST Tool to DSMTracker; (3) the point in time at which the FAST Tool had such features; (4) NEXT's basis for contending that the DSMT software lacked such features at the time CLEAResult acquired it; and (5) where in the DSMT software such features now appear or have appeared.

Support: Dkt. No. 288; Dkt. No. 289.

11. On March 25, 2019, NEXT filed a supplemental response to Interrogatory No. 21 and argued that it sufficiently identified its alleged trade secrets for trial.

Support: Dkt. No. 293; Dkt. No. 293-1.

12. On March 26, 2019, the Court granted CLEAResult's motion to compel and required NEXT to supplement its response by April 26, 2019. At the hearing, the Court said it had reviewed NEXT's supplemental interrogatory response and concluded "it's not sufficient for my purposes, and it's not going to be sufficient for a jury to decide this case. That's my conclusion."

Support: Dkt. No. 296; Dkt. No. 297.

13. On April 19, 2019, NEXT filed a 29-page brief supplementing its trade secret description that contained factual background, argument, statutory definitions, case law, and exhibits. That brief is filed under seal as Dkt. No. 307.

Support: Dkt. No. 301-1; Dkt. No. 307.

14. In its April 19, 2019 description of its trade secrets, NEXT identifies every non-public facing functionality in the FAST Tool as a trade secret.

Support: Dkt. No. 301-1; Dkt. No. 307.

15. In its April 19, 2019 description of its trade secrets, NEXT identifies 34 modules and 5 combination modules as its purported trade secrets.

Support: Dkt. No. 301-1; Dkt. No. 307.

16. In its April 19, 2019 description of its trade secrets, NEXT does not specify what aspect of the 34 modules and 5 combination modules is known in the trade or non-secret information.

Support: Dkt. No. 301-1; Dkt. No. 307.

17. In its April 19, 2019 description of its trade secrets, NEXT does not specify when each of the 34 modules and 5 combination modules existed in the FAST Tool, or when the feature existed in DSMTracker.

Support: Dkt. No. 301-1; Dkt. No. 307.

18. In its April 19, 2019 description of its trade secrets, NEXT does not specify which (if any) of the 34 modules and 5 combination modules did not exist in DSMTracker before CLEAResult had access to the back end of the NEXT System.

Support: Dkt. No. 301-1; Dkt. No. 307.

19. In its April 19, 2019 description of its trade secrets, NEXT uses the word "rules" at least ten times, but never identifies what the rules are or how they are applied.

Support: Dkt. No. 301-1; Dkt. No. 307.

20. On May 2, 2019, CLEAResult filed a motion for discovery sanctions based on NEXT's deficient trade secret description.

Support: Dkt. No. 309; Dkt. No. 323.

21. On May 8, 2019, the Court held that NEXT had complied with its duty to supplement, but stated it "share[d] [CLEAResult's] concern that the parties are not prepared to try this complex case in light of [NEXT's] recently-filed document identifying 34 different software features as claimed trade secrets." The Court also granted CLEAResult's request to allow its expert to supplement his report in light of the new disclosure, and authorized CLEAResult to file a summary judgment "on the narrow issue of whether [NEXT] has sufficiently identified any trade secrets."

Support: Dkt. No. 323; Declaration of Shannon Armstrong in Support of Defendant's Motion for Partial Summary Judgment ("Armstrong Decl."), Ex. 1.

22. On June 7, 2019, CLEAResult served the supplemental report of its expert, Dr. Michael Shamos which outlines his opinions about NEXT's April 19, 2019 description of its trade secrets.

Support: Armstrong Decl., Ex. 2.

23. Dr. Shamos opines that he reviewed NEXT's April 19, 2019 description and cannot determine what NEXT's trade secrets are.

Support: Armstrong Decl., Ex. 2.

24. Dr. Ricardo Valerdi is an expert retained by NEXT to opine on "what the trade secrets were or are." Dr. Valerdi's Opening Expert Report of Dr. Ricardo Valerdi dated July 16, 2018 is filed in the record as Dkt. No. 192, Ex. 57; the Supplement to Expert Report of Dr. Ricardo Valerdi dated August 20, 2018 is filed in the record as Dkt. No. 192, Ex. 58; and the Rebuttal Report of Dr. Valerdi dated September 18, 2018 is filed in the record as Dkt. No. 213-3, Ex. J. In those reports, Dr. Valerdi relies on NEXT's interrogatory responses as defining NEXT's trade secrets.

Support: Dkt. No. 192, Ex. 57; Dkt. No. 192, Ex. 58; Dkt. No. 213-3, Ex. J.

4

25. True and correct excerpts from the deposition of Dr. Valerdi are filed in the record as Dkt. No. 192, Ex. 56.

Support: Dkt. No. 192, Ex. 56.

26. NEXT has no evidence that CLEAResult accessed the source code for the FAST Tool, or stole NEXT's source code for the FAST Tool or NEXT System.

Support: Dkt. No. 243-1 at 13.

Dated: June 10, 2019

                                      Respectfully submitted,

                                      HOLLAND & KNIGHT LLP

By: *s/ J. Matthew Donohue*
J. Matthew Donohue (admitted *pro hac vice*)
Matt.Donohue@hklaw.com
Shannon Armstrong (admitted *pro hac vice*)
Shannon.Armstrong@hklaw.com
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014

Anthony J. Fuga (#6301658)
Anthony.Fuga@hklaw.com
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

Attorneys for Defendant
CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

    I hereby certify that I caused the foregoing DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT to be served on the following person[s]:

| | |
|---|---|
| Susan Bogart<br>Law Offices of Susan Bogart<br>111 W. Jackson Boulevard, Suite 1700<br>Chicago, IL 60604<br>sbogart@susanbogart.com | Eric C. Cohen<br>RIMÔN<br>2530 Meridian Parkway, Suite 300<br>Durham, NC 27713<br>eric.cohen@rimonlaw.com |
| Devan Padmanabhan<br>Sri Sankaran<br>Britta Loftus<br>Michelle Dawson<br>Padmanabhan & Dawson, P.L.L.C.<br>45 South 7th St., Suite 2315<br>Minneapolis, MN 55402<br>devan@paddalawgroup.com<br>sri@paddalawgroup.com<br>britta@paddalawgroup.com<br>michelle@paddalawgroup.com | Theresa Lynn Starck<br>Brinks Gilson & Lione<br>455 N. Cityfront Plaza Dr. #3600<br>Chicago, IL 60611<br>TStarck@brinksgilson.com |

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
bart.torvik@torviklaw.com

by the following indicated method or methods:

☑    by CM/ECF electronically mailed notice from the Court on the date set forth below.

    DATED June 10, 2019.

                                                *s/ J. Matthew Donohue*
                                                J. Matthew Donohue