**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEXT Payment Solutions, Inc., | Civil No. 17 CV 8829 |
| Plaintiff, | |
| v. | |
| CLEAResult Consulting, Inc., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS REQUIRING DENIAL OF SUMMARY JUDGMENT (REDACTED)**

Plaintiff, NEXT Payment Solutions, Inc. ("NEXT"), by and through its counsel, submits this (1) response to the Local Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment submitted by CLEAResult Consulting, Inc., ("CLEAResult" or "CCI"); and (2) Statement of Additional Facts Requiring Denial of Summary Judgment.

**RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

**I.     PARTIES, VENUE, AND JURISDICTION**

1.     Defendant CLEAResult Consulting Inc. ("CLEAResult") is a Texas corporation with its principal place of business in Texas. CLEAResult implements residential energy efficiency programs for utilities, among other things.

**RESPONSE**: Undisputed.

Support:  Pl.'s Resp. to Def's Local Rule 56.1 Statement of Undisputed Facts, Dkt. No. 241-1 at 2.

2.     Plaintiff NEXT Payment Solutions, Inc. ("NEXT") is an Illinois corporation with its principal place of business in Illinois. NEXT was a CLEAResult vendor, providing software development services and exclusive licensing rights for a rebate incentive processing portal.

**RESPONSE**: Undisputed.

Support: Dkt. No. 243-1 at 2.

3.      Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S. C. § 1332(a)(1).

**RESPONSE**: Undisputed.

Support: Dkt. No. 243-1 at 2.

4.      Venue is appropriate in the Norther District of Illinois pursuant to 28 U.S.C. § 1391(c)(2).

**RESPONSE**: Undisputed.

Support: Dkt. No. 243-1 at 3.

## II.     NEXT'S DESCRIPTION OF ITS ALLEGED TRADE SECRETS

5.      On June 8, 2018, CLEAResult served on NEXT Interrogatory No. 21, which asked NEXT to "[i]dentify with prevision and specificity each alleged trade secret that NEXT alleges CLEAResult misappropriated from NEXT.  NEXT's identification should include an identification of the software architecture of the allegedly misappropriated trade secret, the software specifications for the allegedly misappropriated trade secret, the structural elements of the allegedly misappropriated trade secret, the design of the allegedly misappropriated trade secret, and, to the extent NEXT alleges that its source code was misappropriated, each file and line of code of the allegedly misappropriated trade secret."

**RESPONSE**: Disputed.  The interrogatory was served on June 6, not June 9, and more importantly, CCI has not accurately quoted the interrogatory.  CCI omits the passage stating: "the specific functionality of the allegedly misappropriated trade secret."

Support: Dkt. 106-1; Dkt. No. 243-1, at 20.

6.      In July 2018, NEXT served its response to Interrogatory No. 21, which is filed in the record as Dkt. No. 106-2.

**RESPONSE**: Undisputed.

Support: Dkt. No 106-2; Dkt. No. 110; Dkt. No. 243-1 at 20.

7.      On July 13, 2018, CLEAResult moved to compel NEXT to supplement its description of its trade secrets in response to Interrogatory No. 21.

**RESPONSE**: Undisputed.

2

Support: Dkt. No. 243-1 at 22; Dkt. No. 104; Dkt. No. 105.

8.      The Court denied CLEAResult's motion to compel and stated that the adequacy of NEXT's alleged trade secrets should be determined at summary judgment.

**RESPONSE**: That the Court denied the motion to compel is undisputed. The remainder of CCI's statement is inaccurate and disputed. The Court did not state that the adequacy of NEXT's trade secret allegations should be determined at summary judgment; rather, the Court stated: "If Defendant believes that Plaintiff's claims are implausible, Defendant may file a motion for summary judgment or rebut Plaintiff's evidence at trial."

Support: Dkt. No. 125, at 35.

9.      On February 27, 2019, the Court issued its decision on summary judgment and stated that NEXT's trade secret description "is too broad and generalized, and it is not evidence of a concrete secret or other information that would allow the Court or a fact finder to assess whether such information was kept secret or derives economic value." The Court granted summary judgment "as to all the information that [NEXT] claims is a trade secret except for those parts of the FAST Tool that were not present in DSMTracker before [CLEAResult] transitioned from the FAST Tool to DSMTRACKER."

**RESPONSE**: The first sentence is disputed. The quotation in the first sentence appears in the Order of February 27, 2019, but the Court's statement did not apply to NEXT's trade secret description as a whole; rather, the statement referred to "[t]his description" which refers to a description on the prior page. The second sentence is undisputed.

Support: Dkt. No. 285, at 50-51.

10.     On March 21, 2019, CLEAResult moved to compel NEXT to supplement its description of its trade secrets in accordance with the Court's order because NEXT rejected CLEAResult's request for that information. The motion asked NEXT to identify: (1) the precise software feature(s) at issue, including what these features do, and where in the software they are located; (2) NEXT's basis for contending each such feature is a trade secret as defined by the DTSA, including what steps NEXT has taken to keep the feature confidential and why the feature was not readily ascertainable to CLEAResult before it transitioned from the FAST Tool to DSMTracker; (3) the point in time at which the FAST Tool had such features; (4) NEXT's basis for contending that the DSMT software lacked such features at the time CLEAResult acquired it; and (5) where in the DSMT software such features now appear or have appeared.

**RESPONSE**: Undisputed.

3

Support: Dkt. No. 288; Dkt. No. 289.

11.     On March 25, 2019, NEXT filed a supplemental response to Interrogatory No. 21 and argued that it sufficiently identified its alleged trade secrets for trial.

**RESPONSE**:  Undisputed.

Support: Dkt. No. 293; Dkt. No. 293-1.

12.     On March 26, 2019, the Court granted CLEAResult's motion to compel and required NEXT to supplement its response by April 26, 2019.  At the hearing, the Court said it had reviewed NEXT's supplemental interrogatory response and concluded "it's not sufficient for my purposes, and it's not going to be sufficient for a jury to decide this case.  That's my conclusion."

**RESPONSE**:  Disputed that the Court granted all the relief sought in Defendant's motion.

Undisputed that the Court granted Defendant's motion to compel Plaintiff's identification of trade

secrets for trial, ordered supplementation by April 26, 2019, and made the quoted comment.

Support: Dkt. No. 296; Dkt. No. 297.

13.     On April 19, 2019, NEXT filed a 29-page brief supplementing its trade secret description that contained factual background, argument, statutory definitions, case law, and exhibits.  That brief is filed under seal as Dkt. No. 307.

**RESPONSE**:  Disputed.  On April 19, 2019, NEXT served its Identification of Trade

Secrets for Trial, which included an Exhibit A.  NEXT further "incorporate[d] this response by

reference as if fully set forth therein into its responses to CCI's Interrogatory No. 21."  NEXT's

Identification of Trade Secrets for trial with Exhibit A was filed with the Court in redacted form

as an attachment to the April 19, 2019 Status Report (Docket No. 301), and was filed with the

Court under seal on April 29, 2019 as part of Docket No. 307.

Support: Dkt. No. 301-1; Dkt. No. 307; Dkt. No. 307-2.

14.     In its April 19, 2019 description of its trade secrets, NEXT identifies every non-public facing functionality in the FAST Tool as a trade secret.

**RESPONSE**:  Disputed.  NEXT only identified specific, non-public modules, features,

system architecture, system design, structural elements and functionality that are central to making

4

the NEXT System a valuable and highly successful product. Many non-public facing functionalities are not called out in the April 19, 2019 disclosure. For example, the April 19, 2019 disclosure does not call out whether tables are kept in Excel, in Microsoft Sequel, or in an Oracle database. Similarly, the April 19, 2019 disclosure does not call out the language (such as Cobalt, Cold Fusion, .net, or salesforce.com) used to code the rules into the system.

**Support**: Dkt. No. 301-1; Ex. 1 (Dkt. No. 307-2), at 5-13, at "Description of Trade Secret":













15.    In its April 19, 2019 description of its trade secrets, NEXT identifies 34 modules and 5 combination modules as its purported trade secrets.

**RESPONSE**: Undisputed.

Support: Dkt. No. 301-1; Ex. 1 (Dkt. No. 307-2).

16.    In its April 19, 2019 description of its trade secrets, NEXT does not specify what aspects of the 34 modules and 5 combination modules is known in the trade or non-secret information.

**RESPONSE**: Disputed as incomplete and misleading.  The April 2019 disclosure was intended to, and did, specify NEXT's trade secrets.  There was no requirement that NEXT specify every technique known in the trade – such as Excel, Sequel, or Oracle databases or different coding languages – that could be used to implement those trade secrets.  In specifying the trade secrets, the April 2019 disclosure does not indicate that known techniques – such as an Oracle databases or the Cold Fusion programming language – standing alone are NEXT trade secrets.

Support: Ex. 1 (Dkt. 307-2).

17.    In its April 19, 2019 description of its trade secrets, NEXT does not specify when each of the 34 modules and 5 combination modules existed in the FAST Tool, or when the feature existed in DSMTracker.

**RESPONSE**: Disputed.  In its April 19, 2019 description, NEXT states that the trade secrets existed in the FAST Tool at the time CCI embarked on its approximately ten (10) month process of unlawful copying.  NEXT further states in its April 2019 description that as of July 5, 2016, all of the trade secrets were in the NEXT System, with the exception of the Bulk Check

10

Printing feature, which was rolled out on February 1, 2017. NEXT further states CCI copied these features in its October 31, 2017 cut over to DSMTracker.

Support: Dkt. No. 301-1; Dkt. No. 307, at 25-26.

18. In its April 19, 2019 description of its trade secrets, NEXT does not specify which (if any) of the 34 modules and 5 combination modules did not exist in DSMTracker before CLEAResult had access to the back end of the NEXT System.

**RESPONSE**: Disputed. NEXT's April 19, 2019 description of its trade secrets states that DSMTracker lacked the features and functions of the FAST Tool as late as March 2017. Further, the April 19, 2019 document refers to and incorporates by reference, many other pleadings, declarations, deposition, exhibits and other evidence establishing that the trade secrets were not present in the DSMTracker, before CCI accessed the back end of the NEXT System. It was the very fact that DSMTracker lacked these features that caused CCI to copy these features from the FAST Tool. In the chart (Ex. 1), in the far right column, NEXT identifies evidence showing that CCI had to add modules to DSMTracker in 2017.

Support: Dkt. No. 301-1; Dkt. 307; Ex. 1 (Dkt. No. 307-2); *infra* at 25-33 (chart with cites to JIRA document).

19. In its April 19, 2019 description of its trade secrets, NEXT uses the word "rules" at least ten times, but never identifies what the rules are or how they are applied.

**RESPONSE**: Disputed. NEXT's description is sufficient to identify the rules and how they are applied. For example, ██████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████ This is more than enough to apprise a person of skill in the field to understand what the rules are – they are rules ████████████ ███████████████████████████████████████████

11

███████████████████████. It is also more than enough to apprise one of skill in the field how these rules are applied. CCI understood the rules and how they are applied.

Some rules will likely be common across customers – ████████████████████ ████████████████████████. CCI understood this and explained this to its software developers. Other rules, such as rules governing eligibility, may vary across customers and programs. ████████████████████████████████████████ ████████████████ CCI understood this and explained this to its software developers.

Support: Dkt. No. 301-1; Dkt. No. 307; Ex. 4, Transcript of August 28, 2017 training session at 5:8-7:3 ██████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████ *id.* 7:6-11 ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

*id.* at 11:12-19 ████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

20.     On May 2, 2019, CLEAResult filed a motion for discovery sanctions based on NEXT's deficient trade secret description.

**RESPONSE:** Undisputed that CCI filed a motion for discovery sanctions; disputed that NEXT's description of its trade secrets was deficient.

Support: Dkt. No. 309; Dk. No. 323.

21.     On May 8, 2019, the Court held that NEXT had complied with its duty to supplement, but stated it "share[d] [CLEAResult's] concern that the parties are not prepared to try this complex case in light of [NEXT's] recently-filed document identifying 34 different software features as claimed trade secrets." The Court also granted CLEAResult's request to allow its expert to supplement his report in light of the new disclosure, and authorized CLEAResult to file a summary judgment "on the narrow issue of whether [NEXT] has sufficiently identified any trade secrets."

**RESPONSE:** Undisputed.

Support: Dkt. No. 323; Declaration of Shannon Armstrong in Support of Defendant's Motion for Partial Summary Judgment ("Armstrong Decl."), Ex. 1.

22.     On June 7, 2019 CLEAResult served the supplemental report of its expert Dr. Michael Shamos which outlines his opinions about NEXT's April 19, 2019 description of its trade secret.

**RESPONSE:** Undisputed.

Support: Armstrong Decl., Ex. 2.

23.     Dr. Shamos opines that he reviewed NEXT's April 19, 2019 description and cannot determine what NEXT's trade secrets are.

**RESPONSE:** Undisputed.

Support: Armstrong Decl., Ex. 2.

24.     Dr. Ricardo Valerdi is an expert retained by NEXT to opine on "what the trade secrets were or are." Dr. Valerdi's Opening Expert Report of Dr. Ricardo Valerdi dated July 16, 2018 is filed in the record as Dkt. No. 192, Ex. 57; the Supplement to Expert Report of Dr. Ricardo Valerdi dated August 20, 2018 is filed in the record as Dkt. No. 192, Ex. 58; and the Rebuttal Report of Dr. Valerdi dated September 18, 2018 is filed in the record as Dkt. No. 213-3,

13

Ex. J. In those reports, Dr. Valerdi relies on NEXT's interrogatory responses as defining NEXT's trade secrets.

**RESPONSE:** Disputed as an incomplete and inaccurate summary of Dr Valerdi's opinion.

Dr. Valerdi identified and addressed the trade secrets at issue.

Support: Dkt. No. 192, Ex. 57; Dkt. No. 192, Ex. 58; Dkt. No. 213-3, Ex. J.

25.     True and correct excerpts from the deposition of Dr. Valerdi are filed in the record as Dkt. No. 192, Ex. 56.

RESPONSE: Disputed to the extent the statement implies that excerpts from the deposition were filed in the public record; the filed version of Dkt. No. 192 includes a slip sheet for Exhibit 56.

Support: Dkt. No. 192, Ex. 56.

26.     NEXT has no evidence that CLEAResult accessed the source code for the FAST Tool, or stole NEXT's source code for the FAST Tool or NEXT System.

**RESPONSE:** Undisputed.

Support: Dkt. No. 243-1, at 13.

## PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS REQUIRING DENIAL OF SUMMARY JUDGMENT

1.     JIRA is a project management tool used for software development projects.

Support: Dkt. 192, Ex. 57 (Expert Report of Dr. Ricardo Valerdi, July 16, 2018), at 32.

2.     Documents predating this litigation demonstrate that CCI understands the modules and features of the NEXT FAST Tool that NEXT has described in Dkt. No. 307 & Dkt. No. 307-2.

Support:



| Compare | With (all emphases added) |
|---|---|
| ██████████ | Ex. 69 (CR-0037838) ██████████ |
| ██████████ | Ex. 70 (CR-0051881-82) ██████████ |
| ██████████ | Ex. 70 (CR-0051881-82) ██████████ |
| ██████████ | Ex. 73 (NXT00110756-57) ██████████ |
| ██████████ | Ex. 72 (NXT00053126-27) ██████████ |
| ██████████ | Ex. 61 (NXT00098681-82) ██████████ |
| ██████████ | Ex. 65 (NXT00109266) ██████████ |
| ██████████ | Ex. 58 (NXT00094096) ██████████ |







Ex. 53 (NXT00080344)

Ex. 62 (NXT00098755-56)

Ex. 59 (NXT00094968-70)

Ex. 50 (NXT-00055696-97)

Ex. 46 (CR-0376766)

Ex. 47 (CR-0406867-77)

Ex. 44 (CR-0304952-55)

Ex. 32 (CR-0128044-46)

3. The features of the FAST Tool reference in Statement 2, above, were in the NEXT FAST Tool at least as early as the date of the document cited in the table supporting Statement 2.

Support: *Supra* at 14-18 (Plaintiff's Statement of Fact No. 2).

4.      As requested in Interrogatory No. 21, in its "Description of the Trade Secret" for Module Nos. 1-34, NEXT identified the "design" or "architecture" of the trade secret, which is the way in which the "structural elements" connect or interface.

Support: *Supra* at 5-9 (Response to Defendant's Statement of Fact No. 14).

5.      As requested in Interrogatory No. 21, NEXT specifically identified the "specifications" or "specific functionalities" of the trade secret.

Support: *Supra* at 5-9 (Response to Defendant's Statement of Fact No. 14).

6.      CCI identified NEXT's trade secrets as a features of the FAST Tool that CCI wanted to copy and add to the DSMTracker.

Support:







Ex. 7 (CR-0000049)

Ex. 9 (CR-0000056)

Ex. 5 (CR-0000044)

Ex. 9 (CR-0000056)

Ex. 9 (CR-0000056)

Ex. 33 (CR-0130715-18) (

Ex. 18 (CR-0050886-89), at CR-005088

Ex. 12 (CR-0001587), at 13

Ex. 8 (CR-0000052)

Ex. 5 (CR-0000044)

Ex. 4, at 18:13-19:5

Ex. 26 (CR-0071120)

Ex. 27 (CR-0076867)

21



NEXT"); Ex. 35 (CR-0146953-54)

Ex. 6 (CR-0000047)

7.     The names of the modules identified in NEXT's trade secret chart are shown on the menu bar on the left side of the FAST Tool screen.

Support:  Ex. 23 (CR-0062014); Ex. 16 (CR-0014877).

8.     CCI assigned its staff "homework" to study the features in the back end of the NEXT System and CCI staff returned "homework" assignments providing information on NEXT's trade secrets.

Support:



Ex. 9 (CR-0000056),

Ex. 23 (CR-0062014-15)

Ex. 43 (CR-0272675-79)

Ex. 39 (CR-0271739)

Ex. 25 (CR-0070941-42)
Ex. 24 (CR-0070932-33)

Ex. 23 (CR-0062014), at CR-0062020



Ex. 28 (CR-0093558) (

Ex. 25 (CR-0070941) (

Ex. 20 (CR-0061088-109)

Ex. 20 (CR-0061088-109) (

Ex. 31 (CR-0123406-408) (

Ex. 30 (CR-0118063) (

Ex. 29 (CR-0117355-61) (

Ex. 10 (CR-0000416-28)

Ex. 40 (CR-0272205-27) (

Ex. 11 (CR-0000440), at 1

Ex. 40 (CR-0272205-27), at CR-0272221-25 (technical



Ex. 36 (CR-0157386) (

; Ex. 19 (CR-0055776)

Ex. 41 (CR-0272534-36) (

Ex. 22 (CR-0062012-38), at CR-0062022 (

Ex. 42 (CR-0272662-63) (

Ex. 23 (CR-0062014), at CR-0062026-27

Ex. 45 (CR-0336706) (

Ex. 22 (CR-0062012-38), at CR-0062024

Ex. 22 (CR-0062012-38), at CR-0062026

Ex. 15 (CR-0374722) (

Ex. 37 (CR-0198233-34) (

Ex. 13 (CR-0001879-88) ("

").

Ex. 28 (CR-0093558) (

Ex. 17 (CR-0049384) (

Ex. 75 (CR-0049530) (

24



Ex. 41 (CR-0272534-36) (

9.    CCI assigned Trade Secret Nos. 1-5, 7, 9-34 to be coded by its programmers into the DSMTracker, using the JIRA project management tool for software developers, or otherwise.

Support: Ex. 1 (Dkt. 307-2) (far right column) & citations within:

Ex. 1 (Dkt. 307-2), at 5

; Ex. 2, at CR-0028854 (REN-1954)

Ex. 1 (Dkt. 307-2), at 6 (

); Ex. 2, at CR-0028662-92

Ex. 2, at CR-0028746-780:



Ex. 1 (Dkt. 307-2), at 6

x. 2, at CR-0028848



Ex. 1 (Dkt. 307-2), at 7

Ex. 2, at CR-0028883 (

Ex. 1 (Dkt. 307-2), at 7

Ex. 2, at CR-0028635-36 (

Ex. 1 (Dkt. 307-2), at 8

; Ex. 2, at CR-0028545-47(



Ex. 1 (Dkt. 307-2), at 8

; Ex. 2, at CR-00228365-67 (

Ex. 1 (Dkt. 307-2), at 8

; Ex. 2, at CR-0028380

Ex. 1 (Dkt. 307-2), at 9

Ex. 2, at CR-0028735 (

Ex. 1 (Dkt. 307-2), at 9

0); Ex. 2, at CR-0028776

Ex. 1 (Dkt. 307-2), at 9

Ex. 2, at

p

28



Ex. 1 (Dkt. 307-2), at 9
Ex. 2, at CR-0028464

).

Ex. 1 (Dkt. 307-2), at 10
; Ex. 2, at CR-0028490

Ex. 1 (Dkt. 307-2), at 10 (
Ex. 2, at CR-028388

Ex. 1 (Dkt. 307-2), at 10
); Ex. 2, at CR-0028639

Ex. 1 (Dkt. 307-2), at 10 (
Ex. 2, at CR-0028373

Ex. 1 (Dkt. 307-2), at 10 (
); Ex. 2, at CR-0028414

).

Ex. 1 (Dkt. 307-2), at 11
Ex. 2, at CR-0028595



Ex. 1 (Dkt. 307-2), at 11 (
Ex. 2, at CR-0028395

Ex. 1 (Dkt. 307-2), at 11
. 2, at CR-0028797 (

Ex. 1 (Dkt. 307-2), at 11 (
Ex. 2, at CR-0028399

Ex. 1 (Dkt. 307-2), at 12
Ex. 2, at CR-0028561

Ex. 2, at CR-0028355-57
Dkt. 192, Ex. 58 (Velardi Report of August 20, 2018).

Ex. 1 (Dkt. 307-2), at 12
Ex. 2, at CR-0028438

Ex. 1 (Dkt. 307-2), at 12 (
; Ex. 2, at CR-0028402-403



| | |
|---|---|
| ██████ | Ex. 1 (Dkt. 307-2), at 12 ██████ Ex. 2, at CR-0028408 ██████ |
| | Dkt. 192, Ex. 58 (Velardi Report of August 20, 2018) at 5-6, 35. |
| | Ex. 1 (Dkt. 307-2), at 13 (██████ ; Ex. 2, at CR-0028347 (██████ |
| | Ex. 1 (Dkt. 307-2), at 11 (██████ x. 2, at CR-028611 (██████ |
| | Ex. 1 (Dkt. 307-2), at 13 ██████ Ex. 2, at CR-0028870 (██████ |
| | Ex. 1 (Dkt. 307-2), at 13 ██████ Ex. 2, at CR-0028897-98 (██████ |

10.     CCI ██████████████████████ .

Support:

| ██████ | Ex. 4, at 5:8-17:17 ██████ . |
|---|---|



Ex. 4 (CR-0014876) (

”); *id.* at 10:23-25 (

Ex. 4, at 19:22-25 (

Ex. 4, at 18:13-19:5

Ex. 4, at 19:6-21 (

Ex. 4, at 21:16-21

.”).

Ex. 4, at 22:16-23:12

Ex. 4, at 29:12-13 (



Ex. 4, at 33:11-13

*id.* at 33:23-34:1

Ex. 4, at 5:8-29:6

Ex. 4, at 38:12-43:18

38:12-13

Ex. 4, at 30:16-33:8

33:6-8

Ex. 4, at 34:4-9 (

Ex. 3, at 53:2-7 (

Ex. 38 (CR-0266112-13) (

11.    CCI stated that ▮▮▮▮▮▮▮▮▮▮

Support: *Supra* at Support for Additional Fact No. 9.

12.    CCI's software

Support: Ex. 4, at 4:11-14 (

13.

Support: Ex. 15 (CR-0374722).

14.    On or about October 24, 2017, Tim Mahler, Terry Moore and Paul Johns had an email exchange reflected in CR-0132795.

Support: Ex. 34 (CR-0132795).

15.    CCI has not produced, and has represented that it cannot produce, the prior version of the DSMTracker.

Support: Ex. 74 (PX1051).

Dated:  June 24, 2019

Respectfully submitted,

PADMANABHAN & DAWSON, P.L.L.C.

By: /s/ Devan V. Padmanabhan
    Devan V. Padmanabhan
    (admitted *pro hac vice)*
    Michelle E. Dawson (admitted *pro hac vice)*
    Paul J. Robbennolt (admitted *pro hac vice)*
    Erin O. Dungan (admitted *pro hac vice)*
    Sri K. Sankaran (admitted *pro hac vice)*
    Britta S. Loftus (admitted *pro hac vice)*
45 South 7th Street
Suite 2315
Minneapolis, Minnesota 55402
Telephone:  (612) 444-3377
Facsimile:  (612) 444-3195
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
erin@paddalawgroup.com
sri@paddalawgroup.com

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
Bart.torvik@torviklaw.com
Tel: (847) 986-8568
Fax: (312) 264-0852

Paul B. Thanasides
Mary Ruth Thanasides
McIntyre Thanasides Bringgold Elliott Grimaldi
Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
(813) 223-0000
paul@mcintyrefirm.com

*Attorneys for Plaintiff*
*NEXT Payment Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT to be served on the following persons:

J. Matthew Donohue  
Shannon Armstrong  
Holland & Knight LLP  
2300 U.S. Bancorp Tower  
111 S.W. Fifth Avenue  
Portland, OR 97204  
Matt.donohue@hklaw.com  
Shannon.armstrong@hklaw.com

Anthony Fuga  
131 South Dearborn Street  
30th Floor  
Chicago, IL 60603  
Anthony.fuga@hklaw.com

By the following indicated method or methods:

X    by CM/ECF electronically mailed notice from the Court on the date set forth below.

Dated: June 24, 2019

/S/Devan V. Padmanabhan  
Devan V. Padmanabhan

36