UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., | |
| Plaintiff, | Case No. 17 CV 8829 |
| v. | |
| CLEAResult Consulting, Inc., | |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1(b)(3)(C)**

**ADDITIONAL STATEMENT OF MATERIAL FACTS**

**REDACTED VERSION**

CLEAResult Consulting Inc. ("CLEAResult") submits this response to NEXT Payment Solutions, Inc.'s ("NEXT") Statement of Additional Facts (Dkt. No. 358) ("SAF").

## INTRODUCTION

As set forth in more detail in the reply brief filed concurrently herewith, CLEAResult objects to a number of NEXT's additional "material facts" and responses to CLEAResult's facts because they violate Federal Rule of Civil Procedure 56(c) and Local Rule 56.1, and moves to strike those responses. Without waiving these objections,[1] CLEAResult responds to NEXT's SAF as follows:

1.      JIRA is a project management tool used for software development projects.

Support:  Dkt. 192, Ex. 57 (Expert Report of Dr. Ricardo Valerdi, July 16, 2018), at 32.

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: UNDISPUTED.

2.      Documents predating this litigation demonstrate that CCI understands the modules and features of the NEXT FAST Tool that NEXT has described in Dkt. No. 307 & Dkt. No. 307- 2.

Support:

| **Compare** | **With** (all emphases added) |
|---|---|
| ███████████ | ████████████████████ |
| ████████ | ████████████████████ |

---

[1] CLEAResult accepts certain of NEXT's factual allegations as true only for summary judgment purposes and without waiving its right to present contrary facts. *See, e.g.*, *Brown v. Navarro*, No. 09- 3814, 2012 WL 3987427, at *3 (N.D. Ill. Sept. 11, 2012) (citing cases).









**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED that documents predating this litigation demonstrate that CLEAResult understands the features of the FAST Tool that NEXT has described in Dkt. No. 307 & Dkt. No. 307-2. NEXT's materials cited in support of SAF 2 fail to tie undefined features to NEXT's similarly undefined trade secrets. (*See* Suppl. Expert Report of Dr. Shamos dated June 4, 2019, Dkt. No. 341-2.) Furthermore, because the "modules and features" represented in this statement, along with in NEXT's identification of trade secrets, are vague and ambiguous for all the reasons set forth in the subject motion, this statement is DISPUTED. UNDISPUTED that CLEAResult has referred to module names of the NEXT

FAST Tool in correspondence predating the litigation.

3.      The features of the FAST Tool reference in Statement 2, above, were in the NEXT FAST Tool at least as early as the date of the document cited in the table supporting Statement 2.

Support:  *Supra* at 14-18 (Plaintiff's Statement of Fact No. 2).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. NEXT's materials cited in support fail to support this allegation. Furthermore, because the "features" represented in this statement, along with NEXT's identification of trade secrets, are vague and ambiguous for all the reasons set forth in the subject motion, this statement is DISPUTED.

4.      As requested in Interrogatory No. 21, in its "Description of the Trade Secret" for Module Nos. 1-34, NEXT identified the "design" or "architecture" of the trade secret, which is the way in which the "structural elements" connect or interface.

Support:  *Supra* at 5-9 (Response to Defendant's Statement of Fact No. 14).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As more fully discussed in CLEAResult's reply brief filed contemporaneously, NEXT failed to identify the design, architecture, or the way structural elements connect or interface. Instead, NEXT provided a laundry list of software program functionalities which are commonplace. This is evident in NEXT's identification of trade secrets, and discussed more fully in the summary judgment briefing.

5.      As requested in Interrogatory No. 21, NEXT specifically identified the "specifications" or "specific functionalities" of the trade secret.

Support:  *Supra* at 5-9 (Response to Defendant's Statement of Fact No. 14).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to

specifically identify any trade secrets. (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.)

6.    CCI identified NEXT's trade secrets as a features of the FAST Tool that CCI wanted to copy and add to the DSMTracker.

Support:









**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to specifically identify any trade secrets. (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.) Further, Seventh Circuit law precludes a trade secret plaintiff from identifying its purported trade secrets based on what was allegedly misappropriated. *See, e.g., Lynchval Sys. Inc. v. Chicago Consulting Actuaries, Inc.,* No. 95 C 1490, 1998 WL 151814, at *5 (N.D. Ill. Mar. 27, 1998) (holding that trade secret claims require a "two step analysis" where the plaintiff "bears the initial burden of producing evidence that it possessed a trade secret" before analyzing misappropriation, and rejecting trade secret plaintiff's "anomalous litigation strategy of accusing the defendants of theft without first establishing that the stolen objects in question . . . exist and . . . are capable of being stolen").

7.      The names of the modules identified in NEXT's trade secret chart are shown on the menu bar on the left side of the FAST Tool screen.

Support:  Ex. 23 (CR-0062014); Ex. 16 (CR-0014877).

**RESPONSE**:  UNDISPUTED that Ex. 23, like the publicly available Vimeo demonstrations of the FAST Tool, include the module names. DISPUTED that Exhibit 16 supports

this SAF.

8.    CCI assigned its staff "homework" to study the features in the back end of the NEXT System and CCI staff returned "homework" assignments providing information on NEXT's trade secrets.

Support:







**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in

14

CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to specifically identify any trade secrets. (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.) Further DISPUTED because the support provided by NEXT is missing certain modules (e.g., Modules 4, 6, 8, 21), so the purported statement of fact lacks support.

9.      CCI assigned Trade Secret Nos. 1-5, 7, 9-34 to be coded by its programmers into the DSMTracker, using the JIRA project management tool for software developers, or otherwise.

Support:  Ex. 1 (Dkt. 307-2) (far right column) & citations within:



15





17











**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to specifically identify any trade secrets. (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.) Furthermore, the reference to "or otherwise" makes the alleged fact vague and ambiguous and is therefore DISPUTED.

10.    CCI ███████████████████████████████████████

Support:







RESPONSE: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to specifically identify any trade secrets. (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.) Without knowledge of what specifically "the trade secrets" entail, CLEAResult disputes this alleged "fact."

11.     CCI stated that it

Support: *Supra* at Support for Additional Fact No. 9.

24

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED. As set forth in CLEAResult's motions (including this motion) and the Court's prior orders, NEXT has failed to specifically identify any trade secrets, let alone "trade secret Nos. 1-5, 7, 9-34." (*See* Dkt Nos. 197, 254, 285, 296, 297 and 340.) Without knowledge of what specifically "trade secret Nos. 1-5, 7, 9-34" entail, CLEAResult disputes this alleged "fact."

12. CCI's ████████████████████████████████████
████████████

Support: Ex. 4, at 4:11-14 ████████████████████████████
████████████████████████████████████████████████████████
██████████████

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: UNDISPUTED.

13. In approximately January 2017, Jane Nelson of CCI prepared the document produced with Bates No. CR-0374722.

Support: Ex. 15 (CR-0374722).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: UNDISPUTED.

14. On or about October 24, 2017, Tim Mahler, Terry Moore and Paul Johns had an email exchange reflected in CR-0132795.

Support: Ex. 34 (CR-0132795).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: UNDISPUTED.

15. CCI has not produced, and has represented that it cannot produce, the prior version of the DSMTracker.

Support: Ex. 74 (PX1051).

**RESPONSE**: This SAF is subject to CLEAResult's motion to strike. To the extent a response is deemed necessary, CLEAResult provides the following: DISPUTED on the basis that CLEAResult cannot understand what is being referred to as a "prior version of the DSMTracker." Also DISPUTED that CLEAResult produced information related to a single version of the DSMTracker. For example, CLEAResult has produced videos demonstrating the capabilities of earlier versions. (*See* Rebuttal Expert Report of Dr. Shamos dated September 4, 2018, Dkt. No. 260 at ¶ 650.) UNDISPUTED that each of the parties made a single version of software available for inspection in accordance with the terms proposed by NEXT.

Dated: July 5, 2019

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:     *s/ J. Matthew Donohue*
J. Matthew Donohue (admitted *pro hac vice*)
Matt.Donohue@hklaw.com
Shannon Armstrong (admitted *pro hac vice*)
Shannon.Armstrong@hklaw.com
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Tel:  (503) 243-2300
Fax:  (503) 241-8014

Anthony Fuga (#6301658)
Anthony.Fuga@hklaw.com
151 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel:  (312) 263-3600
Fax:  (312) 578-6666

Attorneys for Defendant
CLEAResult Consulting Inc.

26

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1(b)(3)(C) ADDITIONAL STATEMENT OF MATERIAL FACTS to be served on the following person[s]:

Devan V. Padmanabhan
Michelle E. Dawson
Britta S. Loftus
Paul J. Robbennolt
Erin O. Dungan
Sri K. Sankaran
45 South 7th Street, Suite 2315
Minneapolis, Minnesota 55402
Telephone: (612) 444-3377
Facsimile: (612) 444-3195
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
erin@paddalawgroup.com
sri@paddalawgroup.com

Paul B. Thanasides
Mary Ruth Thanasides
McIntyre Thanasides Bringgold Elliott
Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
(813) 223-0000
paul@mcintyrefirm.com

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
bart.torvik@torviklaw.com

by the following indicated method or methods:

☑        by CM/ECF electronically mailed notice from the Court on the date set forth below.

Dated: July 5, 2019

*s/ J. Matthew Donohue*
J. Matthew Donohue