**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NEXT Payment Solutions, Inc.,

                                  Civil No. 17 CV 8829

           Plaintiff,

v.

CLEAResult Consulting, Inc.,

           Defendant.

**PLAINTIFF'S MOTION TO SET DEADLINES RELATED TO**
**PRETRIAL ORDER AND MOTIONS *IN LIMINE* AND TO**
**SET PRETRIAL CONFERENCE**

Trial is scheduled for this matter to begin on August 8, 2019. Dkt. No. 322. Given the fast-approaching Trial Date, Plaintiff NEXT Payment Solutions, Inc. ("NEXT" or "Plaintiff") respectfully requests the Court set deadlines for (1) the Pretrial Conference; (2) the Pretrial Order; and (3) briefing on motions *in limine*.

**PROCEDURAL HISTORY**

On May 8, 2019, the Court set the deadlines for the pretrial order (July 9, 2019), motions *in limine* (July 9, 2019), and the Pretrial Conference (July 10, 2019). Dkt. 322. The Court also set a trial date of August 8, 2019, beginning at 9:45 a.m. *Id*.

In that same Order, the Court granted CCI leave to file a second motion for summary judgment on the issue of Plaintiff's identification of trade secrets. Dkt. No. 322. On June 10, 2019, CLEAResult filed a motion for summary judgment, alleging that NEXT failed to identify its alleged trade secrets with specificity. Dkt. No. 333. On July 24, 2019, NEXT filed its opposition brief. Dkt. No. 356. On July 5, 2019, CLEAResult filed its reply brief. Dkt. No. 378. Thus, CLEAResult's motion for summary judgment is fully briefed. Although a hearing had been

set for July 9, 2019, the Court cancelled that hearing.  *See* Dkt. Nos. 384 & 385.  NEXT understands that the Court will be deciding the motion on the papers.

On June 10, 2019, CLEAResult also moved to set aside deadlines related to pretrial order and motions *in limine* and to set aside the Pretrial Conference.  Dkt. No. 342.  The basis for CLEAResult's motion was that, if CLEAResult's motion for summary judgment on the trade secret specificity issue were granted, the motion could "narrow the scope of the trial in this case and materially alter the parties' witnesses and exhibits for trial."  Dkt. 342, at 1.  CLEAResult argued that, even if the Court only narrows (rather than outright dismisses) NEXT's purported trade secrets, that will drastically affect the scope of trial."  *Id*.  CLEAResult also argued that "[t]he parties should not be required to prepare their pretrial disclosures at the same time they are briefing the motion for summary judgment."  *Id*.

On June 19, 2019, the Court held a hearing on, among other issues, Defendant's motion to set aside deadlines.  Dkt. 353.  The Court granted the motion, setting aside the deadlines for the pretrial order, motions *in limine*, and the Pretrial Conference.  Dkt. No. 353.  Significantly, the Court did not set aside the Trial Date.  *See generally id*.  Based upon counsel's telephone conference with the Court's clerk, Plaintiff understands the Court still intends to proceed with the August 8, 2019, trial date.  *See* Exhibit A attached hereto (Email Chain Among Counsel, dated July 15, 2019).

Trial in this case is scheduled to begin just three weeks from today.  As a result, on Monday, July 15, 2019, counsel for NEXT reached out to counsel for CLEAResult to see if the parties could agree on deadlines for pretrial submissions, including the Pretrial Order and briefing on motions *in limine*.  *Id*.  NEXT proposed a July 24 deadline for motions *in limine* and a July 31 deadline for the parties' responses.  *Id*.  CLEAResult rejected NEXT's proposal, stating that pretrial

submissions were premature. *Id*. CLEAResult proposed that the parties' jointly move to move the Trial Date. *Id*. NEXT explained that it did not agree to move the Trial Date. *Id*.

## ARGUMENT

To date, CLEAResult has not submitted a motion to move the trial date. Given the fast-approaching Trial Date, NEXT respectfully requests the Court set deadlines for (1) the Pretrial Conference; (2) the Pretrial Order; and (3) briefing on motions *in limine*, as set forth in the Proposed Order.

There are numerous reasons as to why good cause exists to set these deadlines at this stage. **First**, setting these deadlines will ensure that the parties are adequately prepared at the start of trial on August 8, 2019. This is particularly true in light of this Court's trial procedures, which require the parties to stipulate to authenticity of exhibits to the extent possible, to list all disputed exhibits and the grounds for objection, and to resolve anticipated evidentiary issues through motions *in limine*. *See* Judge Castillo's Trial Procedures at 2, 6-8. **Second**, setting these deadlines will assist the parties in working out the logistics of going to trial. For example, counsel must reserve hotel rooms for out-of-town counsel and witnesses. If counsel books the hotel rooms now, but the parties do not submit their pretrial filings, there is a risk that the trial will not proceed as scheduled and the hotel rooms that were booked will result in costly cancellation fees. **Finally**, in addition to these practical and logistical reasons creating good cause for setting these deadlines, setting these deadlines is well within the Court's exercise of discretion in managing its caseload. *See Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019) ("A district court . . . must have a wide berth to manage caseloads and dockets and therefore a district court's exercise of its discretion in scheduling trials and granting or denying continuances is almost standardless.") (internal quotations and alteration omitted).

**CONCLUSION**

For the reasons set forth herein, NEXT respectfully requests that the Court grant its Motion to Set Deadlines Related to Pretrial Order and Motions *in Limine* and to Set Pretrial Conference and enter the Proposed Order.

Dated:  July 18, 2019                                  Respectfully submitted,

PADMANABHAN & DAWSON, P.L.L.C.


By: /s/ Devan V. Padmanabhan
    Devan V. Padmanabhan
    (admitted *pro hac vice*)
    Michelle E. Dawson (admitted *pro hac vice*)
    Britta S. Loftus (admitted *pro hac vice*)
    Paul J. Robbennolt (admitted *pro hac vice*)
    Erin O. Dungan (admitted *pro hac vice*)
    Sri K. Sankaran (admitted *pro hac vice*)
45 South 7th Street
Suite 2315
Minneapolis, Minnesota 55402
Telephone:  (612) 444-3377
Facsimile:  (612) 444-3195
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
erin@paddalawgroup.com
sri@paddalawgroup.com

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
Bart.torvik@torviklaw.com
Tel: (847) 986-8568
Fax:  (312) 264-0852

Paul B. Thanasides
Mary Ruth Thanasides
McIntyre Thanasides Bringgold Elliott Grimaldi
Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

4

(813) 223-0000
paul@mcintyrefirm.com

*Attorneys for Plaintiff*
*NEXT Payment Solutions, Inc.*

5