UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., | Civil No. 17 CV 8829 |
| Plaintiff, | |
| v. | |
| CLEAResult Consulting, Inc., | |
| Defendant. | |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff NEXT Payment Solutions, Inc. ("Plaintiff" or "NEXT") submits this Memorandum of Law seeking leave to file a Third Amended Complaint.[1][2][3] Ex. A ("TAC"). The proposed TAC includes a claim for common law fraud, based on the conduct of CLEAResult Consulting, Inc. ("Defendant" or "CCI"). Common law fraud has a statute of limitation of five years, and has not yet run. While NEXT has previously sought and been denied leave to file an

---

[1] All exhibits are attached to the Dawson Decl. and referenced as "Ex. __".
[2] The TAC has not been changed from the currently controlling Verified First Amended Complaint ("VAC") other than to: replace the current proposed common law fraud count with the one that was in the VAC; include the factual allegations for the new fraud count; and include the current presiding Judge of the case. Plaintiff notes that at a minimum, the unfair competition count has been dismissed. It is not Plaintiffs intent to reintroduce that count or any other count that has been dismissed. Rather, Plaintiffs only change the VAC to add the common law fraud count addressed in this motion with the understanding that the remainder of the TAC is of course subject to all of the Court's prior rulings. Ex. B is a compare document that identifies the changes between the TAC and the VAC.
[3] Counsel for the parties had a meet and confer by telephone on October 8, 2020. Counsel for CCI indicated that it would not give its written consent on behalf of CCI pursuant to Rule 15(a)(2) for NEXT to amend its pleading. Thus, NEXT seeks leave of the Court through this motion to amend its VAC to include a count of common law fraud.

amended complaint, NEXT respectfully submits that the law, facts, circumstances, and justice compel a different result here.

CCI knowingly and systematically engaged in a scheme to falsely obtain domains from NEXT that CCI required to complete the theft of NEXT's technology. CCI's documents leave no doubt that CCI intended to lie to NEXT; that CCI did lie to NEXT; and that NEXT believed CCI's lies and acted upon them, providing CCI with the requested domains. CCI's fraudulent conduct has resulted in substantial harm to NEXT, for which NEXT may be entitled to punitive damages. Had CCI told NEXT the real reason it wanted NEXT's domains, NEXT would not have provided them to CCI and CCI would not have been able to steal NEXT's technology. Instead, NEXT would have made CCI pay for it.

NEXT's motion should be granted at least because Fed. R. Civ. P. 15(a)(2)[4] provides that leave to amend should be freely given. Baring certain specific reasons for denying leave, including undue delay <u>that prejudices the non-moving party</u>, bad faith or dilatory motive on the part of the movant, or futility of the amendment, leave sought should be freely given. NEXT does not bring this motion in bad faith or with dilatory motive, nor would the inclusion of a fraud claim be futile.

NEXT acknowledges delay in bringing the present motion, but it is not delay born of bad faith or dilatory motive. Rather, the delay is a result of a change in counsel and the substantial additional time new counsel was afforded to review the record as a result of numerous delays in this case proceeding to trial, most of which Plaintiff does not bear responsibility

---

[4] Plaintiff does not understand the "good cause" standard set forth in Fed. R. Civ. P. 16(b)(4) to be the controlling standard for the present motion because the Court never issued a scheduling order in this case under Rule 16(3)(A) that included a deadline for the parties to amend the pleadings. As such, the schedule is not being "modified" as provided in Rule 16(b)(4).

Plaintiff filed its Complaint on December 7, 2017. Dkt. No. 1. In an effort to expedite this case to trial, NEXT sought an expedited discovery schedule. Dkt. No. 19. The Court granted NEXT's motion, which included participation in the Mandatory Initial Discovery Pilot (MIDP). Dkt. Nos. 24, 25. Despite participation in MIDP and an expedited discovery schedule, this case has yet to make it to trial, or even have a trial date set. This case has been delayed repeatedly for reasons out of NEXT's control, including: (1) CCI has sought and obtained leave to file two rounds of summary judgment motions; (2) a new judge was assigned to the case nearly two years into the case; and (3) the Covid-19 pandemic hampered NEXT's opportunity to provide oral arguments on Defendant's second summary judgment motion and has likely further delayed a speedy resolution of this case.

While Plaintiff admits delay, delay alone is not sufficient to deny leave to amend under Rule 15(a). Delay, for whatever, or even for no reason, must be accompanied with a finding that the non-moving party will be prejudiced by allowing the amendment. CCI will not be prejudiced by permitting NEXT to file the TAC to include a claim of common law fraud, at least because: (1) CCI has had notice of NEXT's intent to bring a fraud claim as of the filing of its Verified Amended Complaint and so it cannot purport to be surprised by a claim now; (2) no trial date has been set and therefore to the extent any additional time to prepare a defense is needed, it is available; (3) to the extent that any additional discovery may become necessary because of the addition of a fraud claim, such discovery can be efficiently taken in this proceeding.

I.  **FACTUAL BACKGROUND**

   A.  **Procedural Background**

Plaintiff filed its Complaint on December 7, 2017. The Court granted Defendant's motion to dismiss without prejudice to the filing of an amended complaint on or before March 1, 2018. Dkt. No. 31. Accordingly, Plaintiff filed a Verified Amended Complaint ("VAC") on March 1,

2018, which included a claim for common law fraud. Dkt. No. 36, pg. 46, Count VI. CCI filed a motion to dismiss the VAC for failure to state a claim. Dkt. No. 45. In its July 31, 2018 Memorandum Opinion and Order, the Court dismissed NEXT's fraud claim without prejudice, stating that "[t]he amended complaint raises a reasonable inference of a pattern of promises by Defendant to pay Plaintiff for further services with no intention of keeping such promises, which supports a theory of promissory fraud if alleged with the particularity required by Rule 9(b)." Dkt. No. 125 at 23-24.

On August 24, 2018, the Court granted Defendant's oral motion to vacate the September 10, 2018 trial date that the Court had set, and also granted Defendant leave to file an oversized motion for summary judgment. Dkt. No. 151. At that same hearing, Judge Castillo directed Plaintiff to file any Second Amended Complaint it intended to file by September 18, 2018. *Id*. He further ordered that all expert discovery was to be completed by October 5, 2018. *Id*.

Plaintiff filed its Second Amended Complaint (SAC) on September 18, 2018. Dkt. No. 171. The SAC included a fraud claim. *Id*. In its Order of October 9, 2018, the Court denied Plaintiff leave to amend its complaint and Plaintiff's Second Amended Complaint was stricken. Dkt. No. 187. While the Court did not find that NEXT engaged in "bad faith" or "dilatory motives," the Court found persuasive Defendant's argument that it would suffer prejudice due to NEXT's delay in amending. The Order does not independently address the fraud claim, but rather discusses the fraud claim together with two claims that were brand new to the SAC. *Id*. at 4. Ultimately, the Court held that NEXT's "basis for leave to file a second amended complaint – a complaint that would expand the scope of the case, requiring further discovery and delays of the trial – is not compelling as it would dramatically alter Plaintiff's case deep into the litigation." *Id*. at 6.

On October 9, 2018, Defendant was also granted leave to amend its summary judgment motion by October 23, 2018. Defendant filed its amended motion for summary judgment on October 23, 2018. Dkt. Nos. 190-194. At a hearing on October 25, 2018, the Court set the briefing schedule for Defendant's amended summary judgment motion and also denied Plaintiffs request to set the trial date. Dkt. No. 202. Briefing on Defendant's Amended Summary Judgment motion was completed on December 21, 2018. Dkt. No. 254. The Court issued its order granting Defendant's motion in part and denying it in part. Dkt. No. 285.

On March 13, 2019, the Court set the trial date for May 20, 2019. On May 2, 2019, Defendant filed a motion for discovery sanctions excluding trade secret evidence at trial. On May 8, 2019 (and clarified on May 9, 2019), the Court granted Defendant's motion only as to Defendant's request for leave to file a motion for summary judgment on the narrow issue of whether Plaintiff has sufficiently identified its trade secrets. Dkt. Nos. 322 and 325. The Court also struck the May 20, 2019 trial date and reset it to August 8, 2019. *Id*.

In June 2019, Plaintiff hired new counsel; former counsel withdrew from the case. See Dkt. No. 354. On July 24, 2019, the Court struck the August 8, 2019 trial date, ordering that the pretrial conference and trial dates would be set after the Court ruled on the pending motion for partial summary judgment. Dkt. No. 401.

On September 16, 2019, the present case was transferred from Judge Castillo to Judge Seeger. Dkt. No. 405. On January 14, 2020, the Court set oral arguments for February 6, 2020 to hear all outstanding motions, including Defendant's motion for partial summary judgment. Dkt. No. 410. The hearing was then rescheduled for March 5, 2020. On March 4, 2020, Defendant's counsel phoned Plaintiff's counsel to say that several members of Defendant's legal team were sick, possibly with Covid-19 and that they did not believe they should fly to Chicago to attend the

- 6 -

hearing. Accordingly, the March 5, 2020 hearing was cancelled. Dkt. No. 420. The Court never reset a hearing date to allow NEXT an opportunity to speak to the Court regarding identification of its trade secrets. On May 31, 2020, the Court issued an order granting Defendants motion for partial summary judgment. Dkt. No. 431. Plaintiff filed a motion for reconsideration of the grant of partial summary judgment. DKt. No. 435. No trial date has yet been set.

In the interim, the Court has issued a number of General Orders in response to the Covid-19 pandemic affecting pending cases in various ways. See Dkt. Nos. 424, 425, 426, 427, 428, 430, 434.

**B.     Background of CCI's Fraudulent Conduct**

**II.     ARGUMENT**

    **A.     Plaintiffs' Proposed Amendment Falls Within Rule 15's Liberal Standard.**

Fed. R. Civ. P. 15(a) provides that leave to amend shall be "freely given when justice so requires." In reversing a ruling denying a motion to amend a complaint, the United States Supreme Court has stated:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 181-182 (1962). The Seventh Circuit has emphasized that Rule 15(a) imposes a broad and liberal standard in favor of amendment and a narrow, restrictive standard as to when such leave must be denied. "The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961). *See also, Austin v. House of Vision, Inc.*, 385 F.2d 171, 173 (7th Cir. 1967) (vacating dismissal and instructing district court to grant leave to file second amended complaint); *Bisciglia v. Kenosha Unified Sch. Dist. No.*, 45 F.3d 223, 230 (7th Cir. 1995) (reversing the denial of leave to amend because the record was not clear that the plaintiff could state no set of facts upon which relief could be granted).

NEXT has not filed this motion in bad faith or with dilatory motive. Further, the amendment will not be futile. The statute of limitations has not run on a fraud claim and Plaintiff can readily show that Defendant committed common law fraud, including by showing: 1) that Defendant made a false statement of material fact; 2) that Defendant knew or believed that its statement was untrue; 3) that Defendant intended NEXT to rely on the statement; and 4) that NEXT's reliance caused NEXT injury. *Miller v. Chevrolet/GEO, Inc.*, 326 Ill. App. 3d 642, 648 (2001). Ex. A at ¶¶ 175-188 and 257-265, Exs. 10-12. The statute of limitations for common law fraud actions is five years. *Waterford Condominium Ass'n v. Dunbar Corp.*, 104 Ill. App. 3d 371, 376 (1st Dist. 1982).

The attached TAC's common law fraud count includes allegations sufficient to meet the heightened pleading standard of Rule 9(b), including the requirement to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

While NEXT admits to delay, the delay in filing was not a result of bad faith or dilatory motive. Moreover, NEXT's delay in filing will not cause prejudice to CCI, which must be found in order to deny leave on the basis of delay. Thus, Plaintiffs motion falls within the liberal standard of Rule 15(a) and should be granted. Permitting NEXT leave to amend its complaint to allege fraud will promote a more full and fair resolution of all the claims between the parties.

### B. Delay Alone Is Not Sufficient to Deny Leave to Amend Under Rule 15(a)

In denying NEXT's previous motion to amend its VAC and file its Second Amended Complaint, the Court stated that Plaintiff failed to provide any compelling reason for amending its complaint a month and a half after the close of fact discovery; offered no persuasive reason why it could not amend its complaint sooner given that the new claims were substantially similar to the claims pled in the earlier complaints; and that the delay was particularly inexcusable because Plaintiff requested an expedited discovery and trial schedule. Dkt. No. 187 at 5-6. Plaintiff recognizes that the Court denied NEXT's previous request to amend its complaint because of delay, and that now, two years later, it asks this Court to consider a new request for leave to amend its complaint. However, NEXT respectfully submits that the law, the facts and the circumstances require that leave be "freely given."

The Seventh Circuit has made clear that delay alone, <u>even delay with no explanation for it</u>, is not enough to justify denial of leave to amend; instead, the delay must be shown to result in undue prejudice to the non-moving party. *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999) (remanding to the district court to determine whether delay in filing the motion for leave to amend resulted in undue prejudice to the non-moving party. The Seventh Circuit determined that the major factor in the district court's decision "was the lateness of the request and the lack of

an adequate explanation as to why the request had come as late as it had," and that was not sufficient to deny leave without a finding of prejudice); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir.2004) (holding that the district court abused its discretion in denying leave to amend based on delay alone, and further that prejudice cannot be shown, particularly where the statute of limitations has not run on the claim to be added, by alleging that memories of witnesses will fade and documents may be lost.); *In re Olympia Brewing Co. Securities Litigation*, 674 F.Supp. 597, 604-05 (N.D. Ill 1987) (holding that even an unexplained and "inexcusable" delay must be accompanied by a showing of prejudice to the opposing party to deny leave to amend); *Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.*, 741 Supp. 152, 154 (N.D. Ill. 1990) (granting leave to amend because delay alone is not enough to deny leave where the opposing party does not show prejudice).

While NEXT acknowledges delay in filing the present motion, the delay is not a result of bad faith or dilatory motive. The delay was unintentional and a result of a change in counsel and continued delays in the case that have occurred for a variety of reasons. At the time that present counsel was hired, they were preparing for imminent trial based on the existing record. As continued delays postponed trial, this fraud claim came to light. Once Plaintiff became aware of the fraud claim based on the facts alleged in its proposed TAC, it diligently prepared and filed the present motion.

Further, the Court's previous holding that Plaintiff's request for an expedited discovery and trial schedule should not weigh against granting the present motion. Despite Plaintiff's request and the grant of an expedited discovery schedule, there is still no trial date set for this case. Whatever benefit Plaintiff sought from its request was not realized and NEXT should not be penalized for seeking a benefit that it never realized.

The Seventh Circuit explains that the reason for the delay, whether provided, not provided, excusable, or inexcusable cannot be the sole basis for denying leave. Rather, the opposing party must make a showing of prejudice if the amendment were permitted. Thus, delay alone on the part of NEXT in filing its motion should not provide a basis for denying leave.

### C. Defendant Will Not Suffer Any Prejudice If the Complaint is Amended.

"Prejudice is the most significant factor that weighs against the permissive policy toward amendments, and determining whether prejudice warrants denying leave to amend involves balancing the interests of the parties." *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2006 WL 1895731 at *2 (N.D. 111. July 6, 2006). Within the Seventh Circuit, courts have focused on whether the opposing party would be unduly prejudiced as the key factor in deciding whether to grant a motion to amend. *See, e.g., Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.*, 741 F. Supp. 152,154 (N.D. 111.1990); *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999).

Undue prejudice may exist "where the amendment results in the incorporation of a new claim, the addition of a party or expensive and time-consuming new discovery." *In re Olympia Brewing Co. Securities Litigation*, 674 F.Supp. 597, 605-6 (N.D. Ill 1987). "Where the facts on which a previously unasserted claim is based are all known or available to all parties, no prejudice exists. Even if some prejudice to the adverse party results if the court grants a motion to amend, the court must balance that prejudice against the hardship to the moving party if the court denies the motion." *Id*. at 606 (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). Even where, as is the case here, dispositive motions have been filed, the non-moving party must still show <u>undue prejudice</u> caused by the lateness of the filing to defeat the motion. See *Doherty v. Davy Songer, Inc.*, 195 F.3d 919 (7th Cir. 1999).

Undue prejudice is not found from general assertions that memories of witness will fade and documents will be lost due to delay. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 79 (7th Cir.2004). This is particularly so, whereas here, the statute of limitations has not run on a fraud claim. *Id*. Undue prejudice is further not found where adding the claim would require the opposing party to "undertake significant additional pretrial preparation and cost." *Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.*, 741 Supp. 152, 154 (N.D. Ill. 1990).

CCI will not be unduly prejudiced if NEXT is permitted to amend its complaint to add a claim of fraud, at least because: (1) CCI has had notice of NEXT's intent to bring a fraud claim as of the filing of its VAC and so it cannot purport to be surprised; (2) the factual basis for the allegation of fraud is known to CCI because CCI produced the relevant documents and CCI's counsel defended the deposition of Paul Johns who was asked about the documents by NEXT's former counsel; (3) no trial date has been set and therefore to the extent any additional time to prepare a defense is needed, it is available; (4) to the extent that any additional discovery may become necessary because of the addition of a fraud claim, such discovery can be efficiently taken in this proceeding. For at least these reasons, CCI cannot show that it will be prejudiced by the addition of a fraud claim.

Conversely, NEXT will be unduly harmed if it is not permitted to amend, at least because common law fraud allows for punitive damages, a remedy that NEXT is entitled to based on CCI's deliberately fraudulent actions. Plaintiff may be entitled to punitive damages for common law fraud claims. *Fed'l Deposit Insurance Corp. v. W.R. Grace & Co.,* 877 F.2d 614 (7th Cir. 1989). Thus, allowing the proposed amendment to the complaint will promote a more full and fair resolution of all the claims between the parties.

D. **Amending the Complaint Would Advance Judicial Economy and the Fuller Determination of the Action on the Merits.**

Judicial policy favors adjudication of claims on the merits rather than procedural obstacles:

> Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.

*Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (allowing amendment to complaint five years after litigation commenced) (footnote omitted).

Justice requires that Plaintiff be permitted to add a claim of fraud. Plaintiff respectfully requests that the Court grant it leave to amend.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully requests the Court to grant it leave to file the Third Amended Complaint.

Dated: October 30, 2020

Respectfully submitted,

PADMANABHAN & DAWSON, P.L.L.C.

By: /s/ Devan V. Padmanabhan
    Devan V. Padmanabhan
    (admitted *pro hac vice*)
    Michelle E. Dawson (admitted *pro hac vice*)
    Britta S. Loftus (admitted *pro hac vice*)
    Paul J. Robbennolt (admitted *pro hac vice*)
    Erin O. Dungan (admitted *pro hac vice*)
    Sri K. Sankaran (admitted *pro hac vice*)
45 South 7th Street
Suite 2315
Minneapolis, Minnesota 55402
Telephone: (612) 444-3377

Facsimile: (612) 444-3195
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
erin@paddalawgroup.com
sri@paddalawgroup.com

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
Bart.torvik@torviklaw.com
Tel: (847) 986-8568
Fax: (312) 264-0852

Paul B. Thanasides
Mary Ruth Thanasides
McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
(813) 223-0000
paul@mcintyrefirm.com

*Attorneys for Plaintiff*
*NEXT Payment Solutions, Inc.*