UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc.,<br><br>        Plaintiff,<br><br>   v.<br><br>CLEAResult Consulting, Inc.,<br><br>        Defendant. | Case No. 17 CV 8829 |

**REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE IN SUPPORT OF AN UNJUST ENRICHMENT CLAIM <u>PREMISED ON PROPRIETARY INFORMATION</u>**

**INTRODUCTION**

Plaintiff NEXT Payment Solution's description of its new "proprietary information" theory of unjust enrichment has grown even more incoherent between the June 2021 Joint Statement (which disclosed NEXT's new theory for the first time) and NEXT's response brief (which has now expanded its new theory). As the Seventh Circuit has said, "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993). As this Court previously recognized, NEXT is well past that point and defendant CLEAResult Consulting Inc.'s motion in limine to exclude evidence and argument premised on "proprietary information" should be granted.

Although hard to track, NEXT's arguments as to why it should be permitted to go to trial on this undisclosed proprietary information theory essentially boil down to: (1) the proprietary information theory of unjust enrichment has always been part of the case; (2) although NEXT repeatedly represented in briefing and in mandatory disclosures that its unjust enrichment claim was based on unpaid services—not "proprietary information"—NEXT should be permitted to now take a position contrary to its previous representations; (3) CLEAResult and the Court understood that an unjust enrichment claim based on proprietary information has always been part of the case; and (4) everything that NEXT claimed was a trade secret that CLEAResult misappropriated is actually also "proprietary" information and remains in the case notwithstanding the Court's May 2020 Memorandum Opinion and Order granting CLEAResult's motion for partial summary judgment. These arguments are factually inaccurate, legally erroneous, and misstate the record in an effort to create confusion.

NEXT's revisionist history should be rejected. NEXT should not be permitted to backdoor a new unjust enrichment theory into the case through a status report on the eve of trial.

1

Even worse, NEXT now claims that when presenting its new "proprietary information" theory at trial it does not have to specifically define the technology or functionality that CLEAResult allegedly stole from NEXT, or even prove that the information was confidential or proprietary. Permitting NEXT to introduce evidence and argument on its undisclosed and amorphous "proprietary information" theory would be confusing and misleading and extraordinarily prejudicial to CLEAResult. For all these reasons, and the reasons stated below, the Court should grant the motion in limine.

## ARGUMENT

**I.  Courts routinely grant motions in limine to exclude argument and evidence of new or undisclosed theories of liability.**

Contrary to NEXT's assertions, motions in limine are the appropriate procedural vehicle to address eleventh-hour attempts to insert new theories of liability into a case—and courts routinely grant motions in limine in such circumstances. *See Aldridge v. Forest River, Inc*., 635 F.3d 870, 873-75 (7th Cir. 2011) (upholding grant of motion in limine barring plaintiff from arguing a new theory of liability which was "tantamount to changing the theory of the case at the eleventh hour"); *U.S. Fid. and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1137-38 (9th. Cir. 2011) (district court did not abuse its discretion in granting motion in limine to preclude party from making argument at trial based on a theory that was not "fairly disclosed in discovery"); *In re C2R Glob. Mfg., Inc*., 2021 WL 1346047 (E.D. Wis. Mar. 30, 2021) (denying defendant's motion for summary judgment but granting defendant's motion in limine to preclude plaintiff from relying on newly disclosed allegations at trial); *Ferring B.V. v. Serenity Pharms., LLC*, 2020 WL 1164700, at *2 (S.D.N.Y. Mar. 11, 2020) (stating that "[c]ourts have granted motions in limine to preclude untimely disclosed theories" and granting counterclaimants'

2

motion in limine to preclude argument or testimony at trial in support of a theory of defense not disclosed during fact or expert discovery).

Likewise, courts also regularly grant motions in limine to exclude evidence or argument of dismissed claims or rejected theories of liability. *See, e.g., Foster v. Davis*, 2013 WL 1729417, at *4 (N.D. Ill. Apr. 22, 2013) (granting motions in limine where plaintiff was "seeking to relitigate . . . claims that have already been dismissed in this case"); *Cooper v. Montgomery County, Ohio*, 2018 WL 272523, at *2-3 (S.D. Ohio. Jan. 2, 2018) (granting motion in limine to exclude evidence related to claims previously dismissed as such evidence is irrelevant).

Here, NEXT seeks to add a new (and arguably even more expansive) theory of unjust enrichment at the last minute that it has never disclosed and would, if allowed, improperly permit NEXT to litigate its dismissed misappropriation of trade secrets claim (and potentially even more, *see infra* Section V). NEXT's attempt to dupe the Court into allowing it to try a "proprietary information" theory of unjust enrichment is exactly the type of evidence and argument that a motion in limine is designed to prevent.

For example, in *Aldridge*, the trial court granted a motion in limine barring the plaintiff from making arguments in support of a new theory of liability (as to what specifically caused her personal injuries) that she raised for the first time in the PTO and that was inconsistent with statements she made in interrogatory responses and statements made by her expert during expert discovery. 635 F.3d at 873, 875. As the district court concluded, plaintiff had proceeded under a different theory of liability throughout the lead-up to trial, the defendants had litigated the case with that understanding, and the defendants would not have time to prepare a meaningful defense if plaintiff was allowed to "chang[e] the theory of the case at the eleventh hour." *Id.* at 873-74. Affirming the trial court, the Seventh Circuit stated the district court "[c]learly acted within its

3

discretion" in granting the motion in limine as "the ruling was consistent with the nature of the litigation from the beginning of the case and it prevented surprise to the defendants regarding the nature of the case that they had been defending throughout the litigation." *Id*. at 875. The same concerns are present here and equally support granting CLEAResult's motion in limine to exclude argument and evidence in support of a new proprietary information theory of unjust enrichment.

**II.     The Court should exclude argument and evidence related to NEXT's new "proprietary information" theory of unjust enrichment because it has never been in the case.**

As CLEAResult established in its opening brief, NEXT's common law unjust enrichment claim has always been based on (at most) two theories: (1) that CLEAResult failed to pay for services it performed and licenses it provided (the "<u>unpaid services</u>" theory) and (2) that "CLEAResult misappropriated NEXT trade secrets" (*i.e.*, the FAST Tool) to add "functionality" to its own DSMT software (the "<u>misappropriation of trade secrets</u>" theory). (*See, e.g.*, Dkt. No. 461 (9/8/21 CLEAResult's Memo. in Support) ("Def. Memo.") at 2.) The latter is no longer in the case, leaving just the "unpaid services" theory.

Although NEXT concedes that its "misappropriation of trade secrets" theory of unjust enrichment is no longer in the case following the Court's May 2020 summary judgment Order (*see* Dkt. No. 468 (9/27/21 NEXT's Response in Opposition ("Response") at 7-10), NEXT nonetheless claims that it deserves "its day in Court to seek justice for [CLEAResult's] theft of NEXT's Fast Tool" (*id*. at 1). NEXT justifies its attempt to reinsert its theft of the FAST Tool theory back into the case after its loss on summary judgment by claiming that it has always had a third "independent" theory of unjust enrichment, premised on the theory that CLEAResult misappropriated "proprietary information." (*Id*. at 1-2.) This is flatly untrue.

4

### A. The motion in limine should be granted because NEXT's briefing has consistently described its unjust enrichment claim as only seeking damages for unpaid services.

In prior briefing, NEXT has stated that its unjust enrichment claim only seeks damages for services that NEXT allegedly provided to CLEAResult. NEXT never described its unjust enrichment claim to also cover "proprietary information" that CLEAResult allegedly took from NEXT.

Specifically, CLEAResult's first motion for summary judgment sought dismissal of NEXT's entire unjust enrichment claim. (Response at 7; *see also* Dkt. No. 197 at 27.) In opposing that motion, NEXT described its unjust enrichment claim as consisting <u>solely</u> of the unpaid services aspect of its unjust enrichment claim and stated: "if the SOWs are not enforceable contracts, then the parties' course of dealing support[s] a claim for implied contract where, as here, NEXT provided the services set forth in the SOWs, and [CLEAResult] paid these invoices through October 2017." (Dkt. No. 243 at 26.)

NEXT admits that when it opposed summary judgment it failed to disclose its "proprietary information" theory of unjust enrichment, but now claims that should not be held against NEXT because its omission "does not indicate NEXT intended everything unargued to be dropped from the case." (Response at 10 n.9.) It strains credulity that NEXT would knowingly state that its unjust enrichment claim consisted only of "unpaid services" (for which NEXT is seeking a couple hundred thousand dollars in damages) and intentionally omit a "proprietary information" theory of unjust enrichment (for which NEXT is seeking $423 million in damages).

Similarly, NEXT's briefing in support of filing a second amended complaint stated that its theory of unjust enrichment was based only on unpaid services and never mentioned any "proprietary information" theory. (Def. Memo. at 2-3.) This is significant because the unjust enrichment claim in the operative complaint is virtually identical to the (subsequently stricken)

5

second amended complaint. (*Compare* Dkt. No. 36 at ¶¶ 223-35, to Dkt. No. 171 at ¶¶ 357-69.) In a conscious attempt to avoid ITSA preemption issues, NEXT established the scope of its unjust enrichment claim as being only for unpaid services and the Court should treat NEXT's statement as a judicial admission. (*See* Def. Memo. at 10-11.) NEXT never explains why it did not disclose that it also had a "proprietary information" theory of unjust enrichment in its briefing on the second amended complaint. NEXT's half-hearted argument—that its failure to disclose the "proprietary information" theory should be excused because the second amended complaint was stricken (Response at 10)—should be rejected by the Court.

> **B.   The motion in limine should be granted because NEXT's mandatory disclosures repeatedly failed to disclose any "proprietary information" theory of unjust enrichment.**

NEXT also concedes that it made a number of other disclosures about its unjust enrichment claim that are wholly inconsistent with its current contention that it has always maintained an unjust enrichment theory based on proprietary information.

First, NEXT concedes that it served CLEAResult with a "final" itemization of damages that stated its unjust enrichment claim was based on two theories (unpaid services and misappropriation of trade secrets under the DTSA), and that NEXT did not disclose any "proprietary information" theory for its unjust enrichment claim. (Def. Memo. at 3; Response at 5 n.4.) NEXT bizarrely argues that <u>CLEAResult</u> has been "disingenuous" in "rely[ing]" on these disclosures about the scope of NEXT's claim because they were prepared by "former counsel based on her preparation and choices for a trial that never happened" (the trial of course was rescheduled). (Response at 5 n.4.) But at the time that NEXT made those disclosures, discovery was complete and the pleadings were the same as now.

Second, NEXT concedes that it did not identify any common law unjust enrichment damages or refer to any damages flowing from the "theft" of proprietary information in its

6

response to CLEAResult's Interrogatory 20, which asked for "the nature and amount of each category of damages NEXT alleges to have suffered with respect to each of its claims in this action."[1] (Response at 10-11.) Although NEXT points to the statement that it lost revenues *(id.)*, this is irrelevant to an unjust enrichment measure of damages and is not a disclosure about any damages from misappropriated proprietary information. And while NEXT tries to explain away its interrogatory responses as having been provided before it had fully developed its damages theories *(id.)*, NEXT never supplemented this response and does not dispute that it is precluded as a matter of law from taking positions inconsistent with its responses. (*See* Def. Memo. at 11.)[2]

Third, NEXT fails to address that its damages expert's opinion, in his own words, "relates to the *trade secrets* that are alleged to have been misappropriated." (Def. Memo. at 10 (emphasis added).) NEXT instead makes the unremarkable point that its expert "calculated" unjust enrichment damages. (Response at 5.) But he did so at the time that NEXT was seeking "unjust enrichment" damages for its DTSA claim (and sometimes separately maintaining a common law unjust enrichment claim premised on misappropriation of trade secrets). (*See* Dkt No. 464-1 (9/8/21 Donohue Decl.) Ex. 1 at 2-3.) What NEXT's expert did not do is provide any opinion on unjust enrichment damages resulting from CLEAResult's alleged misuse of "proprietary" information—nor does NEXT claim otherwise—which further underscores that NEXT itself never intended this as a separate basis for unjust enrichment.[3]

---

[1] Common law unjust enrichment damages are measured as the benefit received and retained by the defendant. *See, e.g., Hayes Mech., Inc. v. First Indus., L.P.*, 351 Ill. App. 3d 1, 9, 812 N.E.2d 419, 426 (2004).

[2] *See also* Fed. R. Civ. P. 26(e)(1) (requiring supplementation of interrogatory responses); Fed. R. Civ. P. 37(c) (a party that "fails to provide information" as required by Rule 26(e) "is not allowed to use that information" unless the failure was "substantially justified or is harmless").

[3] In addition, in the October 2019 Status Report, NEXT informed the Court that its "trade secret and unjust enrichment claims" had identical damages "representing Defendant's alleged unjust enrichment." (Def. Memo at 3.) NEXT now says this status report disclosed that it intended to assert a "proprietary" information theory. (Response at 5-6 & n.4.) But NEXT said nothing of the

7

    **C.    The motion in limine should be granted because NEXT's primary contention—that the parties and Court have previously recognized a "proprietary information" unjust enrichment theory—is wrong.**

Rather than address its years of representations about the limited scope of its unjust enrichment claim head on, NEXT misleadingly cites to the parties' and Court's prior statements to argue that everyone understood all along that NEXT had alleged a third "proprietary information" theory of unjust enrichment. (*See* Response at 3-4, 10-11.) This is incorrect and smacks of a deliberate attempt to obfuscate. What NEXT actually cites is mere recognition by the parties and the Court of the existence of an unjust enrichment claim and acknowledgement that "confidential" information was relevant to the case.

For example, nothing in Judge Castillo's opinion on CLEAResult's motion to dismiss established, as NEXT argues, that "the Court's understanding of NEXT's unjust enrichment claim is consistent with what NEXT has always alleged." (*Id.* at 3.) Instead, as NEXT points out, all Judge Castillo recognized is that NEXT alleges "that it conferred a benefit to Defendant by providing services and the use of its software." (*Id.*) And NEXT's current position starkly contradicts what it said in the June 2021 Joint Statement where it acknowledged that Judge Castillo's summary judgment opinion "failed to include that NEXT's unjust enrichment claim was also premised on [CLEAResult's] misuse of NEXT's proprietary information." (Dkt. No. 458 at 4.)

Moreover, CLEAResult's references to "confidential information" in court filings are equally unavailing. (*See, e.g.*, Response at 3.) NEXT originally pled that CLEAResult breached "confidentiality" obligations in the parties' contracts (which NEXT argued was the basis for its

---

sort and instead made it clear that the DTSA and unjust enrichment claims were based on the same actions and had the same damages. (*See* Def. Memo. at 3.) Indeed, CLEAResult wrote in its section of the status report that the unjust enrichment claim is "premised primarily on allegations of misappropriation" (Dkt. No. 407 at 7)—which NEXT did not dispute.

"misappropriation of trade secrets" claim). (*See, e.g.*, Dkt. No. 36 (Compl.) ¶¶ 19-20, 106-16, 133-71, 209.) Indeed, the example NEXT provides underscores that CLEAResult understood the "misuse of any of plaintiff's alleged confidential information" to be based on allegations that CLEAResult "acquired plaintiff's alleged trade secrets." (Response at 3 (citing Dkt. No. 147).) CLEAResult's reference to "confidential" information is hardly surprising or indicative of the fact it understood NEXT intended to assert a third "proprietary information" theory of unjust enrichment.

Likewise, the fact CLEAResult referred to the word "proprietary" in one of its summary judgment briefs is not evidence that, as NEXT contends, CLEAResult knew that an unjust enrichment claim based on "proprietary information" has always been in the case. (Response at 1, 4.) The word appears fleetingly in the Complaint (*see* Dkt. No. 36 (Compl.) ¶¶ 233-34) but has always been understood by the parties and the Court to be descriptive of the misappropriation of trade secrets theory. (*See supra* at Section II.A (NEXT repeatedly describing its unjust enrichment claim as being only the unpaid services and sometimes misappropriation of trade secrets theories); *supra* at 8 (NEXT admitting that the Court described the unjust enrichment claim on summary judgment as relating only to the unpaid services and misappropriation of trade secrets theories)). And of course, in its summary judgment opposition, NEXT said nothing about "proprietary information." (*Supra* at 5.)[4]

Finally, the fact NEXT disclosed that it "intended to seek damages related to its unjust enrichment claim based on CCI's use of the Competitive Systems," *i.e.*, the FAST Tool, is

---

[4] Moreover, as NEXT points out, CLEAResult cited paragraph 233 of the Complaint which alleged CLEAResult was unjustly enriched by "having access to NEXT trade secrets and other proprietary information, which was provided under paragraph 6 of the MSA [*i.e.*, the contract's confidentiality provision]." (Dkt. No. 36.) But as NEXT admits, Judge Castillo "concluded the FAST Tool is not covered by the MSA." (Response at 12.) Thus, there is no such "proprietary information" provided "under" the MSA that relates to the FAST Tool.

9

equally irrelevant. (Response at 4.) NEXT disclosed having unjust enrichment damages based on CLEAResult's "theft" of the FAST Tool—but these were based on the theory that the unjust enrichment was due to "misappropriation" of NEXT's "trade secrets." (*See* Def. Memo. at 3, 10.) NEXT has never disclosed any damages from an independent proprietary information theory.

NEXT's own statements in briefing and mandatory disclosures (which NEXT never supplemented or amended) demonstrate that CLEAResult's motion in limine should be granted. The "proprietary information" theory of unjust enrichment has never been in the case and the Court should exclude argument or evidence pertaining to it.

**III.    The Court should exclude all argument and evidence of NEXT's new "proprietary information" theory because, even assuming it exists, it is the same theory as misappropriation of trade secrets.**

Even assuming NEXT had a theory of unjust enrichment that included "proprietary information," it is not a new, independent theory. At best, the "proprietary information" theory is the same as NEXT's "misappropriation of trade secrets" theory of unjust enrichment. And because NEXT's misappropriation of trade secrets claim has been dismissed on summary judgment, NEXT should not be permitted to litigate its unjust enrichment claim by recasting its misappropriation of trade secrets theory into a "proprietary information" theory.

In June 2019, CLEAResult moved for summary judgment: (1) to dismiss NEXT's DTSA claim *and* (2) to exclude argument or evidence of NEXT's trade secrets. (Dkt. No. 334 (6/10/19 Memo) at 1.) NEXT had claimed that the features of its FAST Tool had been misappropriated by CLEAResult and imported into CLEAResult's DSMT software and further claimed that everything about the FAST Tool that it provided to CLEAResult was a trade secret. (*Id*. at 2, 5, 8-9, 10-13; Dkt. No. 431 (5/31/20 Order) at 5.) As CLEAResult explained, the reason it sought relief barring further argument or evidence of NEXT's trade secrets was that "NEXT's allegations concerning purported trade secrets permeate its complaint, including its

10

misappropriation, contract, and unjust enrichment claims. Accordingly, NEXT should be prohibited from introducing evidence at trial concerning its trade secrets for any surviving claims." (Dkt. No. 334 (6/10/19 Memo) at 1 n.1.)

The Court granted CLEAResult's motion in its entirety, finding that despite having had several chances to identify its trade secrets, NEXT had come up short each time, offering only "broad descriptions and jargon-laden terminology" that simply describe what the software does and are "identifiable to an end user," leaving it "hazy what, exactly, NEXT is claiming as its alleged trade secrets." (Dkt. No. 431 at 1, 17-19, 21, 25.) As the Court noted, a failure to define trade secrets with specificity, and a failure to separate the secrets from the non-secrets, means a trade secrets claim cannot survive as a party cannot "bring a misappropriation claim without adequately describing what was stolen." (*Id.* at 21.) As the Court held, NEXT's alleged trade secrets fell far short of the mark and consisted of an "amorphous bog … that leaves the audience wondering what, exactly, the supposed trade secrets are. Trying to pin down the trade secrets has the distinct feel of nailing jello to a wall." (*Id.* at 25.) The Court thus concluded: "NEXT had repeated turns to speak, and didn't say what it needed to say. So its turn is now over." (*Id.* at 27.)

As a result of the Court's Order, NEXT's "misappropriation of trade secrets" theory of unjust enrichment is no longer in the case—a point that NEXT *does not dispute*. (*See* Response at 7-10.) This should be the end of the road for the unjust enrichment claim, except insofar as it is based on the "unpaid services" theory. But instead, NEXT shamelessly asserts a right to take the exact thing it claimed was a misappropriated trade secret (the FAST Tool) and repackage it as stolen "proprietary" information. NEXT seems to think that if it just swaps out the words "theft" for "misappropriation" and "proprietary information" for "trade secrets" no one will notice. But the Court was very clear that the trade secrets claims—whatever words NEXT might

11

now want to use to describe them—are dead.[5] Thus, this Court should grant CLEAResult's motion in limine as NEXT is engaged in a blatant attempt to relitigate dismissed claims.

### IV. The Court should exclude argument and evidence of the proprietary information theory because it is preempted.

The Court should also grant CLEAResult's motion in limine because NEXT's new proprietary information theory, as described in the June 2021 Status Report, is preempted. (Def. Memo. at 14-15.) NEXT does not dispute that this is precisely the type of claim that is preempted. Instead, NEXT claims it did not know that CLEAResult would raise a preemption defense and CLEAResult has waived its ability to do so. (Response at 12-15.) CLEAResult, of course, could not raise a defense to the proprietary information theory of unjust enrichment because that theory has never been in the case to defend against.

Moreover, CLEAResult raised preemption when NEXT filed its second amended complaint. NEXT hurried to assure the Court there was nothing to worry about because NEXT was only basing its unjust enrichment claim on the theory it provided CLEAResult licenses and services—*i.e.*, the unjust enrichment claim was not premised on confidential information. (Def. Memo. at 2-3.) NEXT cannot claim it is prejudiced from not knowing CLEAResult might raise preemption. In fact, it is the other way around: CLEAResult is prejudiced by NEXT trying to now assert a theory of unjust enrichment that has never been in the case, that CLEAResult did not have an opportunity to raises defenses to, and that is inconsistent with how NEXT represented the unjust enrichment claim to the Court in an effort to avoid preemption.

---

[5] Moreover, in granting CLEAResult's motion, the Court agreed that NEXT cannot present evidence or argument about the trade secrets, which NEXT claimed is everything about the FAST Tool. Thus even if there had been a third "proprietary information" theory of unjust enrichment all along (and there was not), NEXT would have only itself to blame for the fact it left no daylight between its supposed trade secrets and any other information regarding FAST.

12

Rather than address the substantive issue of preemption, NEXT asked for further briefing and suggested that discovery would likely have to be reopened. (Response at 15, n.13.) The Court should reject this request. There is no reason NEXT did not address the substantive issue of preemption and NEXT needs no discovery—it should know what types of "confidential information" form the basis of its new theory.

## V. The Court should exclude all argument and evidence of the proprietary information theory because it is amorphous, impossible to prepare for, and would cause chaos at trial.

Finally, the Court should exclude argument and evidence of the "proprietary information" theory because not only is it irrelevant, NEXT also plainly intends to put on a formless and chaotic case at trial. NEXT asserts that its "proprietary information" theory includes CLEAResult's alleged theft of the entire FAST Tool (whatever NEXT apparently decides before trial that includes). Allowing NEXT to litigate at trial such an amorphous theory of unjust enrichment is fundamentally unworkable, impossible to prepare for, and would be extraordinarily prejudicial to CLEAResult (not to mention, confusing and misleading to the jury). For example, NEXT now claims that it does not have to define its technology or functionality "to any level of specificity" and need not even prove the "proprietary" information "was confidential or proprietary." (Response at 9.) In keeping with this approach, it is now even _less clear_ than in June 2021 what NEXT contends its proprietary information consists of.

For example, in the Complaint, the passing reference to proprietary information was that it was something "_provided under_" the parties' MSA. (Dkt. No. 36 (Compl.) ¶ 233 (emphasis added).) Judge Castillo, however, rejected the argument that the FAST Tool was "provided under" the MSA. (_See_ Response at 12 (recognizing that Judge Castillo "concluded the FAST Tool is not covered by the MSA").) So in the June 2021 Joint Statement, NEXT claimed the proprietary information was not, in fact, provided "under" the MSA but is "at least the

13

information related to the FAST Tool received and misused by [CLEAResult] *after* the MSA expired"—in April 2016—"including [CLEAResult's] misuse of NEXT's domain names." (Dkt. No. 458 at 5 (emphasis added).) The MSA expired in April 2016; NEXT claims it provided CLEAResult the FAST Tool before this. (*See, e.g.*, Dkt. No. 36 (Compl.) ¶¶ 32, 35-53.) So what is the confidential information received by CLEAResult after April 2016? Notably, the only thing NEXT came up with in the Joint Statement was domains.

But in its Response, NEXT changes course again, and said the proprietary information is *not* domains. (Response at 10.) And NEXT is now also apparently gearing up to argue that the proprietary information is not even necessarily confidential—or even proprietary—despite saying in the Joint Statement it was. (*Compare id*. at 9, to Dkt. No. 458 (Joint Stmt.) at 4.)

So what *is* the proprietary information? NEXT cannot say, four years into the case, except that it is something that may or may not have been provided after April 2016, that may or may not be confidential, that might relate to the FAST Tool (but seemingly cannot be the FAST Tool) and is not domains (despite saying in June it was domains). The prejudice from NEXT constantly evolving its theories every time it loses part of its case is obvious. CLEAResult is currently facing a $423 million claim, never previously disclosed as an independent theory of liability, and cannot prepare for trial because it does not know what it is.[6]

---

[6] No doubt recognizing that CLEAResult may prevail on this motion, NEXT is unfortunately already at work trying to build another $423 million escape hatch by suggesting the "unpaid services" theory also has $423 million in damages. (*See* Response at 5 n.3.) This is a grotesque distortion of that theory and should be shut down now. (*See, e.g.*, Dkt. No. 285 (2/27/19 Opinion) at 56 ("Plaintiff's unjust enrichment claim . . . seeks redress for . . . failure to pay Plaintiff's invoices for use of the FAST Tool."); Dkt. No. 407 (10/1/19 Joint Status Report) at 2 (NEXT informing the Court it seeks damages of $230,285 for the alleged failure to pay invoices).)

14

## VI. The PTO and motion in limine deadlines should be adjusted.

CLEAResult also respectfully reiterates its request (*see* Dkt. No. 465) that the Court adjust the PTO and in limine briefing schedule. The PTO and all motions in limine are due in five weeks. If this motion is granted, this is a case about a narrow set of licenses and "services." If it is not, it is about an extremely amorphous "theft" of "proprietary" information. The amount of pretrial work that needs to be done if the proprietary information theory remains in the case—or this motion is undecided at the time the PTO and motions in limine are due—is massive.

For example, if the motion is undecided at the time of the PTO and motions in limine, there will be disputes over what CLEAResult assumes are hundreds, if not thousands, of documents and lines of deposition testimony relating to the FAST Tool and what NEXT claims is evidence of "theft"; motions in limine related to NEXT's technical and damages experts on the grounds they have no relevant opinions except those related to "trade secrets"; a motion in limine regarding the unsound methodologies employed by NEXT's damages expert; a motion about whether the Court or jury should hear the "proprietary information" theory; and disputes about whether the jury can even be instructed on the "proprietary information" theory and if so, disputes about NEXT's contention that it does not need to prove the proprietary information is actually proprietary. Resolving this motion in limine is a critical threshold issue which dramatically impacts the parties' and Court's ability to efficiently and effectively prepare for trial.

## CONCLUSION

For the foregoing reasons, CLEAResult respectfully requests that the Court grant this motion in limine and related Motion to Modify Scheduling Order (Dkt. No. 465).

Dated: October 1, 2021

15

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *s/ J. Matthew Donohue*
J. Matthew Donohue (*admitted PHV)*
Matt.Donohue@hklaw.com
Shannon Armstrong (*admitted PHV*)
Shannon.Armstrong@hklaw.com
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Tel: (503) 243-2300
Fax: (503) 241-8014

Anthony J. Fuga (#6301658)
Anthony.Fuga@hklaw.com
150 N. Riverside Plaza, Ste. 2700
Chicago, IL 60606
Tel: (312) 715-5771
Fax: (312) 578-6666

Attorneys for Defendant
CLEAResult Consulting Inc.

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE IN SUPPORT OF AN UNJUST ENRICHMENT CLAIM PREMISED ON PROPRIETARY INFORMATION to be served on the following person[s]:

| | |
|---|---|
| Devan V. Padmanabhan<br>Michelle E. Dawson<br>Britta S. Loftus<br>Paul J. Robbennolt<br>Erin O. Dungan<br>Sri K. Sankaran<br>Padmanabhan & Dawson, P.L.L.C.<br>45 South 7th Street, Suite 2315<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 444-3377<br>Facsimile: (612) 444-3195<br>devan@paddalawgroup.com<br>michelle@paddalawgroup.com<br>britta@paddalawgroup.com<br>paul@paddalawgroup.com<br>erin@paddalawgroup.com<br>sri@paddalawgroup.com | Paul B. Thanasides<br>Mary Ruth Thanasides<br>McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.<br>500 E. Kennedy Blvd., Suite 200<br>Tampa, FL 33602<br>Telephone: (813) 223-0000<br>paul@mcintyrefirm.com<br>mary@mcintyrefirm.com<br><br>Bartholomew B. Torvik<br>Torvik Law LLC<br>701 Main St. #204<br>Evanston, IL 60202<br>bart.torvik@torviklaw.com |

by CM/ECF electronically mailed notice from the Court on the date set forth below.

DATED October 1, 2021.

<i>s/ J. Matthew Donohue</i><br>
J. Matthew Donohue

1