UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT Payment Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CLEAResult Consulting, Inc., <br><br> Defendant. | Case No. 17-CV-8829 <br><br> Honorable Steven C. Seeger |

**PLAINTIFF NEXT PAYMENT SOLUTIONS, INC.'S MOTION FOR RULE 54(b) CERTIFICATION OF ITS COUNTS I AND IV**

Plaintiff NEXT Payment Solutions, Inc. ("NEXT") respectfully moves the Court for entry of final judgment of Counts I (misappropriation of trade secrets) and IV (unjust enrichment) under Federal Rule of Civil Procedure 54(b). The parties have met and conferred over a period of a couple of weeks. Finally, on July 6, 2023, CLEAResult's counsel informed NEXT's counsel that it will oppose the present motion. To the extent CLEAResult does oppose this motion, NEXT respectfully requests a reply to address any arguments raised by CLEAResult. NEXT also, by separate motion, moves for dismissal with prejudice of its Count II (breach of the CCI SOWs and Licenses), which CLEAResult does not oppose.

**INTRODUCTION**

The Court should enter Rule 54(b) judgment of NEXT's Counts I and IV because they are ready for appeal, and there is no reason to delay the appeal pending the outcome of the remaining issues in this case.

At the time of the recent pretrial conference, both parties believed that the Court's "hot-off-the presses" Order (Dkt. 572) left only unpaid invoices and the promissory estoppel claims left to try in this case. As the Court noted in its Order (Dkt. 576), based on that understanding of the parties, at the pretrial conference, "the parties jointly moved to vacate the trial date so that NEXT could pursue an appeal after the entry of judgement under Rule 54(b)." Id. at 1.

However, after a thorough review of the Court's Order (Dkt. 575), NEXT did not read the Order (Dkt. 572) to finally address several of the claims NEXT believed remained in the case. Accordingly, NEXT did not believe that a Rule 54(b) motion was appropriate, because there would be substantial overlap between the claims that had been dismissed at that point and the claims that NEXT believed still remained in the case. NEXT explained this to the Court in the parties' Joint Status Report (Dkt. 575).

In response to the Joint Status Report, the Court clarified that the only issues that remain in the case are the unpaid invoices and the promissory estoppel claims. Accordingly, NEXT understands the parties now to be in the exact position it had thought the parties were in at the time of the pretrial conference, and thus, NEXT requests certification under Rule 54(b) of its Counts I and IV. NEXT also by separate motion seeks

dismissal with prejudice of its Count II, in accordance with the Parties' updated version of the joint status report (Dkt. 579) and the Court's subsequent Minute Entry (Dkt. 580).

## **LEGAL STANDARD**

The District Court, pursuant to Federal Rule of Civil Procedure 54(b), is empowered to direct entry of a final judgment as to one or more, but fewer than all, of the claims in a case if it determines that "there is no just reason for delay." *See* also *Pryor v. Corrigan*, Slip Copy (2022), 2022 WL 1607395 *6, Case No. 17-cv-1968 (May 20, 2022), citing Fed. R. Civ. P. 54(b). "The Supreme Court has established a two-step process for determining whether to enter judgment under Rule 54(b): (1) the Court must determine whether the judgment is "final"; and (2) the Court must decide whether there is any just reason for delay." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 883 F.Supp.2d 772, 780 (N.D. Ill. 2012) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)), rev'd on other grounds, 728 F.3d 1309 (Fed. Cir. 2013). A judgment is "final" where it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Trading Techs.*, 883 F.Supp.2d at 780. (citing *Catlin v. U.S.*, 324 U.S. 229, 233 (1945)).

"Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Pryor v. Corrigan*, Slip Copy (2022), 2022 WL 1607395 *7, Case No. 17-cv-1968 (May 20, 2022) (citing *Toyo Tire Corp. v. Atturo Tire Corp.*, 2021 WL 1853310, at *2 (N.D. Ill. 2021) (quoting *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 940 (7th Cir. 2005)). The Seventh

3

Circuit made clear that "[i]t is not enough to resolve something that is designated as a separate claim, if other aspects of the case involve the same underlying subject matter. The claim resolved must dispose of a distinct issue; only then will there be 'no just reason for delay' in the appellate process." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017)

## ARGUMENT

The Court should enter final judgment of NEXT's Counts I and IV, because they are "final" and there is no just reason for delay.

 A. **The Judgment is Final with Respect to Counts I and IV**

The first step of the Rule 54(b) analysis is met because there is nothing left for the Court to do with respect to NEXT's Count I (misappropriation of trade secrets under 18 U.S.C. § 1839 (3)), or NEXT's Count IV (unjust enrichment).

- On May 31, 2020, the Court entered partial summary judgment dismissing NEXT's Count I (misappropriation of trade secrets). Dkt. 431.

Thus, the Court's ruling on Count I, NEXT's trade secret misappropriation claim is final.

- On April 17, 2023, the Court 's Order on CLEAResult's motion to exclude argument or evidence on an unjust enrichment claim premised on proprietary information (Dkt. 460, filed 9/8/21) ruled that NEXT's Court IV (unjust enrichment) did not include unjust enrichment based on proprietary information. Dkt. 572.

- On May 15, 2023, the Court Ordered that NEXT's Count II (breach of the CLEAResult SOWs and Licenses) is limited to the amount of the unpaid

4

invoices for approximately $ 230,000, and that NEXT does **not** have a claim under Count II that includes the value of the contract as applied to each client and/or program that has used DSMTracker that has incorporated the FAST technology. Dkt. 576 at 11 ("And NEXT *doesn't* have a sweeping breach of contract claim (with a tag-along unjust enrichment in the alternative) separate form the unpaid invoices.") (emphasis in original).

- On May 15, 2023, the Court Ordered that NEXT's unjust enrichment claim was limited to unpaid invoices for a total of approximately $ 230,000, if the SOWs are determined not to be express contracts. (Dkt. 576).

Thus, with regard to Court IV (Unjust Enrichment), the Court's judgment is final that NEXT's unjust enrichment claim: (1) **does not** include unjust enrichment based on the value of trade secrets or proprietary information; (2) **nor** does it include unjust enrichment in the event that the SOWs are not express contracts that include damages similar to damages alleged by NEXT associated with its claim for unjust enrichment based on proprietary information. As the Court held, "NEXT *doesn't* have an unjust enrichment claim about the value of trade secrets or proprietary information. . . . And NEXT *doesn't* have a sweeping breach of contract claim (with a tag-along unjust enrichment in the alternative) separate from the unpaid invoices." Dkt. 576 at 11 (emphasis in original).

The Court's ruling on NEXT's unjust enrichment Count also finally disposes of NEXT's Count III ("Breach of the MSA"), because as NEXT explained to the Court "NEXT has always seen that as part of the unjust enrichment claim based on proprietary information, i.e., to the extent that CLEAResult argues that the misuse of NEXT's

5

proprietary information is a breach of an express contract, specifically the MSA, then the MSA's terms would apply. NEXT does not intend to try that claim separately, but rather only in response to CLEAResult's arguments to the unjust enrichment claim based on proprietary information that has now been dismissed." Dkt. 575 at 3.

### B. There is No Just Reason for Delay Because there Is No Substantial Overlap Between the Adjudicated and Unadjudicated Claims

The Court should direct the entry of judgment of Counts I and IV under Rule 54(b) because there is no just reason for delay.

Rule 54(b) judgment is appropriate because there is not substantial overlap between the claims that are finally decided and the claim that remains in the case – Count V (promissory estoppel). NEXT's promissory estoppel claim is premised on services NEXT provided CLEAResult that CLEAResult has refused to pay for, totaling $350,000. ("NEXT has a promissory estoppel claim (Count V). The claim is limited to $350,000 in damages. See 10/1019 Joint Status Report, at 2 (Dkt. No. 407). . ."). Dkt. 576 at 11.

NEXT's dismissed trade secret claims, and NEXT's unjust enrichment claims arise out of entirely different facts and events than the facts and events that give rise to NEXT's promissory estoppel claim. Neither NEXT's dismissed trade secret claim, nor its unjust enrichment claim seek damages for the failure of CLEAResult to pay for NEXT's work for which it seeks damages under promissory estoppel. The SOWs and related testimony and evidence that are integral to NEXT's unjust enrichment count are not relevant to NEXT's promissory estoppel claim. The work that was performed by NEXT related to the promissory estoppel claim is limited to "developing (1) autorouting software which

6

accounts for $251,000; (2) security upgrade, which accounts for $84,000; and (3) CE recycling API for Recliem and mobile app, which accounts for $15,000." Dkt. 515, Ex. B at 6 (NEXT's Itemization of Damages included in the Parties' Pretrial Order).

The dismissed trade secret and unjust enrichment claims necessarily include CLEAResult's deliberate misuse of NEXT's trade secrets and proprietary information in order to copy that information into its own software so that CLEAResult would not have to pay NEXT for what it bargained for. Evidence and testimony related to CLEAResult's intentional misuse of NEXT's technology would only be mentioned by NEXT in response to an argument CLEAResult raises. At this time, NEXT is not aware of an defense CLEAResult may raise that would require it to explain to a jury the copying of NEXT's software by CLEAResult. In any event, even if this is necessary, it will not require anything close to the extensive testimony and evidence required to try the trade secret and unjust enrichment claims that have now been dismissed from the case. The Federal Circuit has explained that the "Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case." *W.L. Core & Assocs. V. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 864 (Fed. Cir. 1992).

NEXT will meet its burden of proof on its promissory estoppel claim with facts that do not overlap with the trade secret or unjust enrichment claims. Barring the potential small degree of overlap that may occur because of CLEAResult raising an issue at trial of which NEXT is currently unaware, the facts and events underlying the disposed of trade

7

secret and unjust enrichment claims and the remaining promissory estoppel claim are distinct.

Rule 54(b) judgment is also appropriate because adjudication of the remaining promissory estoppel count in this case will not moot any issues in NEXT's appeal. In short, the factors weigh in favor of entry of Rule 54(b) judgment.

## CONCLUSION

For the foregoing reasons, NEXT respectfully requests that the Court enter judgment under Rule 54(b) for NEXT's Counts I and IV.

Respectfully Submitted,

Dated: July 7, 2023

*/s/Devan V. Padmanabhan*
Devan V. Padmanabhan (admitted pro hac vice)
Michelle E. Dawson (admitted pro hac vice)
Britta S. Loftus (admitted pro hac vice)
Paul J. Robbennolt (admitted pro hac vice)
Erin O. Dungan (admitted pro hac vice)
Sri K. Sankaran (admitted pro hac vice)
Padmanabhan & Dawson, P.L.L.C.
45 South 7th Street, Suite 2315
Minneapolis, Minnesota 55402
Telephone: (612) 444-3377
Facsimile: (612) 444-3195
devan@paddalawgroup.com
michelle@paddalawgroup.com
britta@paddalawgroup.com
paul@paddalawgroup.com
erin@paddalawgroup.com
sri@paddalawgroup.com

Bartholomew B. Torvik
Torvik Law LLC
701 Main St. #204
Evanston, IL 60202
Bart.torvik@torviklaw.com
Tel: (847) 986-8568
Fax: (312) 264-0852

Paul B. Thanasides
Mary Ruth Thanasides
McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
(813) 223-0000
paul@mcintyrefirm.com

*Attorneys for Plaintiff NEXT Payment Solutions, Inc.*