UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

NEXT Payment Solutions Inc.
         Plaintiff,

v.                 Case No.: 1:17−cv−08829
                 Honorable Steven C. Seeger

CLEAResult Consulting, Inc.
         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, January 2, 2024:

  MINUTE entry before the Honorable Steven C. Seeger: Plaintiff NEXT Payment Solutions's motion for entry of judgment under Rule 54(b) as to Count I (misappropriation of trade secrets) and Count IV (unjust enrichment) (Dckt. No. [582]) is hereby denied. The Court assumes familiarity with the long procedural history, which this Court summarized in two lengthy orders last year. See 4/17/23 Order (Dckt. No. [572]); 5/15/23 Order (Dckt. No. [576]); see also 2/27/19 Mem. Opin. & Order (Dckt. No. [285]); 5/31/20 Mem. Opin. & Order (Dckt. No. [431]). Basically, NEXT seeks the entry of judgment on the trade secret and unjust enrichment claims (Counts I and IV), before going to trial on the promissory estoppel claim (Count V). Rule 54(b) provides that a district court "may" direct the entry of final judgment as to "one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." See Fed. R. Civ. P. 54(b); see also Rankins v. Sys. Sols. of Kentucky, LLC, 40 F.4th 589, 592 (7th Cir. 2022); King v. Newbold, 845 F.3d 866, 867 (7th Cir. 2017). CLEAResult opposes the motion on several grounds. For starters, CLEAResult argues that this Court did not fully dispose of the unjust enrichment claim (Count IV), so this Court cannot enter judgment on that claim at all. Instead, as CLEAResult understands the lay of the land, this Court simply ruled that the unjust enrichment claim does not include the value of trade secrets or proprietary information. See 4/17/23 Order (Dckt. No. [572]). In its view, the Court did not dispose of the other branch of the unjust enrichment claim, meaning the theory about the three unpaid invoices. That is, as CLEAResult see is, the Court trimmed the unjust enrichment claim, but did not entirely pull the plug on the claim, either. In response, NEXT puts forward the view that nothing is left on the unjust enrichment claim. NEXT seems to believe that the agreed dismissal of the breach−of−contract claim (Count II) on July 10, 2023 necessarily (but silently) knocked out everything that is left on the unjust enrichment claim (Count IV) regarding the three unpaid invoices. See Pl.'s Resp., at 2 (Dckt. No. [586]) ("On July 10, 2023, the Court dismissed with prejudice NEXT's breach of contract claim, necessarily including the alternative unjust enrichment theory that was linked to the breach of contract claim. Accordingly, NEXT's unjust enrichment claim has been disposed of in its entirety, including NEXT's claim for unjust enrichment that was tied to its breach of contract claim. Thus, contrary to CLEAResult's contention, everything in this case has been finally disposed of save for NEXT's promissory estoppel claim."); see also id. at 1−2 (conflating the unjust enrichment claim, which is Count IV, with the

breach of contract claim, which is Count II) ("The Court has finally disposed of NEXT's Count I (trade secret misappropriation) and Count II (unjust enrichment)....On July 10, 2023, the Court finally disposed of NEXT's unjust enrichment claim in its entirety with the Court's Order dismissing Count II with prejudice."). Once again, NEXT seems to be shifting gears, changing theories, blurring lines, and generating confusion. See, e.g., 5/15/23 Order, at 7 (Dckt. No. [576]) ("NEXT has changed its mind, and wants to go to trial after all. And now, it believes that three claims remain in the case. But when it describes the unjust enrichment claim, NEXT goes off the rails. It isn't an unjust enrichment claim limited to the unpaid invoices. Instead, it is a sprawling new theory, combining unjust enrichment and breach of contract."); 4/27/23 Order, at 2 (Dckt. No. [572]) ("NEXT appears to have reconfigured, recycled, and renamed its now–dismissed trade secrets theory of unjust enrichment as a proprietary information theory."). This Court has already issued two lengthy opinions on the unjust enrichment claim. See 4/17/23 Order (Dckt. No. [572]); 5/15/23 Order (Dckt. No. [576]). In its most recent order, this Court summarized the claims that remain in the case. And importantly, this Court stated that "NEXT has an unjust enrichment claim about the work performed by NEXT on those invoices (Count IV)." See 5/15/23 Order, at 10. True, Plaintiff NEXT later agreed to drop the breach of contract claim (Count II), and this Court entered summary judgment on that claim in favor of Defendant CLEAResult, and did so by agreement. See 7/10/23 Order (Dckt. No. [583]). But this Court did not understand that Plaintiff was abandoning what's left of the unjust enrichment claim, too (meaning Count IV). Plaintiff's motion about abandoning the breach of contract claim (Count II) didn't mention anything about abandoning the remainder of the unjust enrichment claim. See Pl.'s Unopposed Mtn. to Enter Partial Summary Judgment of Dismissal on Count II (Dckt. No. [581]). If Plaintiff is abandoning anything and everything that is left on the unjust enrichment claim (meaning any part of an unjust enrichment claim, apart from a theory that depends on the existence of trade secrets or proprietary information), then NEXT must say so, expressly and unequivocally. Putting all of that aside, that wind–up is a perfect illustration of why piecemeal appeals wouldn't make sense in this long–running case. Taking a step back, a district court should enter final judgment on some, but not all, of the claims only if the court is convinced that the remaining claims are sufficiently separate from the claims that would get appealed in the meantime. And here, given the track record and the tortured procedural history, which can only be described as a "long and winding road," the Court is not convinced that the remaining claims are sufficiently separate to justify an immediate appeal. See 5/15/23 Order, at 2 (Dckt. No. [576]). That is, the Court is not convinced that an immediate appeal of half a loaf would save anything at the end of the day, from an administrative or judicial resources standpoint. In all likelihood, an immediate appeal would add costs, create uncertainty, spur confusion, and lengthen a road that is already too long. See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 518 F.3d 459, 464 (7th Cir. 2008) (recognizing the interest in "spar[ing] the court of appeals from having to keep relearning the facts of a case on successive appeals"); Curtis–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (recognizing that a district court "must take into account judicial administrative interests as well as the equities involved"). There is too much risk of factual overlap, especially when it comes to NEXT's promissory estoppel and unjust enrichment claims. Untangling the spaghetti is a difficult enterprise. The situation at hand is especially fraught given Plaintiff's history of trying to repackage theories and resurrect claims that this Court has already trimmed or dismissed. See, e.g., 5/15/23 Order, at 8 (Dckt. No. [576]) ("By all appearances, NEXT is having a difficult time taking 'no' for an answer, and is trying to bring back a theory of liability and a sweeping theory of damages that this Court has already rejected."). And on top of it all, the motion for entry of judgment under Rule 54(b) comes late in the game. See King v. Newbold, 845 F.3d 866, 868 (7th Cir. 2017) (discussing the timeliness of a Rule 54(b) motion). The motion is largely about a summary judgment decision about the non–existence of trade secrets that this Court issued in May

2020, more than three years before Plaintiff filed the motion for entry of judgment under Rule 54(b). The motion is especially late considering that the Court was only a few weeks from trial in April 2023, when the parties jointly moved to vacate the May 2023 trial date. The fact that this Court later addressed what's left of the unjust enrichment claim (in May 2023) is no excuse for waiting so long to seek an early appeal of a summary judgment decision in 2020. Overall, a district court has substantial discretion on when to green–light an early appeal through the entry of judgment under Rule 54(b). And here, after surveying the lay of the land, the Court is convinced that an early appeal would move the ball in the wrong direction. Motion denied. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.